Marc B. Zimmerman
Kathryn T. Lundy
FREEBORN & PETERS LLP
1155 Avenue of Americas, 26th Floor
New York, NY 10036
(212) 218-8760
*Attorneys for Defendants Hotel 57 Services, LLC*
*Hotel 57, LLC, Ty Warner Hotels & Resorts, LLC*
*and H. Ty Warner*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
SELENA STALEY, VIVIAN HOLMES, and OLIVE :
IVEY, on behalf of themselves and all others similarly :
situated, :
: Case No.: 22-CV-6781 (JSR)
Plaintiffs, :
:
v. : **DECLARATION OF**
: **CATHY HWANG**
FOUR SEASONS HOTELS AND RESORTS, :
HOTEL 57 SERVICES, LLC, HOTEL 57, LLC, TY :
WARNER HOTELS & RESORTS, LLC, and H. TY :
WARNER, :
:
Defendants. :
------------------------------------------------------------- X

I, Cathy Hwang, pursuant to 28 U.S.C. § 1746, state and declare as follows:

1. I am the Vice President for defendant Hotel 57 Services, LLC ("Hotel 57") and respectfully submit this declaration in support of Defendants Hotels 57 Services, LLC, Hotel 57, LLC, Ty Warner Hotels & Resorts, LLC and H. Ty Warner's (collective the "Warner Defendants") motion for an Order: (1) compelling Plaintiffs Selena Staley ("Staley"), Vivian Holmes ("Holmes") and Olive Ivey ("Ivey", together with Staley and Holmes, the "Plaintiffs") to arbitrate their claims alleged in the Complaint against the Warner Defendants; (2) dismissing the class claims alleged in the Complaint; (3) staying this action pending the outcome of arbitration;

and (4) for such other and further relief as the Court deems just and proper. I am fully familiar with the facts set forth herein.

2. I have personal knowledge of Hotel 57's business operations including, but not limited to, how it collects and maintains employment records.

3. In connection with their employment with Hotel 57, and consistent with Hotel 57's standard practice, each of the Plaintiffs received a copy of the U.S. EmPact Employee Handbook for The Four Seasons Hotel New York (the "EmPact Agreement"). A true and correct copy of the EmPact Agreement, effective February 2018, is annexed hereto as Exhibit A.

4. The EmPact Agreement sets forth the terms and conditions of Plaintiffs' employment with Hotel 57, and includes a detailed employee complaint resolution procedure titled "Complaint, Arbitration & Review For Employees ("C.A.R.E.") which includes a mandatory mediation/arbitration agreement and a waiver of any right Plaintiffs might otherwise have to submit claims as part of a class or collective action in court or at arbitration. *See* Exhibit A, pp. 55-62 ("C.A.R.E.").

5. Staley signed the EmPact Agreement on or about June 8, 2011 and signed updated versions of the EmPact Agreement in or about 2015 and 2018. True and correct copies of Staley's signature pages of the EmPact Agreement are collectively annexed hereto as Exhibit B. The EmPact Agreement annexed hereto as Exhibit A is the version that Staley signed in or about 2018.

6. Based on information provided to me by Four Seasons and my knowledge of Four Seasons' practices, it is my understanding that Staley was permitted to spend as much time as she wanted to review the EmPact Agreement prior to signing it and had the opportunity to ask questions about, and clarify points contained in, the EmPact Agreement, including C.A.R.E.

Staley also was afforded the opportunity to "opt out" of C.A.R.E. and the mandatory mediation/arbitration agreement and class and collective action waiver therein, and declined to do so. *See* Exhibit A at p. 62.

7. Holmes signed the EmPact Agreement in or about March 1998 and signed an updated version in 2018. True and correct copies of Holmes' signature pages of the EmPact Agreement are collectively annexed hereto as Exhibit C. The EmPact Agreement annexed hereto as Exhibit A is the version that Staley signed in 2018.

