UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SELENA STALEY, VIVIAN HOLMES, and OLIVE IVEY, on behalf of themselves and all others similarly situated,
Plaintiffs,

-against- No. 22-cv-6781

FOUR SEASONS HOTELS AND RESORTS, HOTEL 57 SERVICES, LLC, HOTEL 57, LLC, TY WARNER HOTELS & RESORTS LLC, and H. TY WARNER,

Defendants.
-------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FSR INTERNATIONAL HOTELS INC.'S MOTION TO COMPEL ARBITRATION, DISMISS CLASS CLAIMS, AND STAY ACTION**

**STOKES WAGNER, ALC**
Paul Wagner
John Hunt
903 Hanshaw Road
Ithaca, New York 14850
(607) 257-5165

*Attorneys for Defendant,*
*FSR International Hotels Inc.*
*(incorrectly sued as Four Seasons Hotels and Resorts)*

# TABLE OF CONTENTS

**INTRODUCTION** .......... **1**

**BACKGROUND** .......... **2**

**ARGUMENT** .......... **3**

THE STANDARD OF REVIEW .......... 3

THE PLAINTIFFS ARE EQUITABLY ESTOPPED FROM REFUSING TO ARBITRATE, BECAUSE THEIR CLAIMS DERIVE FROM THE ARBITRATION AGREEMENT ITSELF .......... 4

THE ARBITRATION AGREEMENT IS VALID AND ENFORCEABLE .......... 5

THE CLASS ACTION WAIVER IS LIKEWISE ENFORCEABLE .......... 7

THE PLAINTIFFS' WARN ACT CLAIMS MUST ALSO BE ARBITRATED .......... 8

THIS LITIGATION SHOULD BE STAYED WHILE THE PARTIES ARBITRATE .......... 10

**CONCLUSION** .......... **13**

# TABLE OF AUTHORITIES

## CASES

*Acquaire v. Canada Dry Bottling*, 906 F. Supp. 819, 838 (E.D.N.Y. 1995) ................................ 11

*AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 343 (2011) .................................................. 5

*AT&T Techs., Inc. v. Commc'ns Workers of Am*., 475 U.S. 643, 650 (1986) ............................... 6

Bar-Ayal v. Time Warner Cable Inc., No. 03 Civ. 9905, 2006 WL 2990032, at *16 (S.D.N.Y. Oct. 16, 2006) ............................................................................................................ 8

*Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir.2003) .......................................................... 3

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ........................................................................ 3

*Cf. Mercury W. A.G., Inc. v. R.J. Reynolds Tobacco Co.*, 2004 WL 421793, at *5 (S.D.N.Y. Mar. 5, 2004) ........................................................................................................................ 7

*Champion Auto Sales, LLC v. Polaris Sales Inc.*, 943 F. Supp. 2d 346, 351 (E.D.N.Y. 2013) ..... 3

*Choctaw Generation Ltd. P'ship v. Am. Home Assur. Co.*, 271 F.3d 403, 404 (2d Cir. 2001)...... 5

*Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir. 1995)........................... 9

*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)..................................................... 6

*Deloitte Noraudit A/S v. Deloitte Haskins & Sells, U.S.*, 9 F.3d 1060, 1064 (2d Cir. 1993).......... 5

*Doctor's Assoc., Inc. v. Casarott*o, 517 U.S. 681, 687 (1996) ..................................................... 5

*Epic Systems v. Lewis*, 584 U.S. __, 138 S.Ct. 1612, 1623 (2018)................................................ 8

*Gen. Media, Inc. v. Shooker*, No. 97 CIV. 510 (DAB), 1998 WL 401530, at *11 (S.D.N.Y. July 16, 1998) ...................................................................................................................... 11

*Gen. Textile Printing & Processing Corp. v. Expromtorg Int'l Corp.*, 891 F. Supp. 946, 954-955 (S.D.N.Y. 1995)............................................................................................................... 11

*Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 856 (2d Cir. 1987) ...................................... 11

*Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000)........................................ 3

*Howsam v. Dean Witter Reynolds, Inc*., 537 U.S. 79, 84 (2002).................................................. 5

