UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SELENA STALEY, VIVIAN HOLMES, and
OLIVE IVEY, on behalf of themselves and
all others similarly situated,
Plaintiffs,

-against-                                                                          No. 22-cv-6781

FOUR SEASONS HOTELS AND RESORTS,
HOTEL 57 SERVICES, LLC, HOTEL 57, LLC,
TY WARNER HOTELS & RESORTS LLC,
and H. TY WARNER,

Defendants.
--------------------------------------------------------X

**ANSWER OF DEFENDANT FSR INTERNATIONAL HOTELS INC.**
**(INCORRECTLY SUED AS "FOUR SEASONS HOTELS AND RESORTS")**

NY-2484651

Defendant FSR International Hotels Inc. (incorrectly sued as "Four Seasons Hotels and Resorts") (hereinafter referred to as "FSR"), submits the following Answer and Affirmative Defenses to the Complaint of Plaintiffs Selena Staley, Vivian Holmes, and Olive Ivey:

## NATURE OF THE ACTION

1.      Defendant FSR admits that Plaintiffs purport to bring this action under the statutes and doctrines referred to in paragraph 1 of the Complaint, denies that it has violated any of these laws, and denies it is liable to Plaintiffs in any respect.

2.      Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.  Upon information and belief, however, it admits that the Plaintiffs work at the Hotel and two of the three Plaintiffs and other Hotel employees were placed on furlough on or about March 20, 2020.  Defendant FSR denies all other allegations in paragraph 2 of the Complaint.

3.      Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.  Upon information and belief, however, it denies the allegations in paragraph 3 of the Complaint and also denies that the employment of the Plaintiffs or other similarly situated employees was terminated.  The allegation that "proper notice" was never given amounts to a legal conclusion to which no response is required, and is vague and unintelligible.  To the extent that any response is required, that allegation is denied.

4.      Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.  Upon information and belief, however, it denies the allegations in paragraph 4 of the Complaint and also denies that the employment of the Plaintiffs or other similarly situated employees was terminated.

5.      Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.  Upon information and belief, however, it denies the allegations in paragraph 5 of the Complaint and also denies that the employment of the Plaintiffs or other similarly situated employees was terminated.

6.      Denied.

7.      Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees and therefore does not owe them any pay.  The remaining allegations of this paragraph are denied.

8.      Denied.  Further answering, Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.

9.      Denied.  Further answering, this allegation is partially unintelligible.  Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.

10.      Denied.  Further answering, Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.

11.      Denied.

## JURISDICTION AND VENUE

12.      Denied.  The Plaintiffs are parties to arbitration agreements that require them to arbitrate their claims with Defendant FSR and the other defendants.

13.      Denied.  The Plaintiffs are parties to arbitration agreements that require them to arbitrate their claims with Defendant FSR and the other defendants.

14.      Denied.  The Plaintiffs are parties to arbitration agreements that require them to arbitrate their claims with Defendant FSR and the other defendants.

15.     Denied.  The Plaintiffs are parties to arbitration agreements that require them to arbitrate their claims with Defendant FSR and the other defendants.

## JURY TRIAL DEMAND

16.     Defendant FSR denies that Plaintiffs are entitled to a jury trial. Plaintiffs have signed agreements in which they agreed to arbitrate their claims and further waived any rights they may have to a jury trial.

## PARTIES

17.     Admitted, except that the last portion of the paragraph, alleging that Plaintiff Staley was "placed … on indefinite furlough of her employment on or about March 20, 2020, resulting in her permanent layoff" is denied.

18.     Admitted, except that the last portion of the paragraph, alleging that Plaintiff Holmes was "placed … on indefinite furlough of her employment on or about March 20, 2020, resulting in her permanent layoff" is denied.

19.     Admitted, except that the last portion of the paragraph, alleging that Plaintiff Ivey was "placed … on indefinite furlough of her employment on or about March 20, 2020, resulting in her permanent layoff" is denied.

20.     Defendant FSR admits that Defendant Hotel 57 Services, LLC, employed the Plaintiffs and paid their salaries.  Defendant FSR denies the remaining allegations of paragraph 20 of the Complaint.

