**STOKES WAGNER, ALC**
Paul Wagner
John Hunt
903 Hanshaw Road
Ithaca, New York 14850
(607) 257-5165

*Attorneys for Defendant,*
*FSR International Hotels Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SELENA STALEY, VIVIAN HOLMES, and
OLIVE IVEY, on behalf of themselves and
all others similarly situated,
Plaintiffs,

-against-                                                    No. 22-cv-6781 (JSR)

FSR INTERNATIONAL HOTEL INC. d/b/a
FOUR SEASONS HOTELS AND RESORTS,
HOTEL 57 SERVICES, LLC, HOTEL 57, LLC,
TY WARNER HOTELS & RESORTS LLC,
and H. TY WARNER,

Defendants.
-------------------------------------------------------X


**ANSWER OF DEFENDANT FSR INTERNATIONAL HOTELS INC.
TO FIRST AMENDED COMPLAINT**


NY-2501000

Defendant FSR International Hotels Inc. (hereinafter referred to as "FSR"), submits the following Answer and Affirmative Defenses to the First Amended Complaint of Plaintiffs Selena Staley, Vivian Holmes, and Olive Ivey:

## NATURE OF THE ACTION

1.      Defendant FSR admits that Plaintiffs purport to bring this action under the statutes and doctrines referred to in this paragraph of the Amended Complaint, denies that it has violated any of these laws, and denies it is liable to Plaintiffs in any respect.

2.      Defendant FSR admits that Plaintiffs purport to bring this action under the doctrine referred to in this paragraph of the Amended Complaint, denies that the doctrine applies, and denies it is liable to Plaintiffs in any respect.

3.      Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.  Upon information and belief, however, it admits that the Plaintiffs work at the Hotel and two of the three Plaintiffs and other Hotel employees were placed on furlough on or about March 20, 2020.  Defendant FSR denies all other allegations in this paragraph of the Amended Complaint.

4.      Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.  Upon information and belief, however, it denies the allegations in this paragraph of the Amended Complaint.  The allegation that "proper and timely notice" was never given amounts to a legal conclusion to which no response is required and is vague and unintelligible.  To the extent that any response is required, that allegation is denied.

5.      Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.  Moreover, the allegation that the WARN Acts have been violated is a legal conclusion

to which no response is required.  Upon information and belief, Defendant FSR denies the remaining allegations in this paragraph of the Amended Complaint.

6.      Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.  Upon information and belief, however, it denies the allegations in this paragraph of the Amended Complaint and also denies that the employment of the Plaintiffs or other similarly situated employees was terminated.

7.      Denied.

8.      Denied.  The documents to which the Plaintiffs refer speak for themselves.

9.      Denied.  The documents to which the Plaintiffs refer speak for themselves.

10.     Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.  Upon information and belief, however, there is a document dated June 25, 2021, and addressed to the Plaintiffs, among others, which speaks for itself, and Defendant FSR denies all allegations inconsistent with the document's content.

11.     Defendant FSR is without sufficient information to admit or deny this allegation.

12.     Defendant FSR is without sufficient information to admit or deny this allegation.

13.     Defendant FSR admits that a date for the reopening of the hotel had not been announced as of June 25, 2021, and denies the remaining allegations of paragraph 13 of the Amended Complaint.

14.     Denied.  Moreover, Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.

15.     Denied.  Moreover, Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.

16.     Denied.  The documents to which the Plaintiffs refer speak for themselves.

17.     Denied.

18.     Denied.  The allegations of this paragraph are legal conclusions to which no response is required.  Moreover, Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.

19.     Denied.  The allegations of this paragraph are legal conclusions to which no response is required.  Moreover, Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.

20.     Denied.  The allegations of this paragraph are legal conclusions to which no response is required.  Moreover, Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.

21.     Denied.  The allegations of this paragraph are legal conclusions to which no response is required.  Moreover, Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.

22.     Denied.  The allegations of this paragraph are legal conclusions to which no response is required.  Moreover, Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.

23.     Denied.

24.     Denied.  The allegations of this paragraph are legal conclusions to which no response is required.  Moreover, Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.

25.     Denied.  The allegations of this paragraph are legal conclusions to which no response is required.  Moreover, Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.

26.     Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees. Upon information and belief, however, there is a document dated November, 2021, and addressed to the Plaintiffs, among others, which speaks for itself, and Defendant FSR denies all allegations inconsistent with the document's content.

27.     Denied.

28.     Denied.

29.     Denied.

## JURISDICTION AND VENUE

30.     Denied.  The Plaintiffs are parties to arbitration agreements that require them to arbitrate their claims with Defendant FSR and the other defendants.

31.     Denied.  The Plaintiffs are parties to arbitration agreements that require them to arbitrate their claims with Defendant FSR and the other defendants.

32.     Denied.  The Plaintiffs are parties to arbitration agreements that require them to arbitrate their claims with Defendant FSR and the other defendants.

33.     Denied.  The Plaintiffs are parties to arbitration agreements that require them to arbitrate their claims with Defendant FSR and the other defendants.

34.     Denied.  The Plaintiffs are parties to arbitration agreements that require them to arbitrate their claims with Defendant FSR and the other defendants.