8. Based on information provided to me by Four Seasons and my knowledge of Four Seasons' practices, it is my understanding that Holmes was permitted to spend as much time as she wanted to review the EmPact Agreement prior to signing it and had the opportunity to ask questions about, and clarify points contained in, the EmPact Agreement, including C.A.R.E.. Holmes also was afforded the opportunity to "opt out" of C.A.R.E. and the mandatory mediation/arbitration agreement and class and collective action waiver therein, and declined to do so. *See* Exhibit A at p. 62.

9. Ivey signed the EmPact Agreement in or about October 1997 and signed an updated version in or about 2018. True and correct copies of Ivey's signature pages of the EmPact Agreement are collectively annexed hereto as Exhibit D. The EmPact Agreement annexed hereto as Exhibit A is the version that Staley signed in 2018.

10. Based on information provided to me by Four Seasons and my knowledge of Four Seasons' practices, it is my understanding that Ivey was permitted to spend as much time as she wanted to review the EmPact Agreement prior to signing it and had the opportunity to ask questions about, and clarify points contained in, the EmPact Agreement, including C.A.R.E.. Ivey also was afforded the opportunity to "opt out" of C.A.R.E. and the mandatory

mediation/arbitration agreement and class and collective action waiver therein, and declined to do so. *See* Exhibit A at p. 62.

11. The EmPact Agreement requires Plaintiffs to submit to the C.A.R.E. claims procedure for employment-related claims, and Plaintiffs therefore acknowledged the following:

> Although I am aware that most problems and complaints can be settled promptly by discussion of the facts between my supervisor and me, the Hotel and I recognize the need for a system that will ensure that more substantial disputes are fully heard and fairly decided.
>
> * * *
>
> [T]he Four Seasons Hotel New York has developed a procedure to assure that problems and complaints are resolved in this fashion.

*See* Exhibit A at p. 55.

12. C.A.R.E. sets forth a dispute resolution procedure including a discussion with a supervisor, a written complaint to the Human Resources Officer, and an appeal to the General Manager, before submitting a claim to mandatory mediation/arbitration:

> **MEDIATION/ARBITRATION**. If I am not satisfied with [prior resolution of a written complaint] and the complaint is based on one of the following types of claims as defined by law:
> a. employment discrimination;
> b. harassment as it related to my employment;
> c. a wage or hour violation;
> d. or termination of my employment from the Hotel (including "constructive discharge", but not a permanent layoff;
> then I must submit my complaint to be heard by an independent mediator/arbitrator unless I have chosen to opt out of the mediation/arbitration provisions.

*See* Exhibit A at p. 55.

13. By signing, and not opting out of, the EmPact Agreement, each of the Plaintiffs explicitly agreed to arbitrate any dispute they may have relating to termination of their employment. Specifically, the agreement stated:

4

> Unless I have exercised my right to opt out, use the mediation/arbitration procedure described in C.A.R.E. as the exclusive method of resolving any dispute I may have relating to termination of my employment (including constructive discharge) and/or claims of employment discrimination, harassment, or wage/hour violations.

*See* Exhibits B (Staley), C (Holmes), D (Ivey).

14. By signing, and not opting out of, the EmPact Agreement, each of the Plaintiffs also separately and explicitly agreed to waive the right to bring or participate in a class or collective action (in court or arbitration) for employment-related claims. The EmPact Agreement provides:

> Waiver of Right to Submit Claim as Part of Class or Collective Action. To the extent permitted by law, I understand that if I do not opt out of the mediation/arbitration provision of CARE, I waive my right to have my claims submitted as part of a class or collective action in court (whether I initiate a claim or I am invited to join a class or collective action), and I waive my right to have my claims submitted as part of a class arbitration. This waiver shall not affect or diminish the substantive remedies that I may be awarded by an arbitrator.

*See* Exhibit A at pp. 56-57.

15. For the reasons set forth herein and in the accompanying Memorandum of Law in Support of the Warner Defendants' Motion to Compel Arbitration, Dismiss Class Claims and to Stay Action, together with Kathryn T. Lundy, Esq.'s Declaration dated November 15, 2022, the Warner Defendants' Motion should be granted, in its entirety.

16. I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 15, 2022

By: *Cathy Hwang*
CATHY HWANG
Vice President