*Medidata Sols., Inc. v. Veeva Sys. Inc*., 748 F. App'x 363, 366 (2d Cir. 2018) ............................ 5

*Mehler v. Terminix Int'l Co. L.P.*, 205 F.3d 44, 49 (2d Cir. 2000)................................................ 9

*Meridian Autonomous Inc. v. Coast Autonomous LLC*, No. 17-CV-5846 (VSB), 2020 WL 496078, at *2 (S.D.N.Y. Jan. 30, 2020)........................................................................... 5

Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628 (1985)............... 13

*Nayal v. HIP Network Servs. IPA, Inc.*, 620 F. Supp. 2d 566, 573 (S.D.N.Y. 2009)..................... 8

*Oppenheimer & Co. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir.1995) .............................................. 3

*Princeton Pike Park, Inc. v. High-Tec, Inc.*, 1990 WL 96755, at *6 (S.D.N.Y. July 3, 1990) ...... 7

*Ryan v. JPMorgan Chase & Co.*, 924 F. Supp. 2d 559, 561 ........................................................ 3

*Shaw v. Hornblower Cruises & Events, LLC,* No. 21 CIV. 10408 (VM), 2022 WL 16748584, at *6 (S.D.N.Y. Nov. 7, 2022) .................................................................................... 9

*Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 97-98 (2d Cir. 1999)................................................................................................... 5

*Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 664 (2010)................................ 7, 8

*Thomson-CSF, S.A. v. Am. Arb. Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995) .................................. 4, 5

Tsadilas v. Providian Nat'l Bank, 13 A.D.3d 190, 786 N.Y.S.2d 478, 480 (1st Dep't 2004)........ 8

*Viking River Cruises, Inc. v. Moriana*, __ U.S. __, 142 S.Ct. 1906 (June 15, 2022) ..................... 8

Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ. 489 U.S. 468, 479 (1989)................................................................................................... 7

*Westcode, Inc. v. Mitsubishi Elec. Corp.*, No. 315CV1474MADDEP, 2016 WL 3748082, at *3 (N.D.N.Y. July 11, 2016).................................................................................... 9

*WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 74 (2d Cir. 1997)................................................ 10

**STATUTES**

29 U.S.C. § 2101 *et seq*........................................................................................................ 8, 11

9 U.S.C. § 1 et seq................................................................................................................. 3, 10

Fed.R.Civ.P. 56(c) ........................................................................................................................ 3

New York Labor Law § 860 *et seq.*......................................................................................... 8, 11

## INTRODUCTION

The Complaint alleges that the defendants FSR International Hotels Inc. (incorrectly sued as "Four Seasons Hotels and Resorts", hereinafter referred to as "FSR") and various companies owned or controlled by Ty Warner, were joint employers and in that capacity have kept the Four Seasons Hotel New York (the "Hotel") closed while failing to pay the plaintiffs and the class WARN Act violation penalties and separation pay that they are allegedly owed under a proprietary employment contract called EmPact. The Complaint makes claims against all defendants under the federal and New York WARN Acts, against FSR for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing, and against the Ty Warner defendants for Tortious Interference with Contract, specifically EmPact.

The plaintiffs' primary claim against defendant FSR is that FSR owes them damages due to its alleged breach of EmPact. EmPact, which was voluntarily signed by the plaintiffs, includes an enforceable arbitration agreement and class action waiver.

The plaintiffs are equitably estopped from seeking to enforce against FSR that part of the contract that they allege entitles them to damages, while at the same time refusing to comply with the part of the contract that requires them to arbitrate their claims on an individual basis. FSR hereby moves that this Court compel the plaintiffs to arbitrate their claims, dismiss the class allegations, and stay this action pending arbitration.

FSR also supports and joins the Ty Warner defendants' Motion to Compel Arbitration, to Dismiss Class Allegations, and to Stay Action, Dkts. 29-31, filed on November 15, 2022.