21.     Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

**FOUR SEASONS**

22.　　Denied.  Defendant FSR is a Nevada corporation with a principal place of business at  2215-B Renaissance Drive, Las Vegas, Nevada 89119.

23.　　Admitted that Defendant FSR is authorized to do business in the State of New York. The remaining allegations are denied.

24.　　Admitted that Defendant FSR is authorized to do business in the State of New York and in California.

25.　　Defendant FSR admits that it transacts business in the State of New York and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 of the Complaint.

26.　　Defendant FSR admits the allegations of paragraph 26 of the Complaint.

27.　　Defendant FSR admits the allegations of paragraph 27 of the Complaint.

28.　　Defendant FSR admits that it does business in the State of New York and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 of the Complaint.

29.　　Denied.

30.　　Denied.

31.　　Denied.

32.　　Admitted that Defendant FSR manages the Hotel pursuant to a Hotel Management Agreement with the Hotel's owner.

33.　　Admitted that Defendant FSR operates the Hotel pursuant to a Hotel Management Agreement with the Hotel's owner.

34.     Denied.   Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.

35.     Denied.   Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.

36.     Denied.   Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.   Moreover, Defendant FSR denies that the Plaintiffs or other similarly situated employees have been permanently laid off.

37.     Denied.   Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.

**HOTEL 57 SERVICES, LLC**

38.     Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint.

39.     Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint.

40.     Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint.

41.     Denied.   Defendant FSR operates the Hotel pursuant to a Hotel Management Agreement with the Hotel's owner.

42.     Admitted.

43.     This allegation is redundant of the allegation in paragraph 40.   Subject to that objection, Defendant FSR is without sufficient information to admit or deny this allegation.

44.     Defendant FSR is without sufficient information to admit or deny this allegation.

45.     Defendant FSR is without sufficient information to admit or deny this allegation.

46.     Defendant FSR is without sufficient information to admit or deny this allegation.

47.     Defendant FSR is without sufficient information to admit or deny this allegation.

48.     Defendant FSR is without sufficient information to admit or deny this allegation.

49.     Defendant FSR is without sufficient information to admit or deny this allegation.

50.     Defendant FSR is without sufficient information to admit or deny this allegation.

51.     Admitted.

52.     Admitted.

53.     Denied.   Defendant FSR manages the Hotel pursuant to a Hotel Management Agreement with the Hotel's owner.

54.     Denied.   Defendant FSR operates the Hotel pursuant to a Hotel Management Agreement with the Hotel's owner.

55.     Defendant FSR is without sufficient information to admit or deny this allegation.

56.     Defendant FSR is without sufficient information to admit or deny this allegation.

57.     Defendant FSR is without sufficient information to admit or deny this allegation. Further answering, Defendant FSR denies that Plaintiffs and other similarly situated employees have been permanently laid off.

**HOTEL 57 LLC**

58.     Defendant FSR is without sufficient information to admit or deny this allegation.

59.     Defendant FSR is without sufficient information to admit or deny this allegation.

60.     Defendant FSR is without sufficient information to admit or deny this allegation.

61.     Defendant FSR is without sufficient information to admit or deny this allegation.

62.     Defendant FSR is without sufficient information to admit or deny this allegation.

63.     Defendant FSR is without sufficient information to admit or deny this allegation.

64.     Defendant FSR is without sufficient information to admit or deny this allegation.

65.     Defendant FSR is without sufficient information to admit or deny this allegation.

66.     Defendant FSR is without sufficient information to admit or deny this allegation.

67.     Defendant FSR is without sufficient information to admit or deny this allegation.

**TY WARNER HOTELS**

68.     Defendant FSR is without sufficient information to admit or deny this allegation.

69.     Defendant FSR is without sufficient information to admit or deny this allegation.

70.     Defendant FSR is without sufficient information to admit or deny this allegation.

71.     Denied.  Defendant FSR operates the Hotel pursuant to a Hotel Management Agreement with the Hotel's owner.

72.     Upon information and belief, Defendant FSR denies the allegations of paragraph 72 of the Complaint.

73.     The allegation of this paragraph is vague and unintelligible, as the word "maintained" is subject to multiple definitions.  Accordingly, the allegation of this paragraph is denied.