## JURY TRIAL DEMAND

35.     Defendant FSR denies that Plaintiffs are entitled to a jury trial. Plaintiffs have signed agreements in which they agreed to arbitrate their claims and further waived any rights they may have to a jury trial.

## PARTIES

36.     Admitted that Plaintiff Staley was a Reservations Agent, except that the last portion of the paragraph, alleging that Plaintiff Staley was "placed … on indefinite furlough of her employment on or about March 20, 2020, resulting in her permanent layoff" is denied.

37.     Admitted, except that the last portion of the paragraph, alleging that Plaintiff Holmes was "placed … on indefinite furlough of her employment on or about March 20, 2020, resulting in her permanent layoff" is denied.

38.     Admitted, except that the last portion of the paragraph, alleging that Plaintiff Ivey was "placed … on indefinite furlough of her employment on or about March 20, 2020, resulting in her permanent layoff" is denied.

39.     Denied.  Plaintiffs and other Hotel employees were employed by Defendant Hotel 57 Services, LLC, which paid their salaries. Defendant FSR denies the remaining allegations of this paragraph of the Amended Complaint.

40.     Plaintiffs and other Hotel employees were employed by Defendant Hotel 57 Services, LLC, which paid their salaries. Defendant FSR denies the remaining allegations of this paragraph of the Amended Complaint.

41.     Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

**FOUR SEASONS**

42.     Denied.

43.     Admitted that Defendant FSR is authorized to do business in the State of New York, conducts business in New York, and operates a hotel in New York.  The remaining allegations of this paragraph are denied.

44.     Admitted that Defendant FSR is authorized to do business in the State of New York and in California.

45.     Admitted that Defendant FSR is authorized to do business in New York State, and operates a hotel in New York.  The term "work" is undefined and unintelligible and that allegation is therefore denied.  Defendant FSR denies the remaining allegations in this paragraph of the Amended Complaint.

46.     Admitted that Defendant FSR transacts business in the State of New York.  The word "significant" is undefined and unintelligible and that allegation is therefore denied.

47.     Defendant FSR admits the allegations of this paragraph of the Amended Complaint.

48.     Defendant FSR admits the allegations of this paragraph of the Amended Complaint.

49.     Admitted that Defendant FSR does business in the State of New York.  The remaining allegations of this paragraph are undefined and unintelligible and are therefore denied.

50.     Admitted that Defendant FSR regularly conducts business in the State of New Work.  The remaining allegations are denied.

51.     Denied.

52.     Denied.

53.     Admitted that Defendant FSR manages the Hotel pursuant to a Hotel Management Agreement with the Hotel's owner, Hotel 57, LLC.

54.     Admitted that Defendant FSR operates the Hotel pursuant to a Hotel Management Agreement with the Hotel's owner, Hotel 57, LLC.

55.     Denied.  Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.

56.     Denied.  Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.

57.     Denied.  Defendant FSR is not the employer of the Plaintiffs or other similarly situated employees.  Moreover, Defendant FSR denies that the Plaintiffs or other similarly situated employees have been permanently laid off.

58.     Denied.

59.     Denied.

60.     Admitted.

61.     Admitted that Defendant FSR is party to contractual agreements with other Defendants in this action. The word "several" is undefined and unintelligible and is therefore denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

**HOTEL 57 SERVICES, LLC**

67.     Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

68.     Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

69.     Denied.

70.     Denied.

71.     Admitted.

72.     Denied.

73.     Defendant FSR is without sufficient information to admit or deny this allegation.

74.     Defendant FSR is without sufficient information to admit or deny this allegation.

75.     Defendant FSR is without sufficient information to admit or deny this allegation.

76.     Defendant FSR is without sufficient information to admit or deny this allegation.

77.     Defendant FSR is without sufficient information to admit or deny this allegation.

78.     Defendant FSR is without sufficient information to admit or deny this allegation.

79.     Defendant FSR is without sufficient information to admit or deny this allegation.

80.     Defendant FSR is without sufficient information to admit or deny this allegation.

81.     Admitted.

82.     Denied.

83.     Defendant FSR is without sufficient information to admit or deny this allegation.

84.     Defendant FSR is without sufficient information to admit or deny this allegation, except it admits that Defendant Hotel 57 Services, LLC, employed the Plaintiffs.