**BACKGROUND**

FSR and defendant Hotel 57, LLC, are parties to a hotel management agreement, which governs the operation of the Hotel. *See* Declaration of Antoine Chahwan at ¶ 3. The employees of the Hotel, including the plaintiffs herein, are employed by defendant Hotel 57 Services, LLC, a wholly-owned subsidiary of Hotel 57, LLC. FSR is neither a member nor manager of either Hotel 57, LLC or Hotel 57 Services, LLC. Chahwan Decl. at ¶¶ 4,5.

The plaintiffs in this case signed individual employment contracts – known as "EmPact" – with their employer Hotel 57 Services, LLC. FSR is not a party to the plaintiffs' EmPact agreements. Chahwan Decl. at ¶ 6. An employee who "opts in" to EmPact agrees to arbitrate employment-related disputes and waives the right to bring class or collective actions. In exchange, the employer Hotel 57 Services, LLC is likewise bound to arbitrate disputes arising out of the employee's employment or discharge and agrees to bear nearly all the costs of any arbitration. Employees who opt in to EmPact can also qualify for no-fault separation pay. *See* Declaration of Cathy Hwang ("Hwang Decl."), dated November 15, 2022, Dkt. 30 (attached to the Ty Warner defendants' Motion to Compel Arbitration, to Dismiss Class Allegations, and to Stay Action), and Dkt. 30-1 at pp. 56-60.

Importantly, each of the plaintiffs was given the opportunity to opt out of EmPact. *See* Hwang Declaration, ¶¶ 6, 8, 10. The only thing an employee gives up by opting out of EmPact and its arbitration provision, aside from the right to arbitrate disputes with the employer bearing the costs, is the potential for separation pay. Dkt. 30-1 at p. 63.

All the named plaintiffs in this case have opted in to EmPact. *See* Hwang Decl. at ¶¶ 5, 7, 9 and Exhibits B, C, and D thereto. Indeed, as discussed in detail below, the plaintiffs have based their contract claims against FSR – and derivatively, their claim against the Ty Warner defendants

– on the separation pay provisions of EmPact, which apply only to employees who have opted into EmPact.

Even though FSR is not signatory to the EmPact agreements signed by the plaintiffs, the plaintiffs are equitably estopped from refusing to arbitrate their claims against FSR because they explicitly rely on EmPact in their Complaint and seek to recover damages against FSR under that contract.

**ARGUMENT**

A. The Standard of Review.

"In the context of motions to compel arbitration brought under the Federal Arbitration Act, the court applies a standard similar to that applicable for a motion for summary judgment." *Ryan v. JPMorgan Chase & Co.*, 924 F. Supp. 2d 559, 561 (S.D.N.Y. 2013), citing *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir.2003). Accordingly, the Court must grant a motion to compel arbitration if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. *Ryan, supra*, 924 F. Supp. at 561-562, citing Fed.R.Civ.P. 56(c) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Where "the party seeking arbitration has substantiated the entitlement [to arbitration] by a showing of evidentiary facts, the party opposing may not rest on a denial but must submit evidentiary facts showing that there is a dispute to be tried." *Champion Auto Sales, LLC v. Polaris Sales Inc.*, 943 F. Supp. 2d 346, 351 (E.D.N.Y. 2013), citing *Oppenheimer & Co. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir.1995). Confronted with a facially valid arbitration agreement, the burden is on the party opposing arbitration to demonstrate that the agreement is invalid, or the issue is otherwise non-arbitrable. *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000)

("[T]he party seeking to avoid arbitration bears the burden of establishing that Congress intended to preclude arbitration of the statutory claims at issue.").

Because the plaintiffs base most of their claims on their attempt to enforce the separation pay provisions of EmPact, they cannot avoid the arbitration provision and class waiver of that same agreement and must be compelled to arbitrate pursuant to that agreement.

B. The Plaintiffs Are Equitably Estopped from Refusing to Arbitrate, Because Their Claims Derive from the Arbitration Agreement Itself.