74.     Defendant FSR is without sufficient information to admit or deny this allegation.

75.     Defendant FSR is without sufficient information to admit or deny this allegation.

76.     Defendant FSR is without sufficient information to admit or deny this allegation.

77.     Defendant FSR is without sufficient information to admit or deny this allegation.

78.     Defendant FSR is without sufficient information to admit or deny this allegation.

79.     Defendant FSR is without sufficient information to admit or deny this allegation.

**TY WARNER**

80.     Defendant FSR is without sufficient information to admit or deny this allegation.

81.     Defendant FSR is without sufficient information to admit or deny this allegation.

82.     Defendant FSR is without sufficient information to admit or deny this allegation.

83.     Upon information and belief, Defendant FSR denies the allegations of paragraph 83 of the Complaint.

84.     Defendant FSR is without sufficient information to admit or deny this allegation.

85.     Denied.   Defendant FSR operates the Hotel pursuant to a Hotel Management Agreement with the Hotel's owner.

86.     The allegation of this paragraph is vague and unintelligible, as the word "maintained" is subject to multiple definitions.   Accordingly, the allegation of this paragraph is denied.

87.     Defendant FSR is without sufficient information to admit or deny this allegation.

88.     Defendant FSR is without sufficient information to admit or deny this allegation.

89.     Defendant FSR is without sufficient information to admit or deny this allegation.

90.     Defendant FSR is without sufficient information to admit or deny this allegation.

**JOINT EMPLOYER ALLEGATIONS**

91.     Denied.  Defendant FSR is not the employer of the employees of the Hotel.

92.     This allegation amounts to a legal conclusion to which no response is required.   To the extent that any response is required, that allegation is denied.

93.     This allegation amounts to a legal conclusion to which no response is required.   To the extent that any response is required, Defendant FSR is without sufficient information to admit or deny this allegation.

94.     This allegation amounts to a legal conclusion to which no response is required.  To the extent that any response is required, Defendant FSR is without sufficient information to admit or deny this allegation.

95.     This allegation amounts to a legal conclusion to which no response is required.  To the extent that any response is required, Defendant FSR is without sufficient information to admit or deny this allegation.

96.     This allegation amounts to a legal conclusion to which no response is required.  To the extent that any response is required, Defendant FSR is without sufficient information to admit or deny this allegation.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Admitted that the Hotel has a "Suite in the Sky" known as the "Ty Warner Penthouse" as well as the "Ty Bar" serving cocktails and rare spirits collection, as advertised on the Four Seasons website.  Defendant FSR denies all other allegations of paragraph 100 of the Complaint.

101.    Defendant FSR is without sufficient information to admit or deny this allegation.

102.    Denied.

103.    Denied.

104.    Denied.

## STATEMENT OF FACTS

105.    Defendant admits that on March 20, 2020, the Hotel informed Plaintiff Staley that the Hotel was being closed due to the COVID-19 pandemic, and denies the remaining allegations of paragraph 105 of the Complaint.

106.    Defendant admits that on March 20, 2020, the Hotel informed Plaintiff Holmes that the Hotel was being closed due to the COVID-19 pandemic, and denies the remaining allegations of paragraph 106 of the Complaint.

107.    Defendant admits that on March 20, 2020, the Hotel informed Plaintiff Ivey that the Hotel was being closed due to the COVID-19 pandemic, and denies the remaining allegations of paragraph 107 of the Complaint.

108.    Admitted.

109.    Defendant admits that at least 33% of the Hotel's employees were furloughed due to the COVID-19 pandemic, and denies the remaining allegations of paragraph 109 of the Complaint.

110.    This paragraph states legal conclusions to which no response is required.  To the extent that any response is required, the allegations are denied.

111.    Defendant admits that at least 33% of the Hotel's employees were furloughed due to the COVID-19 pandemic, and denies the remaining allegations of paragraph 111 of the Complaint.

112.    This paragraph states a legal conclusion to which no response is required.  To the extent that any response is required, the allegations are  denied.

113.    This paragraph states a legal conclusion to which no response is required.  To the extent that any response is required, the allegations are denied.