85.     Admitted.

86.     Denied.  Defendant FSR manages the Hotel pursuant to a contract with the Hotel's owner.

87.     Denied.  Defendant FSR operates the Hotel pursuant to a contract with the Hotel's owner.

88.     Defendant FSR is without sufficient information to admit or deny this allegation.

89.     Defendant FSR is without sufficient information to admit or deny this allegation.

90.     Denied.

91.    Denied.

92.    Denied.

**HOTEL 57 LLC**

93.    Defendant FSR is without sufficient information to admit or deny this allegation.

94.    Defendant FSR is without sufficient information to admit or deny this allegation.

95.    Defendant FSR is without sufficient information to admit or deny this allegation.

96.    Defendant FSR is without sufficient information to admit or deny this allegation.

97.    Defendant FSR is without sufficient information to admit or deny this allegation.

98.    Defendant FSR is without sufficient information to admit or deny this allegation.

99.    Defendant FSR is without sufficient information to admit or deny this allegation.

100.    Defendant FSR is without sufficient information to admit or deny this allegation.

101.    Defendant FSR is without sufficient information to admit or deny this allegation.

102.    Defendant FSR is without sufficient information to admit or deny this allegation.

103.    Defendant FSR is without sufficient information to admit or deny this allegation.

104.    Defendant FSR is without sufficient information to admit or deny this allegation.

105.    Admitted.

106.    Denied.  Defendant FSR operates the Hotel pursuant to a Hotel Management Agreement with the Hotel's owner.

107.    The first allegation of this paragraph is denied.  Defendant FSR operates the Hotel pursuant to a Hotel Management Agreement with the Hotel's owner.  Defendant FSR is without sufficient information to admit or deny the second allegation of this paragraph.

**TY WARNER HOTELS**

108.    Defendant FSR is without sufficient information to admit or deny this allegation.

109.   Defendant FSR is without sufficient information to admit or deny this allegation.

110.   Defendant FSR is without sufficient information to admit or deny this allegation.

111.   Denied.   Defendant FSR operates the Hotel pursuant to a Hotel Management Agreement with the Hotel's owner.

112.   Defendant FSR is without sufficient information to admit or deny this allegation.

113.   The allegation of this paragraph is vague and unintelligible, as the word "maintains" is subject to multiple definitions.  Accordingly, the allegation of this paragraph is denied.

114.   Defendant FSR is without sufficient information to admit or deny this allegation.

115.   Defendant FSR is without sufficient information to admit or deny this allegation.

116.   Defendant FSR is without sufficient information to admit or deny this allegation.

117.   Defendant FSR is without sufficient information to admit or deny this allegation.

118.   Defendant FSR is without sufficient information to admit or deny this allegation.

119.   Defendant FSR is without sufficient information to admit or deny this allegation.

**TY WARNER**

120.   Defendant FSR is without sufficient information to admit or deny this allegation.

121.   Defendant FSR is without sufficient information to admit or deny this allegation.

122.   Defendant FSR is without sufficient information to admit or deny this allegation.

123.   Defendant FSR is without sufficient information to admit or deny this allegation.

124.   Defendant FSR is without sufficient information to admit or deny this allegation.

125.   Denied.   Defendant FSR operates the Hotel pursuant to a Hotel Management Agreement with the Hotel's owner.

126.   The allegation of this paragraph is vague and unintelligible, as the word "maintains" is subject to multiple definitions.  Accordingly, the allegation of this paragraph is denied.

127.    Defendant FSR is without sufficient information to admit or deny this allegation.

128.    Defendant FSR is without sufficient information to admit or deny this allegation.

129.    Defendant FSR is without sufficient information to admit or deny this allegation.

130.    Defendant FSR is without sufficient information to admit or deny this allegation.

131.    Defendant FSR is without sufficient information to admit or deny this allegation.

132.    Defendant FSR is without sufficient information to admit or deny this allegation.

133.    Defendant FSR is without sufficient information to admit or deny this allegation.

**WARNER DEFENDANTS**

134.    Defendant FSR is without sufficient information to admit or deny this allegation.

135.    Defendant FSR is without sufficient information to admit or deny this allegation.

136.    Defendant FSR is without sufficient information to admit or deny this allegation.

137.    Defendant FSR is without sufficient information to admit or deny this allegation.

138.    Defendant FSR is without sufficient information to admit or deny this allegation.

139.    Defendant FSR is without sufficient information to admit or deny this allegation.

140.    Defendant FSR is without sufficient information to admit or deny this allegation.

**JOINT EMPLOYER ALLEGATIONS**

141.    Denied.  Defendant FSR is not the employer of the employees of the Hotel.

142.    This allegation amounts to a legal conclusion to which no response is required.  To the extent that any response is required, the allegation is denied.

143.    This allegation amounts to a legal conclusion to which no response is required.  To the extent that any response is required, Defendant FSR is without sufficient information to admit or deny this allegation.

144.     This allegation amounts to a legal conclusion to which no response is required.  To the extent that any response is required, Defendant FSR is without sufficient information to admit or deny this allegation.

145.     This allegation amounts to a legal conclusion to which no response is required.  To the extent that any response is required, Defendant FSR is without sufficient information to admit or deny this allegation.

146.     This allegation amounts to a legal conclusion to which no response is required.  To the extent that any response is required, Defendant FSR is without sufficient information to admit or deny this allegation.

147.     This allegation amounts to a legal conclusion to which no response is required.  To the extent that any response is required, Defendant FSR is without sufficient information to admit or deny this allegation.

148.     This allegation amounts to a legal conclusion to which no response is required.  To the extent that any response is required, Defendant FSR is without sufficient information to admit or deny this allegation.

149.     Denied.

150.     Denied.

151.     Denied.

152.     Admitted that the Hotel has a "Suite in the Sky" known as the "Ty Warner Penthouse" as well as the "Ty Bar" serving cocktails and rare spirits collection, as advertised on the Four Seasons website.  Defendant FSR denies all other allegations of this paragraph of the Amended Complaint.