Although arbitration agreements cannot be so broadly construed as to encompass claims and parties that were not intended by the original contract, "[i]t does not follow, however, that under the [Federal Arbitration] Act an obligation to arbitrate attaches only to one who has personally signed the written arbitration provision." *Thomson-CSF, S.A. v. Am. Arb. Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995) (citation omitted). Estoppel can create a basis to require arbitration even with a non-signatory to the arbitration clause. For example, where someone has earned a benefit from a contract, they are estopped from avoiding the arbitration provision of that contract despite having never actually signed the agreement. *Thomson-CSF, S.A. v. Am. Arb. Ass'n*, 64 F.3d 773, 777 (2d Cir. 1995).

The Second Circuit has specifically confirmed that a non-signatory to an arbitration agreement can compel arbitration with a signatory when the issues the non-signatory is seeking to resolve in arbitration are intertwined with the agreement – in other words, the signatory party is estopped from refusing to abide by the arbitration agreement it signed where its legal theory relies on other provisions of the same agreement. Thus, where a non-signatory can show that the issues sought to be resolved in arbitration are 1) "intertwined with the agreement that the estopped party has signed" and 2) the "relationship among the parties … justifies a conclusion that the party which agreed to arbitrate with another entity should be estopped from denying an obligation to arbitrate

a similar dispute with the [non-signatory]", the signatory party is equitably estopped from refusing to arbitrate with the non-signatory moving party. *Meridian Autonomous Inc. v. Coast Autonomous LLC*, No. 17-CV-5846 (VSB), 2020 WL 496078, at *2 (S.D.N.Y. Jan. 30, 2020), quoting *Medidata Sols., Inc. v. Veeva Sys. Inc.*, 748 F. App'x 363, 366 (2d Cir. 2018) (summary order). *See also Thomson-CSF, supra*, 64 F.3d at 777, citing *Deloitte Noraudit A/S v. Deloitte Haskins & Sells, U.S.*, 9 F.3d 1060, 1064 (2d Cir. 1993) (where a company knowingly accepted the benefits of an agreement, it was estopped from denying its obligation to arbitrate under the agreement); *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 97-98 (2d Cir. 1999); *Choctaw Generation Ltd. P'ship v. Am. Home Assur. Co.*, 271 F.3d 403, 404 (2d Cir. 2001). Here, the plaintiffs explicitly base their claims against FSR on the provisions of EmPact, which include an arbitration agreement. Thus, if the arbitration agreement is valid and enforceable, the plaintiffs must abide by their agreement to arbitrate their claims against FSR, even though FSR did not sign the arbitration agreement.

C. <u>The Arbitration Agreement is Valid and Enforceable</u>.

In determining whether to compel arbitration, this Court must consider two gateway factors: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002). Moreover, arbitration agreements may be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 343 (2011) (internal quotation marks omitted), citing *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). The Federal Arbitration Act "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct

the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

It is well-established that a contract containing an arbitration clause gives rise to a presumption of arbitrability. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (citation omitted) ("An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.").

The plaintiffs' contract claims against FSR depend on the validity of EmPact, which includes the arbitration agreement. The Complaint acknowledges as much:

> 210. Prior to the Furlough Date, ***Plaintiffs*** and each of the members of the proposed Class had entered into ***valid contracts with Four Seasons and those contracts were still valid on the Furlough Date***.
>
> 211. ***The U.S. EmPact Employee Handbook was a valid contract between the Four Seasons and each of the Plaintiffs*** and each of the members of the proposed Class.
>
> 212. Plaintiffs and each of the members of the proposed Class had materially performed their contractual obligations.
>
> 213. Plaintiffs and each of the members of the proposed Class were each terminated from their employment for no-fault.
>
> 214. Plaintiffs and each of the members of the proposed Class are entitled to No-Fault Separation Pay.
>
> 215. Defendants Four Seasons have failed to pay Plaintiffs and each of the members of the proposed Class their No-Fault Separation Pay.

Complaint, ¶¶ 210-215 (emphasis added). The plaintiffs have thus asserted the enforceability of EmPact. Moreover, by bringing breach of contract claims against FSR, they have asserted that EmPact applies not only to Hotel 57 Services, LLC, the employing entity that was the actual signatory to the EmPact agreements, but also to FSR.