114.    Denied.   Notices were provided with as much notice as possible given the unforeseen business circumstances caused by the COVID-19 pandemic, which was a natural disaster.  Moreover, some employees, including one of the Plaintiffs, continued to work at the Hotel after March 20.

115.    Denied.

116.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

117.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

118.    This paragraph contains legal conclusions and argumentative allegations to which no response is required.  To the extent a response is required, the allegations are denied.

119.    Denied.

120.    Defendant FSR denies the allegations of paragraph 120 of the Complaint except admits that certain employees have not yet returned to work and thus are not receiving the pay and benefits that these employees had prior to the Furlough Date.

121.    Denied.

122.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

123.    Denied.  The employment of the Plaintiffs or other similarly situated employees has not been terminated.  Notices were provided with as much notice as possible given the unforeseen business circumstances caused by the COVID-19 pandemic, which was a natural disaster.  Moreover, some employees, including one of the Plaintiffs, continued to work at the Hotel after March 20.

124.    Denied.  The employment of the Plaintiffs or other similarly situated employees has not been terminated.  Notices were provided with as much notice as practicable given the unforeseen business circumstances caused by the COVID-19 pandemic, which was a natural disaster.  Moreover, some employees, including one of the Plaintiffs, continued to work at the Hotel after March 20.

125.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

126.    Admitted that a memo was sent to Hotel employees by the Hotel's General Manager on December 3, 2020.  The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

127.    The content of the December 3 memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

128.    Admitted that a memo was sent to employees on February 8, 2021, from Four Seasons New York Leadership Team.  The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

129.    The content of the February 8, 2021, memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

130.    The content of the February 8, 2021, memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

131.    The content of the February 8, 2021, memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

132.    The content of the February 8, 2021, memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

133.    The content of the February 8, 2021, memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content..

134.    The content of the February 8, 2021, memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

135.    Defendant FSR is without sufficient information to confirm or deny this allegation because it is not clear from the context of the allegation what Plaintiffs mean by "competitive set."

136.    Admitted that a memo was sent to employees on June 25, 2021, from Elizabeth Ortiz.  The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

137.    The June 25, 2021, memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

138.    The June 25, 2021, memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.  The remaining allegations of this paragraph state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

139.    The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

140.    This paragraph is denied because it is unintelligible.

141.    The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

142.    The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

143.    Denied.

144.     Defendant FSR denies the allegations with respect to it and is without sufficient information to confirm or deny the remaining allegations of paragraph 144 of the Complaint.

145.     Defendant FSR is without sufficient information to confirm or deny this allegation. Among other things, there is no definition of or guidance concerning what is meant by "complete renovations" or "various renovations."

146.     Defendant FSR is without sufficient information to confirm or deny this allegation, which refers to the content of an article not attached to the Complaint.

147.     Defendant FSR denies the allegations of paragraph 147 of the Complaint, except admits that guests have stayed at parts of the Hotel during periods when the Hotel was undergoing renovations.

148.     Defendant FSR denies the allegations of paragraph 148 of the Complaint, except admits that various parts of the Hotel have been renovated in the past.

149.     Defendant FSR is without sufficient information to confirm or deny this allegation.

150.     Defendant FSR denies the allegations with respect to it and is without sufficient information to confirm or deny the remaining allegations of paragraph 150 of the Complaint.

151.     Defendant FSR is without sufficient information to confirm or deny this allegation.

152.     Denied.  Defendant FSR is without sufficient information to confirm or deny this allegation with respect to the Four Seasons Santa Barbara.

153.     Defendant FSR denies the allegations of paragraph 153 of the Complaint, except to admit that Plaintiffs and other employees of the Hotel have not received No-Fault Separation Pay.

154.     Denied.

155.     Denied.

156.     Denied.

15

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.  Further answering, Defendant FSR is without sufficient information at this

time to confirm or deny the amount of salary or separation pay at issue in this case.

**CLASS ALLEGATIONS**

161.    Defendant admits that Plaintiffs purport to bring this action pursuant to the statutes

and doctrines referred to in paragraph 161 of the Complaint and that they seek to bring this case

as a class action. Defendant denies all other allegations of paragraph 161 of the Complaint and

further denies that it is liable to Plaintiffs under any of the cited laws and that this case may be

brought or maintained as a class action under Fed.R.Civ.P. 23.