153.     Defendant FSR is without sufficient information to admit or deny this allegation.

154.   Denied.

155.   Denied.

156.   Denied.

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

162.   Defendant FSR is without sufficient information to admit or deny this allegation.

163.   The content of the EmPact agreements signed by the Plaintiffs speak for themselves and Defendant FSR denies all allegations inconsistent with the documents' content.

164.   The content of the EmPact agreements signed by the Plaintiffs speak for themselves and Defendant FSR denies all allegations inconsistent with the documents' content.

165.   Denied.

166.    Denied.

## STATEMENT OF FACTS

167.   Defendant FSR admits that on or about March 20, 2020, the Hotel closed due to the COVID-19 pandemic, and that two of the three Plaintiffs were placed on furlough.

168.   Admitted.

169.   Denied.

170.   Denied.

171.   This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

172.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

173.    Denied.

174.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

175.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

176.    Denied.

177.    Denied.

178.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

179.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

180.    Admitted.

181.    Admitted.

182.    Denied as vague with respect to time.

183.    Denied.

184.    This paragraph is redundant of paragraph 180.

185.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

186.    Denied.

187.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

188.    Denied.

189.    Denied.

190.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

191.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

192.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

193.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

194.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

195.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

196.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

197.    Denied, except FSR admits that the Hotel remains closed and that Plaintiffs have not yet been recalled to work.

198.    Admitted that a memo was sent to Hotel employees by the Hotel's General Manager on May 22, 2020.  The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

199.     Admitted that a memo was sent to Hotel employees by the Hotel's General Manager on June 22, 2020.  The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

200.     Admitted that an email was sent to Hotel employees by Elizabeth Ortiz on July 29, 2020.  The content of the email speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

201.     Admitted that a memo was sent to Hotel employees by the Hotel's General Manager on September 17, 2020.  The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

202.     Admitted that a memo was sent to Hotel employees by the Antoine Chahwan on December 24, 2020.  The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

203.     Admitted that a memo was sent to Hotel employees by the Hotel's General Manager on December 24, 2020.  The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

204.     Defendant FSR is without sufficient information to admit or deny this allegation.

205.     The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

206.     The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

207.     Admitted that a memo was sent to Plaintiffs in February of 2021.  The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

208.    The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

209.    The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

210.    The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

211.    The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

212.    The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

213.    The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

214.    Denied.

215.    Admitted that a memo was sent to Plaintiffs on March 25, 2021.  The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

216.    Defendant FSR is without sufficient information to confirm or deny this allegation.

217.    Admitted that a memo was sent to Plaintiffs on June 25, 2021.  The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

218.    Defendant FSR is without sufficient information to confirm or deny this allegation.

219.    The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

220.    The content of the memo speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

221.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

222.    Admitted.

223.    Admitted.

224.    Defendant FSR is without sufficient information to confirm or deny this allegation.

225.    Defendant FSR is without sufficient information to confirm or deny this allegation.

226.    Defendant FSR is without sufficient information to confirm or deny this allegation.

227.    Defendant FSR is without sufficient information to confirm or deny this allegation.

228.    Defendant FSR is without sufficient information to confirm or deny this allegation.

229.    Defendant FSR is without sufficient information to confirm or deny this allegation.

230.    Defendant FSR is without sufficient information to confirm or deny this allegation.

231.    Defendant FSR is without sufficient information to confirm or deny this allegation.

232.    Defendant FSR is without sufficient information to confirm or deny this allegation.

233.    Defendant FSR is without sufficient information to confirm or deny this allegation.

234.    Defendant FSR is without sufficient information to confirm or deny this allegation.

235.    Denied.

236.    Defendant FSR is without sufficient information to confirm or deny this allegation.

237.    Defendant FSR is without sufficient information to confirm or deny this allegation.

238.    Defendant FSR is without sufficient information to confirm or deny this allegation.

239.    Defendant FSR is without sufficient information to confirm or deny this allegation.

240.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

241.    Denied.

242.    Defendant FSR admits that it denies the Plaintiffs have been terminated or permanently laid off.

243.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

244.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

245.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

246.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

247.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

248.    Denied.

249.    The content of the EmPact agreement speaks for itself and Defendant FSR denies all allegations inconsistent with the Empact agreement's content.

250.    This paragraph contains argumentative allegations to which no response is required.  To the extent any response is required, the allegations are denied.

251.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

252.     This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

253.     Denied.

254.     This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

255.     Denied.

256.     Denied.

257.     Denied.

258.     Denied.

259.     Denied.

260.     This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

261.     This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

262.     This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

263.     Denied.

264.     Denied.

265.     Defendant FSR is without sufficient information to confirm or deny this allegation. Among other things, there is no definition of or guidance concerning what is meant by "complete renovations" or "various renovations."

266.     Defendant FSR is without sufficient information to confirm or deny this allegation, which refers to the content of an article not attached to the Amended Complaint.

267.     Defendant FSR denies the allegations of this paragraph of the Amended Complaint, except to admit that guests have stayed at parts of the Hotel during periods when the Hotel was undergoing renovations.

268.     Defendant FSR denies the allegations of this paragraph of the Amended Complaint, except to admit that various parts of the Hotel have been renovated in the past.