Under these circumstances, the plaintiffs cannot avoid arbitrating their claims against FSR in compliance with the arbitration provision of EmPact. They cannot pick and choose which elements of the EmPact agreement they want to abide by; either it is a valid contract or it is not. *Cf. Mercury W. A.G., Inc. v. R.J. Reynolds Tobacco Co.*, 2004 WL 421793, at *5 (S.D.N.Y. Mar. 5, 2004) ("To ignore the forum selection clause even though it is unambiguously set forth in the body of a binding contract between two corporations would be the unreasonable and unjust act. Not only would such a decision allow Mercury West to pick and choose which contract terms it wants enforced, it would deprive Reynolds of a bargained for benefit of the MPA."), citing *Princeton Pike Park, Inc. v. High-Tec, Inc.*, 1990 WL 96755, at *6 (S.D.N.Y. July 3, 1990). If it is a valid contract, then the plaintiffs bargained away their rights to litigate this matter in court and to represent a class or collective, in exchange (in part) for the separation pay that they claim is their due. It is for an arbitrator to decide whether the plaintiffs are in fact entitled to separation pay under the terms of EmPact in the circumstances of this case.

D. <u>The Class Action Waiver is Likewise Enforceable</u>.

The parties' agreement includes a valid class action waiver. "The FAA imposes certain rules of fundamental importance, including the basic precept that arbitration 'is a matter of consent, not coercion'," *Volt Information Sciences, Inc.* v. *Board of Trustees of Leland Stanford Junior Univ.* 489 U.S. 468, 479 (1989)." *See also Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 664 (2010). "[A] party may not be compelled under the FAA to submit to class arbitration

unless there is a contractual basis for concluding that the party ***agreed*** to do so." *Stolt-Nielsen, id.* (emphasis in original). This principle was recently affirmed by the Supreme Court in *Viking River Cruises, Inc. v. Moriana*, __ U.S. __, 142 S.Ct. 1906 (June 15, 2022), in which the Court held that an arbitration clause with a class action waiver must be enforced, overruling certain rulings by the California Supreme Court that rendered such clauses unenforceable for certain statutory claims. In *Viking River Cruises*, the Court ordered that the plaintiff be required to arbitrate her individual claim only and indicated that the class claims should be dismissed. "In the Court's judgment, the virtues Congress originally saw in arbitration, its speed and simplicity and inexpensiveness, would be shorn away and arbitration would wind up looking like the litigation it was meant to displace [if parties were required to engage in class arbitrations without their consent.]" *Epic Systems v. Lewis*, 584 U.S. __, 138 S.Ct. 1612, 1623 (2018).

Moreover, "[c]ourts applying New York law have uniformly held that class action waivers are not unconscionable." *Nayal v. HIP Network Servs. IPA, Inc.*, 620 F. Supp. 2d 566, 573 (S.D.N.Y. 2009), citing *Bar-Ayal v. Time Warner Cable Inc.*, No. 03 Civ. 9905, 2006 WL 2990032, at *16 (S.D.N.Y. Oct. 16, 2006), and *Tsadilas v. Providian Nat'l Bank,* 13 A.D.3d 190, 786 N.Y.S.2d 478, 480 (1st Dep't 2004), ("Under New York law, 'a contractual proscription against class actions ... is neither unconscionable nor violative of public policy'."). The Court should order the plaintiffs to arbitrate their claims against FSR, and to limit the scope of the arbitration to their individual claims.

E. The Plaintiffs' WARN Act Claims Must Also be Arbitrated.

The plaintiffs also make WARN Act claims, under both the federal and New York WARN Acts, against all parties as joint employers. These claims are likewise subject to arbitration. EmPact requires arbitration of "any dispute … ***relating to*** termination of [the plaintiff's]