162.    Defendant admits that Plaintiffs purport to define a class in paragraph 162 of the

Complaint.  Defendant denies all other allegations of paragraph 162 of the Complaint and that the

requested class is appropriate because, among other things, Plaintiffs signed agreements in which

they waived any rights they may have to participate in class litigation and further agreed to

individually arbitrate their claims. The majority of the other members of the purported class either

signed similar agreements or are represented for purposes of collective bargaining by labor unions

that have entered into collective bargaining agreements with the Hotel which contain mandatory

grievance and arbitration procedures.

163.    Denied.  The Plaintiffs are not similarly situated to most of the other employees of

the Hotel, the majority of whom are employed pursuant to collective bargaining agreements that

the Hotel has entered into with different labor unions.

164.     Defendant denies that Plaintiffs have the right to modify the definition of the purported class as they see fit and answers further that any request for such a modification would need to comply with the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

165.     Denied.

166.     The first two sentences of paragraph 166 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied. Further answering, Defendant FSR denies that it terminated the employment of any Hotel employee.

167.     Admitted, except that Defendant FSR denies the viability of the Plaintiffs' proposed Class definition.

168.     The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.  Moreover, the Plaintiffs are not similarly situated to most of the other employees of the Hotel, the majority of whom are employed pursuant to collective bargaining agreements between the Hotel and different labor unions.

169.     The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.  Moreover, the Plaintiffs are not similarly situated to most of the other employees of the Hotel, the majority of whom are employed pursuant to collective bargaining agreements between the Hotel and different labor unions.

170.     Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 170 of the Complaint.

171.     The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.  Moreover, the Plaintiffs are not similarly situated to most of the other employees of the Hotel, the majority of whom are employed pursuant to collective bargaining agreements between the Hotel and different labor unions.

172.     The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.  Moreover, the Plaintiffs are not similarly situated to most of the other employees of the Hotel, the majority of whom are employed pursuant to collective bargaining agreements between the Hotel and different labor unions.

## FIRST CAUSE OF ACTION
## Federal Worker Adjustment and Retraining Notification Act
## (20 CFR Part 639)
## (On Behalf of All Plaintiffs and the Class Against Defendants)

173.     The preceding responses in this Answer are incorporated herein as if fully set forth.

174.     Defendant FSR admits that Plaintiffs purport to bring this case as a class action and denies that a class action would be appropriate under Fed.R.Civ.P. 23.

175.     Denied.  Defendant FSR is not the employer of the Plaintiffs.

176.     Defendant FSR denies the allegations of paragraph 176 of the Complaint except admits that the Plaintiffs' furlough has extended beyond six months' duration.

177.     Defendant admits that the furloughs have lasted more than six months and denies the remaining allegations of paragraph 177 of the Complaint.

178.     Denied.

179.     The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, Defendant FSR denies the allegations.

180.   Denied.

181.   Denied.

182.   Denied.

183.   Denied.  Defendant FSR is not the employer of the Plaintiffs.

184.   The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

185.   Denied.

186.   The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

187.   The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

188.   Defendant denies it violated the WARN Act or any other law and further denies that Plaintiffs are entitled to any relief, including that requested in paragraph 188 of the Complaint.

189.   Denied.

190.   Denied.

191.   Denied.

## SECOND CAUSE OF ACTION
### New York State Worker Adjustment and Retraining Notification Act
### (New York Labor Law § 860 et seq.)
### (On Behalf of All Plaintiffs and the Class Against Defendants)

192.   The preceding responses in this Answer are incorporated herein as if fully set forth.

193.   Defendant admits that Plaintiffs purport to bring this case as a class action and denies that a class action is appropriate under Fed.R.Civ.P. 23.

194.   Defendant denies that Plaintiffs' employment was terminated and further denies the remaining allegations of paragraph 194 of the Complaint.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.  Moreover, Defendant FSR is not the employer of the Plaintiffs or the proposed Class.

200.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Further answering, Defendant FSR denies that the employment of the Plaintiffs or others similarly situated has been terminated.