269.     Defendant FSR is without sufficient information to confirm or deny this allegation.

270.     Denied.

271.     Defendant FSR is without sufficient information to confirm or deny this allegation.

272.     Denied.  Defendant FSR is without sufficient information to confirm or deny this allegation with respect to the Four Seasons Santa Barbara.

273.     The terms "renovation," "necessitated" and "closing" are all undefined and this allegation is therefore denied.

274.     Defendant FSR is without sufficient information to confirm or deny this allegation.

275.     Defendant FSR denies the allegations of this paragraph of the Amended Complaint, except to admit that Plaintiffs and other employees of the Hotel have not received No-Fault Separation Pay.

276.     Denied.

277.     Defendant FSR is without sufficient information to confirm or deny this allegation.

278.     Denied.

279.     Denied.

280.     Denied.

281.     Denied.

282.     Denied.

283.    Denied.

284.    Denied.

## CLASS ALLEGATIONS

**WARN Act Claims (Causes of Action 1, 2 and 5)**

285.    Defendant FSR admits that Plaintiffs purport to bring this action pursuant to the statutes and doctrines referred to in this paragraph of the Amended Complaint and that they seek to bring this case as a class action. Defendant FSR denies all other allegations of this paragraph of the Amended Complaint and further denies that it is liable to Plaintiffs under any of the cited laws and that this case may be brought or maintained as a class action under Fed.R.Civ.P. 23.

286.    Defendant FSR admits that Plaintiffs purport to define a class in this paragraph of the Amended Complaint.  Defendant FSR denies all other allegations of this paragraph of the Amended Complaint and that the requested class is appropriate because, among other things, Plaintiffs signed agreements in which they waived any rights they may have to participate in class litigation and further agreed to individually arbitrate their claims. The majority of the other members of the purported class either signed similar agreements or are represented for purposes of collective bargaining by labor unions that have entered into collective bargaining agreements with the Hotel which contain mandatory grievance and arbitration procedures.

287.    Denied.  The Plaintiffs are not similarly situated to most of the other employees of the Hotel, the majority of whom are employed pursuant to collective bargaining agreements that the Hotel has entered into with different labor unions.

288.    Defendant FSR denies that Plaintiffs have the unlimited ability to modify the definition of the purported class as they see fit and answers further that any request for such a

modification would need to comply with the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

289.    Denied.

290.    The first two sentences of this paragraph of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied. Further answering, Defendant FSR admits that employees have been furloughed from the Hotel for more than six months, but denies that this occurred for all employees on the Furlough Date.

291.    Admitted, except that Defendant FSR denies the viability of the Plaintiffs' proposed Class definition.

292.    The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.  Moreover, the Plaintiffs are not similarly situated to most of the other employees of the Hotel, the majority of whom are employed pursuant to collective bargaining agreements between the Hotel and different labor unions.

293.    The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.  Moreover, the Plaintiffs are not similarly situated to most of the other employees of the Hotel, the majority of whom are employed pursuant to collective bargaining agreements between the Hotel and different labor unions.

294.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

295.    The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.  Moreover, the Plaintiffs are not similarly situated to most of the other employees of the Hotel, the majority of whom are employed pursuant to collective bargaining agreements between the Hotel and different labor unions.

296.    The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.  Moreover, the Plaintiffs are not similarly situated to most of the other employees of the Hotel, the majority of whom are employed pursuant to collective bargaining agreements between the Hotel and different labor unions.

**EmPact Claims**

297.    Defendant FSR admits that Plaintiffs purport to bring this action pursuant to the doctrines referred to in this paragraph of the Amended Complaint and that they seek to bring this case as a class action. Defendant FSR denies all other allegations of this paragraph of the Amended Complaint and further denies that it is liable to Plaintiffs under any of the cited laws and that this case may be brought or maintained as a class action under Fed.R.Civ.P. 23.

298.    Defendant FSR admits that Plaintiffs purport to define a sub-class in this paragraph of the Amended Complaint.  Defendant FSR denies all other allegations of this paragraph of the Amended Complaint and that the requested class is appropriate because, among other things, Plaintiffs signed agreements in which they waived any rights they may have to participate in class litigation and further agreed to individually arbitrate their claims. The majority of the other members of the purported class either signed similar agreements or are represented for purposes

of collective bargaining by labor unions that have entered into collective bargaining agreements with the Hotel which contain mandatory grievance and arbitration procedures.

299.   Denied.  The Plaintiffs are not similarly situated to most of the other employees of the Hotel, the majority of whom are employed pursuant to collective bargaining agreements that the Hotel has entered into with different labor unions.

300.   Defendant FSR denies that Plaintiffs have the unlimited ability to modify the definition of the purported sub-class as they see fit and answers further that any request for such a modification would need to comply with the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

301.   Denied.

302.   The first two sentences of this paragraph of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied. Further answering, Defendant FSR admits that employees have been furloughed from the Hotel for more than six months, but denies that this occurred for all employees on the Furlough Date.

303.   Admitted, except that Defendant FSR denies the viability of the Plaintiffs' proposed definition of the sub-class.

304.   The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.  Moreover, the Plaintiffs are not similarly situated to most of the other employees of the Hotel, the majority of whom are employed pursuant to collective bargaining agreements between the Hotel and different labor unions.