employment". Dkt. 30, Hwang Decl. at ¶¶ 12, 13, and Exhibits A, B, C and D thereto (emphasis added). The threshold question for determining the applicability of an arbitration agreement is "whether the arbitration agreement [is] broad or narrow." *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir. 1995) (citation omitted). If the agreement contains a broad clause, "then there is a presumption that the claims are arbitrable." *Id*. The phrase "relating to" creates a broad authorization to arbitrate. *Id*. ("The clause in this case, submitting to arbitration '[a]ny claim or controversy arising out of or relating to th[e] agreement,' is the paradigm of a broad clause."). *See also Mehler v. Terminix Int'l Co. L.P.*, 205 F.3d 44, 49 (2d Cir. 2000) (arbitration agreement providing for arbitration of "any controversy or claim arising out of or [relating] to the Plan" was a classically broad arbitration clause); *Westcode, Inc. v. Mitsubishi Elec. Corp.*, No. 315CV1474MADDEP, 2016 WL 3748082, at *3 (N.D.N.Y. July 11, 2016) (agreement calling for arbitration of "Any disputes, controversies or claims arising out of this AGREEMENT or the PROJECT which may arise between the MEMBERS" was paradigmatically broad, citing *Collins, supra*); *Prudential Lines, Inc. v. Exxon Corp.*, 704 F.2d 59, 63-64 (2d Cir. 1983) ("If the arbitration clause is broad and arguably covers disputes concerning contract termination, arbitration should be compelled and the arbitrator should decide any claim that the arbitration agreement, because of substantive or temporal limitations, does not cover the underlying dispute.").

The plaintiffs' claims alleging WARN Act violations explicitly depend on their assertion that their employment has been terminated, as necessary to state a claim under the WARN Act. *See, e.g., Shaw v. Hornblower Cruises & Events, LLC*, No. 21 CIV. 10408 (VM), 2022 WL 16748584, at *6 (S.D.N.Y. Nov. 7, 2022) ("To state a claim under the federal WARN Act, a plaintiff must allege that: (1) he or she was employed by an 'employer' (2) who failed to provide at least 60 calendar days advance notice of (3) a 'plant closing' or a 'mass layoff' which resulted

in (4) an 'employment loss'."). The plaintiffs have repeatedly asserted in their Complaint that they suffered "termination" of their employment. *See, e.g.*, Complaint ¶¶ 4-5 (alleging failure to provide plaintiffs with "advance written notice of their termination of employment"); *id*. at ¶ 119 (plaintiffs did not receive any notice "that their employment would be terminated"); *id*. at ¶¶ 123, 124 (plaintiffs did not receive any notice "of their terminations of employment").[1]

EmPact requires arbitration of all claims relating to the employee signatory's termination of employment. The plaintiffs have thus effectively conceded that their WARN Act claims, which depend on their assertion that their employment has been terminated, are subject to arbitration under EmPact.

F. This Litigation Should be Stayed While the Parties Arbitrate.

Pursuant to the Federal Arbitration Act, this Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Thus, once it has been established that the parties entered into an enforceable arbitration agreement, a stay is required to allow for the arbitration. *Id.; see also WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 74 (2d Cir. 1997).

All the plaintiffs' claims are subject to arbitration, as shown above. But even if that were not the case, a stay would be required to allow for arbitration of the claims encompassed by the arbitration agreement, because those claims may determine the outcome of any other claims deemed non-arbitrable. "The decision to stay the balance of the proceedings pending arbitration is a matter largely within the district court's discretion to control its docket," and "[b]road stay orders are particularly appropriate if the arbitrable claims predominate the lawsuit and the

[1] In their Memorandum of Law, Dkt. 31, at pp. 12-13 and n.6, the Warner Defendants collect all or most of the Complaint's references to the "termination" of the plaintiffs' employment.

nonarbitrable claims are of questionable merit." *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 856 (2d Cir. 1987).