201.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Further answering, Defendant FSR denies that the employment of the Plaintiffs or others similarly situated has been terminated.

202.    This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.  Further answering, Defendant FSR denies that the Plaintiffs or proposed Class have suffered a "mass layoff" or "employment loss."

203.    This paragraph states legal conclusions to which no response is required  To the extent a response is required, the allegations are denied. Further answering, Defendant FSR denies that the employment of the Plaintiffs or the proposed Class has been terminated.

204.    Denied.

205.    This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. It is further  denied that the employment of the Plaintiffs or the proposed Class has been terminated.

206.    Denied.

207.    Denied.

## THIRD CAUSE OF ACTION
### Breach of Contract
**(On Behalf of All Plaintiffs and the Class Against Four Seasons)**

208.    The preceding responses in this Answer are incorporated herein as if fully set forth.

209.    Defendant admits that Plaintiffs purport to bring this case as a class action and deny that a class action is appropriate under Fed.R.Civ.P. 23.

210.    Denied.  Defendant FSR is not signatory to any contracts with the Plaintiffs or the proposed Class.

211.    Denied.  Defendant FSR is not signatory to any contracts with the Plaintiffs or the proposed Class.

212.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

213.    Denied.

214.    This paragraph states a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

215.    Denied.  Defendant FSR is not a signatory to any contracts with the Plaintiffs or the proposed Class.

216.    Denied.  Defendant FSR is not signatory to any contracts with the Plaintiffs or the proposed Class.

217.    Denied.

218.    Denied.

## FOURTH CAUSE OF ACTION
### Breach of Implied Covenant of Good Faith and Fair Dealing
### (On Behalf of All Plaintiffs and the Class Against Four Seasons)

219.    The preceding responses in this Answer are incorporated herein as if fully set forth.

220.    Defendant admits that Plaintiffs purport to bring this case as a class action and deny that a class action is appropriate under Fed.R.Civ.P. 23.

221.    Denied.  Defendant FSR is not signatory to any contracts with the Plaintiffs or the proposed Class.

222.    Denied.  Defendant FSR is not signatory to any contracts with the Plaintiffs or the proposed Class.

223.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

224.    Denied.

225.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

226.    Denied.  Defendant FSR is not a signatory to any contracts with the Plaintiffs or the proposed Class.

227.    Denied.  Defendant FSR is not signatory to any contracts with the Plaintiffs or the proposed Class.

228.    This paragraph is vague insofar as it contains no time reference.  To the extent a response is required, the allegations are denied.

229.    Denied.

230.    Denied.   Defendant FSR is not signatory to any contracts with the Plaintiffs or the proposed Class.

231.   Denied.

232.   Denied.

233.   Denied.

## FIFTH CAUSE OF ACTION
### Tortious Interference with Contract
### (On Behalf of All Plaintiffs and the Class Against the Warner Defendants)

234.   The preceding responses in this Answer are incorporated herein as if fully set forth.

235.   Defendant admits that Plaintiffs purport to bring this case against the Warner Defendants as a class action and lack knowledge or information sufficient to form a belief as to whether Plaintiffs have met the requirements of Fed.R.Civ.P.23 in this respect.

236.   Denied.  Defendant FSR is not signatory to any contracts with the Plaintiffs or the proposed Class.

237.   Denied.  Defendant FSR is not signatory to any contracts with the Plaintiffs or the proposed Class.

238.   This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

239.   Denied.

240.   This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

241.   Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 241 of the Complaint.

242.   Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 242 of the Complaint.

243.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 243 of the Complaint.

244.    Defendant FSR denies that the Plaintiffs have been permanently laid off and is without sufficient knowledge or  information sufficient to form a belief as to the truth of the remaining allegations of paragraph 244 of the Complaint.

245.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 245 of the Complaint, except admits that, under its management agreement with the owner of the Hotel, the employees of the Hotel are employed at owner's sole cost and expense.

246.    Defendant FSR denies that it is signatory to any contracts with Plaintiffs and is without knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 246 of the Complaint.

247.    Denied.  Defendant FSR is not signatory to any contract with the Plaintiffs or the proposed Class.

248.    Denied.

249.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 249 of the Complaint.