305.     The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.  Moreover, the Plaintiffs are not similarly situated to most of the other employees of the Hotel, the majority of whom are employed pursuant to collective bargaining agreements between the Hotel and different labor unions.

306.     Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

307.     The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.  Moreover, the Plaintiffs are not similarly situated to most of the other employees of the Hotel, the majority of whom are employed pursuant to collective bargaining agreements between the Hotel and different labor unions.

308.     The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.  Moreover, the Plaintiffs are not similarly situated to most of the other employees of the Hotel, the majority of whom are employed pursuant to collective bargaining agreements between the Hotel and different labor unions.

## FIRST CAUSE OF ACTION
### Federal Worker Adjustment and Retraining Notification Act
### (20 CFR Part 639)
### (On Behalf of All Plaintiffs and the Class Against Defendants)

309.     The preceding responses in this Answer are incorporated herein as if fully set forth.

310.     Defendant FSR admits that Plaintiffs purport to bring this case as a class action and denies that a class action would be appropriate under Fed.R.Civ.P. 23.

311.     Denied.  Defendant FSR is not the employer of the Plaintiffs.

312.     Defendant FSR denies the allegations of this paragraph of the Amended Complaint except to admit that the Plaintiffs' furlough has extended beyond six months' duration.

313.     Denied

314.     The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

315.     Denied.

316.     Denied.

317.     Denied.

318.     Denied.  Defendant FSR is not the employer of the Plaintiffs.

319.     Denied.

320.     Denied.

321.     The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

322.     Denied.

323.     Defendant FSR denies it violated the WARN Act or any other law and further denies that Plaintiffs are entitled to any relief, including that requested in this paragraph of the Amended Complaint.

324.     Denied.

325.     Denied.

326.     Denied.

**SECOND CAUSE OF ACTION**
**New York State Worker Adjustment and Retraining Notification Act**
**(New York Labor Law § 860 et seq.)**
**(On Behalf of All Plaintiffs and the Class Against Defendants)**

327.     The preceding responses in this Answer are incorporated herein as if fully set forth.

328.    Defendant FSR admits that Plaintiffs purport to bring this case as a class action and denies that a class action is appropriate under Fed.R.Civ.P. 23.

329.    Defendant FSR denies that Plaintiffs' employment was terminated and further denies the remaining allegations of this paragraph of the Amended Complaint.

330.    Denied.

331.    Denied.

332.    Denied.

333.    Denied.

334.    Denied.  Moreover, Defendant FSR is not the employer of the Plaintiffs or the proposed Class.

335.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  It is further denied that the employment of the Plaintiffs or others similarly situated has been terminated.

336.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  It is further denied that the employment of the Plaintiffs or others similarly situated has been terminated.

337.    This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.  It is further denied that the Plaintiffs or proposed Class have suffered a "mass layoff" or "employment loss."

338.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied. It is further denied that the employment of the Plaintiffs or the proposed Class has been terminated.

339.    Defendant FSR denies it violated the NY WARN Act or any other law and further denies that Plaintiffs are entitled to any relief, including that requested in this paragraph of the Amended Complaint.

340.    This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. It is further denied that the employment of the Plaintiffs or the proposed Class has been terminated.

341.    Denied.

342.    Denied.

### THIRD CAUSE OF ACTION
### Breach of Contract
### (On Behalf of All Plaintiffs and the Sub-Class Against the Defendants)

343.    The preceding responses in this Answer are incorporated herein as if fully set forth.

344.    Defendant admits that Plaintiffs purport to bring this case as a class action and denies that a class action is appropriate under Fed.R.Civ.P. 23.

345.    Denied.  Defendant FSR is not signatory to any contracts with the Plaintiffs or the proposed sub-class.

346.    Denied.  Defendant FSR is not signatory to any contracts with the Plaintiffs or the proposed sub-class.

347.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

348.    Denied.

349.    This paragraph states a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

350.     Denied.  Defendant FSR has no financial obligation to the Plaintiffs or the proposed sub-class.

351.     Denied.  Defendant FSR is not signatory to any contracts with the Plaintiffs or the proposed sub-class.

352.     Denied.

353.     Denied.

**FOURTH CAUSE OF ACTION**
**Breach of Implied Covenant of Good Faith and Fair Dealing**
**(On Behalf of All Plaintiffs and the Sub-Class Against Defendants)**

354.     The preceding responses in this Answer are incorporated herein as if fully set forth.

355.     Defendant FSR admits that Plaintiffs purport to bring this case as a class action and denies that a class action is appropriate under Fed.R.Civ.P. 23.

356.     Denied.  Defendant FSR is not signatory to any contracts with the Plaintiffs or the proposed sub-class.

357.     Denied.  Defendant FSR is not signatory to any contracts with the Plaintiffs or the proposed sub-class.

358.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

359.     Denied.

360.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

361.     Denied.  Defendant FSR has no financial obligation to the Plaintiffs or the proposed sub-class.

362.    Denied.  Defendant FSR is not signatory to any contracts with the Plaintiffs or the proposed sub-class.

363.    This paragraph is vague insofar as it contains no time reference.  To the extent a response is required, the allegations are denied.