Regardless of the merit of any non-arbitrable claims, district courts routinely stay litigation pending arbitration when the matters to be arbitrated may have an impact on the non-arbitrable claims. *See, e.g., Acquaire v. Canada Dry Bottling*, 906 F. Supp. 819, 838 (E.D.N.Y. 1995) ("It appears at the very least that significant insight will be afforded the Court and the parties by the conduct and result of the arbitration, and that this insight will prove valuable in resolving the remaining claims."); *Gen. Textile Printing & Processing Corp. v. Expromtorg Int'l Corp.*, 891 F. Supp. 946, 954-955 (S.D.N.Y. 1995) ("Since the four claims against Expromtorg are arbitrable, proceeding with litigation against Razouvaev may impact upon the arbitration, whereas staying the entire proceedings will not greatly affect any federal interest."); *Gen. Media, Inc. v. Shooker*, No. 97 CIV. 510 (DAB), 1998 WL 401530, at *11 (S.D.N.Y. July 16, 1998) ("It is thus apparent to the Court that arbitration of the Internet agreement will likely provide significant insight, if not actually resolve, the claims arising out of the other contracts and directed towards other Defendants. Thus, the remainder of the claims, including the motion for arbitration of the pending cross claim, shall be stayed pending arbitration of the Internet agreement between GMI and Deluxe.").

A primary issue that impacts all the plaintiffs' claims is their employment status – whether or not their employment has been terminated affects both their rights under the federal and New York WARN Acts and whether they are entitled to no-fault separation pay under EmPact. This issue will therefore have to be resolved in arbitration of any of their claims. Thus, the arbitration will necessarily impact the other claims, and to litigate the claims separately would risk inconsistent outcomes. Because arbitration is designed to be more efficient than court litigation,

the result should be available to inform the progress of any non-arbitrable claims within a reasonable time period, so that the parties will not be prejudiced by waiting for the outcome of the arbitration.

## CONCLUSION

"By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum. It trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985). The parties agreed to arbitrate their disputes, and the plaintiffs agreed to waive class or collective actions. The Court should stay this litigation and enforce the parties' agreement to arbitrate their individual disputes.

Dated: New York, New York
November 28, 2022

**STOKES WAGNER, ALC**

*/s/ Paul E. Wagner*

Paul Wagner
John Hunt
903 Hanshaw Road
Ithaca, New York 14850
(607) 257-5165

*Attorneys for Defendant,*
*FSR International Hotels Inc.*
*(incorrectly sued as Four Seasons Hotels and Resorts)*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of the foregoing "MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FSR INTERNATIONAL HOTELS INC.'S MOTION TO COMPEL ARBITRATION, DISMISS CLASS CLAIMS, AND STAY ACTION" was electronically filed using the Court's CM/ECF system which will automatically send copies of same to counsel of record below:

**Evan Craig Brustein**
Brustein Law PLLC
299 Broadway
Ste 17th Floor
New York, NY 10007
212-233-3900
212-285-0531 (fax)
evan@brusteinlaw.com

*Counsel for Plaintiffs Selena Staley, Vivian Holmes, and Olive Ivey and the proposed Class*

**Maya Risman**
Risman & Risman, P.C.
299 Broadway
Ste Fl. 17
New York, NY 10007
212-233-6400
info@risman-law.com

*Counsel for Plaintiffs Selena Staley, Vivian Holmes, and Olive Ivey and the proposed Class*

**Kathryn Lundy**
Freeborn & Peters LLP
1155 Avenue of the Americas
Ste 26th Floor
New York, NY 10036
212-218-8760
212-218-8761 (fax)
klundy@freeborn.com

*Attorneys for Defendants Hotel 57 Services, LLC Hotel 57, LLC, Ty Warner Hotels & Resorts LLC and H. Ty Warner*

**Marc Brian Zimmerman**
Freeborn & Peters LLP
1155 Avenue of the Americas
Ste 26th Floor
New York, NY 10036
212-218-8760
212-218-8761 (fax)
mzimmerman@freeborn.com

*Attorneys for Defendants Hotel 57 Services, LLC Hotel 57, LLC, Ty Warner Hotels & Resorts LLC and H. Ty Warner*

Dated: November 28, 2022

**STOKES WAGNER, ALC**

*/s/ Paul E. Wagner*

______________________________

Paul Wagner
903 Hanshaw Road
Ithaca, New York 14850
(607) 257-5165
pwagner@stokeswagner.com

*Attorneys for Defendant,*
*FSR International Hotels, Inc.*
*(incorrectly sued as Four Seasons Hotels and Resorts)*