250.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 250 of the Complaint.

**SIXTH CAUSE OF ACTION**
**Alter Ego**
**(On Behalf of All Plaintiffs and the Class Against Defendant Ty Warner)**

251.    The preceding responses in this Answer are incorporated herein as if fully set forth.

252.     Denied.

253.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 253 of the Complaint.

254.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 254 of the Complaint.

255.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 255 of the Complaint.

256.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 256 of the Complaint.

## ALLEGATIONS REGARDING RELIEF

257.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

258.    Denied.

## AFFIRMATIVE DEFENSES OF DEFENDANT FSR

### First Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.  In particular, it fails to allege facts which set forth a plausible claim for relief under either the federal WARN Act or the New York state WARN Act.

### Second Affirmative Defense

The circumstances alleged in the Complaint that have given rise to the Plaintiffs' claims are and were beyond the exclusive control of Defendant FSR.

### Third Affirmative Defense

The furloughs at issue in this case resulted from the COVID-19 Pandemic that swept the globe during 2020 and 2021. The COVID-19 Pandemic constituted a "natural disaster" within the meaning of the U.S. WARN Act. 29 U.S.C. § 2102(b)(2)(B). The Hotel was not required to provide any advance notice of a plant closing or mass layoff. *Id*. Plaintiffs and the proposed Class are therefore not entitled to the recovery of damages or to any other relief under the WARN Act.

### Fourth Affirmative Defense

The furloughs at issue in this case resulted from the COVID-19 Pandemic that swept the globe during 2020 and 2021. The COVID-19 Pandemic constituted a "natural disaster" within the meaning of the New York WARN Act. New York Labor Law §860-c; New York Administrative Code §921-6.4. The Hotel was not required to provide any advance notice of a plant closing or mass layoff. *Id*. Plaintiffs and the proposed Class are therefore not entitled to the recovery of damages or to any other relief under the New York WARN Act.

### Fifth Affirmative Defense

The furloughs at issue in this case resulted from the COVID 19 Pandemic that swept the globe during 2020 and 2021. The COVID-19 Pandemic constituted a business circumstance that was not reasonably foreseeable at the time notice under the U.S. WARN Act would have been required. 29 U.S.C. § 2102(b)(2)(A). Accordingly, the Hotel was not required to provide any advance notice of a plant closing or mass layoff under the express terms of the WARN Act, but only to provide as much notice as was practicable at the time. *Id*., § 2102(b)(3). Such notice was provided. Plaintiffs and the proposed Class are therefore not entitled to the recovery of damages or to any other relief under the WARN Act.

**Sixth Affirmative Defense**

The furloughs at issue in this case resulted from the COVID 19 Pandemic that swept the globe during 2020 and 2021. The COVID-19 Pandemic constituted a business circumstance that was not reasonably foreseeable at the time notice under the WARN Act would have been required. New York Labor Law §860-c; New York Administrative Code §921-6.3. Accordingly, the Hotel was not required to provide any advance notice of a plant closing or mass layoff under the express terms of the WARN Act, but only to provide as much notice as possible. New York Labor Law §860-c; New York Administrative Code § 921-6.1. Such notice was provided. Plaintiffs and the proposed Class are therefore not entitled to the recovery of damages or to any other relief under the WARN Act.

**Seventh Affirmative Defense**

Defendant FSR is not signatory to any contract with the Plaintiffs or the proposed Class.

**Eighth Affirmative Defense**

Defendant FSR is not the employer of the Plaintiffs or the proposed Class.

**Ninth Affirmative Defense**

As described more fully in Defendant FSR's Motion to Compel Arbitration, Plaintiffs' action is barred by their failure to arbitrate their claims. Defendant FSR requests that this action be stayed or dismissed and that the Court order the Plaintiffs to arbitrate their claims.

**Tenth Affirmative Defense**

As described more fully in Defendant FSR's Motion to Compel Arbitration, Plaintiffs signed enforceable class action waivers, and therefore have waived their right to bring their claims as part of a class or collectcive action. Defendant FSR requests that this action be stayed or dismissed and that the Court order the Plaintiffs to arbitrate their claims individually.