364.    Denied.

365.    Denied.  The furlough is beyond the control of Defendant FSR.  Moreover, Defendant FSR is not signatory to any contracts with the Plaintiffs or the proposed sub-class.

366.    Denied.

367.    Denied.

368.    Denied.

**FIFTH CAUSE OF ACTION**
**Alter Ego**
**(On Behalf of All Plaintiffs and the Class Against Defendant Ty Warner)**

369.    The preceding responses in this Answer are incorporated herein as if fully set forth.

370.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

371.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

372.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

373.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

374.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

375.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

376.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

377.    Denied.  Defendant FSR operates the Hotel pursuant to a contract with the Hotel's owner.

378.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

379.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

380.    Admitted that the Hotel has a "Suite in the Sky" known as the "Ty Warner Penthouse" as well as the "Ty Bar" serving cocktails and rare spirits collection, as advertised on the Four Seasons website.  Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph of the Amended Complaint.

381.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

382.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

383.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

384.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

385.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

386.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

387.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

388.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

389.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

390.    Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

## SIXTH CAUSE OF ACTION
### Promissory Estoppel
**(On Behalf of Plaintiffs Selena Staley, Vivian Holmes, and Olive Ivey, Individually Against Defendants)**

391.    The preceding responses in this Answer are incorporated herein as if fully set forth.

392.    Denied.

393.    The content of the February 2021 memo to which this allegation refers speaks for itself and Defendant FSR denies all allegations inconsistent with the memo's content.

394.    Denied.

395.    Denied

396.    Denied.

397.    Denied.

398.   This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

399.   Denied.

400.   The content of the Hotel's communications with the Plaintiffs speaks for itself and Defendant FSR denies all allegations inconsistent with the communications' content.

401.   Defendant FSR is without sufficient information to confirm or deny whether "other hotels in the Hotel's competitive set had all reopened" because the term "competitive set" is not defined. The remaining allegations of this paragraph are legal conclusions to which no response is required.  To the extent any response is required, the allegations are denied.

402.   Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

403.   Defendant FSR is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Amended Complaint.

404.   Denied.

405.   Denied.

406.   Denied.

## ALLEGATIONS REGARDING RELIEF

407.   This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

408.   Denied.

## AFFIRMATIVE DEFENSES OF DEFENDANT FSR

## First Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief may be granted. In particular, it fails to allege facts which set forth a plausible claim for relief under either the federal WARN Act or the New York state WARN Act.

### Second Affirmative Defense

The circumstances alleged in the Complaint that have given rise to the Plaintiffs' claims are and were beyond the exclusive control of Defendant FSR.

### Third Affirmative Defense

The furloughs at issue in this case resulted from the COVID-19 Pandemic that swept the globe during 2020 and 2021. The COVID-19 Pandemic constituted a "natural disaster" within the meaning of the U.S. WARN Act. 29 U.S.C. § 2102(b)(2)(B). The Hotel was not required to provide any advance notice of a plant closing or mass layoff. *Id*. Plaintiffs and the proposed Class are therefore not entitled to the recovery of damages or to any other relief under the WARN Act.

### Fourth Affirmative Defense

The furloughs at issue in this case resulted from the COVID-19 Pandemic that swept the globe during 2020 and 2021. The COVID-19 Pandemic constituted a "natural disaster" within the meaning of the New York WARN Act. New York Labor Law §860-c; New York Administrative Code §921-6.4. The Hotel was not required to provide any advance notice of a plant closing or mass layoff. *Id*. Plaintiffs and the proposed Class are therefore not entitled to the recovery of damages or to any other relief under the New York WARN Act.

### Fifth Affirmative Defense

The furloughs at issue in this case resulted from the COVID 19 Pandemic that swept the globe during 2020 and 2021. The COVID-19 Pandemic constituted a business circumstance that was not reasonably foreseeable at the time notice under the U.S. WARN Act would have been

required. 29 U.S.C. § 2102(b)(2)(A). Accordingly, the Hotel was not required to provide any advance notice of a plant closing or mass layoff under the express terms of the WARN Act, but only to provide as much notice as was practicable at the time. *Id*., § 2102(b)(3). Such notice was provided. Plaintiffs and the proposed Class are therefore not entitled to the recovery of damages or to any other relief under the WARN Act.

### Sixth Affirmative Defense

The furloughs at issue in this case resulted from the COVID 19 Pandemic that swept the globe during 2020 and 2021. The COVID-19 Pandemic constituted a business circumstance that was not reasonably foreseeable at the time notice under the WARN Act would have been required. New York Labor Law §860-c; New York Administrative Code §921-6.3. Accordingly, the Hotel was not required to provide any advance notice of a plant closing or mass layoff under the express terms of the WARN Act, but only to provide as much notice as possible. New York Labor Law §860-c; New York Administrative Code § 921-6.1. Such notice was provided. Plaintiffs and the proposed Class are therefore not entitled to the recovery of damages or to any other relief under the WARN Act.

### Seventh Affirmative Defense

Defendant FSR is not signatory to any contract with the Plaintiffs or the proposed Class.