### Eleventh Affirmative Defense

Unlike the Plaintiffs, most members of the putative Class are employed by the Hotel pursuant to collective bargaining agreements with various Unions.  Accordingly, the Plaintiffs are inadequate representatives of the majority of the putative Class.

### Twelfth Affirmative Defense

Most of the persons who would be members of the putative Class sought by the Plaintiffs are represented by different labor unions for purposes of collective bargaining. These unions have entered into collective bargaining agreements with the Hotel. All of the agreements contain mandatory grievance and arbitration provisions. Accordingly, any putative Class member whose employment is subject to such a collective bargaining agreement is barred from bringing this litigation by virtue of their failure to use the grievance and arbitration provisions of the agreements.

### Thirteenth Affirmative Defense

Any Plaintiff or putative Class member who has signed an agreement waiving their right to a jury trial may not proceed with a jury trial in this action.

WHEREFORE, having fully Answered, Defendant FSR respectfully requests that the Complaint be dismissed and that the Court order the Plaintiffs to arbitrate their claims. To the extent that the Court does not compel arbitration, Defendant FSR requests that:

a.     The Complaint be dismissed with prejudice;

b.     That certification of any Class be denied;

c.     The Plaintiffs take nothing and be awarded neither damages nor injunctive relief;

d.     Defendant FSR be awarded its costs and attorneys' fees; and,

e.     Defendant FSR be awarded such other and further relief as may be just and

proper.

Dated: New York, New York
December 5, 2022

> **STOKES WAGNER, ALC**
>
> */s/ Paul E. Wagner*
> _____
> Paul Wagner
> John Hunt
> 903 Hanshaw Road
> Ithaca, New York 14850
> (607) 257-5165
>
> *Attorneys for Defendant,*
> *FSR International Hotels Inc.*
> *(incorrectly sued as Four Seasons*
> *Hotels and Resorts)*

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing "ANSWER OF DEFENDANT FSR INTERNATIONAL HOTELS INC. (INCORRECTLY SUED AS 'FOUR SEASONS HOTELS AND RESORTS')" was electronically filed using the Court's CM/ECF system which will automatically send copies of same to counsel of record below:

| | |
|---|---|
| **Evan Craig Brustein**<br>Brustein Law PLLC<br>299 Broadway<br>Ste 17th Floor<br>New York, NY 10007<br>212-233-3900<br>212-285-0531 (fax)<br>evan@brusteinlaw.com | **Maya Risman**<br>Risman & Risman, P.C.<br>299 Broadway<br>Ste Fl. 17<br>New York, NY 10007<br>212-233-6400<br>info@risman-law.com |
| *Counsel for Plaintiffs Selena Staley, Vivian Holmes, and Olive Ivey and the proposed Class* | *Counsel for Plaintiffs Selena Staley, Vivian Holmes, and Olive Ivey and the proposed Class* |
| **Kathryn Lundy**<br>Freeborn & Peters LLP<br>1155 Avenue of the Americas<br>Ste 26th Floor<br>New York, NY 10036<br>212-218-8760<br>212-218-8761 (fax)<br>klundy@freeborn.com | **Marc Brian Zimmerman**<br>Freeborn & Peters LLP<br>1155 Avenue of the Americas<br>Ste 26th Floor<br>New York, NY 10036<br>212-218-8760<br>212-218-8761 (fax)<br>mzimmerman@freeborn.com |
| *Attorneys for Defendants Hotel 57 Services, LLC Hotel 57, LLC, Ty Warner Hotels & Resorts LLC and H. Ty Warner* | *Attorneys for Defendants Hotel 57 Services, LLC Hotel 57, LLC, Ty Warner Hotels & Resorts LLC and H. Ty Warner* |

Dated: December 5, 2022

**STOKES WAGNER, ALC**

*/s/ Paul E. Wagner*

_____

Paul Wagner
903 Hanshaw Road
Ithaca, New York 14850
(607) 257-5165
pwagner@stokeswagner.com

*Attorneys for Defendant,*
*FSR International Hotels, Inc.*
*(incorrectly sued as Four Seasons*
*Hotels and Resorts)*