### Eighth Affirmative Defense

Defendant FSR is not the employer of the Plaintiffs or the proposed Class.

### Ninth Affirmative Defense

As described more fully in Defendant FSR's Motion to Compel Arbitration, Plaintiffs' action is barred by their failure to arbitrate their claims. Defendant FSR requests that this action be stayed or dismissed and that the Court order the Plaintiffs to arbitrate their claims.

## Tenth Affirmative Defense

As described more fully in Defendant FSR's Motion to Compel Arbitration, Plaintiffs signed enforceable class action waivers, and therefore have waived their right to bring their claims as part of a class or collective action.  Defendant FSR requests that this action be stayed or dismissed and that the Court order the Plaintiffs to arbitrate their claims individually.

## Eleventh Affirmative Defense

Unlike the Plaintiffs, most members of the putative Class are employed by the Hotel pursuant to collective bargaining agreements with various Unions.  Accordingly, the Plaintiffs are inadequate representatives of the majority of the putative Class.

## Twelfth Affirmative Defense

Most of the persons who would be members of the putative Class sought by the Plaintiffs are represented by different labor unions for purposes of collective bargaining. These unions have entered into collective bargaining agreements with the Hotel. All of the agreements contain mandatory grievance and arbitration provisions. Accordingly, any putative Class member whose employment is subject to such a collective bargaining agreement is barred from bringing this litigation by virtue of their failure to use the grievance and arbitration provisions of the agreements.

## Thirteenth Affirmative Defense

Any Plaintiff or putative Class member who has signed an agreement waiving their right to a jury trial may not proceed with a jury trial in this action.

## Fourteenth Affirmative Defense

To the extent that Plaintiffs purport to bring claims on behalf of any persons who are subject to a collective bargaining agreement between the hotel and any labor organization, Plaintiffs have failed to state claims upon which relief can be granted. Plaintiffs have neither identified any

provisions of the applicable collective bargaining agreements that the hotel allegedly has breached nor have Plaintiffs alleged a violation of the duty of fair representation by any union.

<u>**Fifteenth Affirmative Defense**</u>

To the extent that Plaintiffs purport to bring claims on behalf of any persons who are subject to a collective bargaining agreement between the hotel and any labor organization, such claims are barred by operation of the statute of limitations contained in § 10(b) of the National Labor Relations Act as applied to claims under the Labor Management Relations Act.

WHEREFORE, having fully Answered, Defendant FSR respectfully requests that the Amended Complaint be dismissed and that the Court order the Plaintiffs to arbitrate their claims. To the extent that the Court does not compel arbitration, Defendant FSR requests that:

    a.       The Amended Complaint be dismissed with prejudice;

    b.       That certification of any Class be denied;

    c.       The Plaintiffs take nothing and be awarded neither damages nor injunctive relief;

    d.       Defendant FSR be awarded its costs and attorneys' fees; and,

    e.       Defendant FSR be awarded such other and further relief as may be just and proper.

Dated: New York, New York
January 17, 2023

                               **STOKES WAGNER, ALC**

                               */s/ Paul E. Wagner*

                               Paul Wagner
                               John Hunt
                               903 Hanshaw Road
                               Ithaca, New York 14850
                               (607) 257-5165

                               *Attorneys for Defendant,*
                               *FSR International Hotels Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing "ANSWER OF DEFENDANT FSR INTERNATIONAL HOTELS INC. TO AMENDED COMPLAINT" was electronically filed using the Court's CM/ECF system which will automatically send copies of same to counsel of record below:

**Evan Craig Brustein**
Brustein Law PLLC
299 Broadway
Ste 17th Floor
New York, NY 10007
212-233-3900
212-285-0531 (fax)
evan@brusteinlaw.com

*Counsel for Plaintiffs Selena Staley, Vivian Holmes, and Olive Ivey and the proposed Class*

**Maya Risman**
Risman & Risman, P.C.
299 Broadway
Ste Fl. 17
New York, NY 10007
212-233-6400
info@risman-law.com

*Counsel for Plaintiffs Selena Staley, Vivian Holmes, and Olive Ivey and the proposed Class*

**Kathryn Lundy**
Freeborn & Peters LLP
1155 Avenue of the Americas
Ste 26th Floor
New York, NY 10036
212-218-8760
212-218-8761 (fax)
klundy@freeborn.com

*Attorneys for Defendants Hotel 57 Services, LLC Hotel 57, LLC, Ty Warner Hotels & Resorts LLC and H. Ty Warner*

**Marc Brian Zimmerman**
Freeborn & Peters LLP
1155 Avenue of the Americas
Ste 26th Floor
New York, NY 10036
212-218-8760
212-218-8761 (fax)
mzimmerman@freeborn.com

*Attorneys for Defendants Hotel 57 Services, LLC Hotel 57, LLC, Ty Warner Hotels & Resorts LLC and H. Ty Warner*

Dated: January 18, 2023

**STOKES WAGNER, ALC**

*/s/ Paul E. Wagner*
_____
Paul Wagner
903 Hanshaw Road
Ithaca, New York 14850
(607) 257-5165
pwagner@stokeswagner.com

*Attorneys for Defendant,*
*FSR International Hotels, Inc.*