UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

SELENA STALEY, VIVIAN HOLMES, and OLIVE   :
IVEY, on behalf of themselves and all others similarly   :
situated,   :
  :
               Plaintiffs,   :   Case No.: 22-CV-6781 (JSR)
  :
      v.   :
  :
FSR INTERNATIONAL HOTEL INC. d/b/a FOUR   :
SEASONS HOTELS AND RESORTS, HOTEL 57   :
SERVICES, LLC, HOTEL 57, LLC, TY WARNER   :
HOTELS & RESORTS, LLC, and H. TY WARNER   :
  :
             Defendants.   :
------------------------------------------------------------- X

<br>

**MEMORANDUM OF LAW IN SUPPORT OF THE WARNER DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT**

<br>

**FREEBORN & PETERS, LLP**
Marc B. Zimmerman
Kathryn T. Lundy
1155 Avenue of the Americas, 26th Floor
New York, NY 10036
(212) 218-8760

*Attorneys for Defendants*
*Hotel 57 Services, LLC, Hotel 57, LLC,*
*Ty Warner Hotels & Resorts, LLC and*
*H. Ty Warner*

# <u>TABLE OF CONTENTS</u>

**Page(s)**

PRELIMINARY STATEMENT ................................................................................. 1

PROCEDURAL HISTORY ..................................................................................... 3

FACTS ................................................................................................................. 5

    Parties .............................................................................................................. 5

    The EmPact Agreement ................................................................................... 5

    The COVID-19 pandemic significantly impacted the Hotel's business operations .................. 6

    The Hotel provided WARN Act notices to its employees, including Plaintiffs ....................... 7

ARGUMENT ......................................................................................................... 8

    POINT I ............................................................................................................ 9

        THE FIRST AND SECOND CAUSES OF ACTION FOR WARN ACT
        VIOLATIONS SHOULD BE DISMISSED ......................................................... 9

        A.  The Hotel provided Plaintiffs with appropriate written notice in
            compliance with federal and New York State WARN Acts ......................... 9

            1.  Plaintiffs were provided a written WARN Notice on
                August 5, 2020 ................................................................................. 10

            2.  COVID-19 caused unforeseeable business circumstances .................... 12

        B.  H. Ty Warner is not an "employer" under federal or New York
            State WARN Acts ................................................................................. 14

    POINT II ........................................................................................................... 15

        THE THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT
        FAILS TO STATE A CLAIM AND SHOULD BE DISMISSED ..................................... 15

        A.  The EmPact Agreement is a contract solely between Plaintiffs and
            Hotel 57 Services, LLC ......................................................................... 15

        B.  Plaintiffs did not comply with the C.A.R.E. dispute resolution
            procedure in the EmPact Agreement ....................................................... 17

    POINT III .......................................................................................................... 20

        THE FOURTH CAUSE OF ACTION FOR BREACH OF IMPLIED
        COVENANT OF GOOD FAITH AND FAIR DEALING SHOULD BE
        DISMISSED AS DUPLICATIVE OF THE BREACH OF CONTRACT
        CLAIM ...................................................................................................... 20

    POINT IV .......................................................................................................... 21

        THE FIFTH CAUSE OF ACTION FOR "ALTER EGO" SHOULD
        BE DISMISSED AGAINST DEFENDANT H. TY WARNER ................................. 21

POINT V ........................................................................................................................ 22

THE SIXTH CAUSE OF ACTION FOR PROMISSORY ESTOPPEL
SHOULD BE DISMISSED AGAINST THE WARNER DEFENDANTS ........................ 22

    A.  Plaintiffs failed to allege a clear and unambiguous promise ...................................... 22

    B.  Plaintiffs' promissory estoppel claim is duplicative of the breach
of contract claim ........................................................................................................ 23

CONCLUSION ............................................................................................................... 25

# TABLE OF AUTHORITIES

Page(s)

CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................8

*Assif v. Titleserv, Inc.*,
    11-cv-3203, 2014 WL 12843780 (E.D.N.Y. 2014) ....................................9

*Barnett v. Jamesway Corp. (In re Jamesway Corp.)*,
    235 B.R. 329 (Bankr. S.D.N.Y. 1999).......................................................12

*Bd. of Trustees ex rel. Gen. Ret. System of Detroit v. BNY Mellon, N.A.*,
    2012 WL 3930112 (S.D.N.Y. 2012)............................................................23

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................8

*Brass v. American Film Technologies, Inc.*,
    987 F. 2d 142 (2d Cir. 1993)..........................................................................8

*Butvin v. DoubleClick Inc.*,
    No. 99-cv-4727, 2001 WL 228121 (S.D.N.Y. 2001) ..............................20

*Commerzbank AG v. US Bank Nat'l Ass'n*,
    277 F.Supp.3d 483 (S.D.N.Y 2017)............................................................21

*Cruz v. Robert Abbey, Inc.*,
    778 F. Supp. 605 (E.D.N.Y. 1991) .............................................................14

*Diesel Props S.r.l v. Greystone Bus. Credit II LLC*,
    631 F.3d 42 (2d Cir. 2011)...........................................................................15

*ED Cap., LLC v. Bloomfield Inv. Res. Corp.*,
    757 F. App'x 26 (2d Cir. 2018)....................................................................22

*EEOC v. Waffle House, Inc.*,
    534 U.S. 279 (2002)......................................................................................16

*Four Finger Art Factory, Inc. v. Dinicola*,
    2000 WL 145466 (S.D.N.Y. 2000)..............................................................24

*Goldberg v. Pace Univ.*,
    535 F. Supp. 3d 180 (S.D.N.Y. 2021)........................................................23

iii

*Harris v. Provident Life & Accident Ins. Co.*,
    310 F.3d 73 (2d Cir. 2002)..........................................................................20

*Heckman v. Town of Hempstead*,
    568 Fed. App'x 41 (2d Cir. 2014).............................................................11

*In re TransCare Corp.*,
    611 B.R. 160 (Bankr. S.D.N.Y. 2020).....................................................10

*Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*,
    62 F.3d 69 (2d Cir. 1995)...........................................................................8

*ISS Facility Services, Inc. v. Fedcap Rehabilitation Services, Inc.*,
    2021 WL 2784550 (S.D.N.Y. 2021)........................................................19

*Kaye v. Grossman*,
    202 F.3d 611 (2d Cir. 2000).................................................................22, 23

*Key Items, Inc. v. Ultima Diamonds, Inc.*,
    09-cv-3729(HBP), 2010 WL 3291582 (S.D.N.Y. 2010)..........................16

*L-7 Designs, Inc. v. Old Navy, LLC*,
    647 F.3d 419 (2d Cir. 2011)......................................................................21

*Lehman v. Garfinkle*,
    08-cv-9385, 2009 WL 2973207 (S.D.N.Y. 2009) ....................................16

*Manley v. Utzinger*,
    1:10-cv-2210, 2011 WL 2947008 (S.D.N.Y. 2011) ................................11

*Morris v. New York State Dept. of Tax'n & Fin.*,
    82 N.Y.2d 135 (1993) ...............................................................................21

*Network Enters., Inc. v. Realty Racing, Inc.*,
    09-cv-4664, 2010 WL 3529237 (S.D.N.Y. 2010) ...................................21

*NRP Holdings LLC v. City of Buffalo*,
    916 F.3d 177 (2d Cir. 2019)......................................................................22

*NTT Am. Inc. v. Tennessee Data Sys., LLC*,
    2018 WL 5493088 (S.D.N.Y. 2018)........................................................23

*Oppenheimer & Co., Inc. v. Oppenheim, Appel, Dixon & Co.*,
    86 N.Y.2d 685 (1996) ...............................................................................17

*Rojo v. Deusche Bank*, 2010 WL 2560077, *7 (S.D.N.Y. 2010)...........................23

*Rooney v. Slomowitz*,
    11 A.D.3d 864 (3d Dept. 2004) ...............................................................17

*Shandler v. Bauz,*
    121 A.D.2d 619 (2d Dept. 1986) ........................................................................17

*Travelers Cas. & Sur. Co. v. Dormitory Auth-State of New York,*
    735 F.Supp.2d 42 (S.D.N.Y. 2010) .................................................................16

*Underdog Trucking, LLC, Reggie Anders v. Verizon Servs. Corp.,*
    09-cv-8918, 2010 WL 2900048 (S.D.N.Y. 2010) ............................................23

*Warshun v. New York Community Bancorp, Inc.,*
    957 F.Supp.2d 259 (E.D.N.Y 2013) .................................................................14

*Wilson v. Dantas,*
    58 N.Y.S.3d 286 (2017) ...................................................................................22

**OTHER AUTHORITIES**

CODE OF FEDERAL REGULATIONS

    20 C.F.R. § 639.7 .............................................................................................12

    20 C.F.R. § 639.7(a)(4) ....................................................................................10

    20 C.F.R. § 639.7(d) ........................................................................................10

    20 C.F.R. § 639.8 .............................................................................................10

    20 C.F.R. § 639.9 .............................................................................................12

    20 C.F.R. § 639.9(b)(1) ....................................................................................12

FEDERAL RULES OF CIVIL PROCEDURE

    § 9(c) ................................................................................................................18

    § 12(b)(6) ..................................................................................................2, 8, 9

    § 26 ..................................................................................................................11

NEW YORK CODES, RULES AND REGULATION

    § 921-2.1(f)(1) ..................................................................................................10

    § 921-2.3 ..........................................................................................................10

    § 921-2.3(b)(5) .................................................................................................12

    § 921-6.3 ..........................................................................................................13

NEW YORK STATE LABOR LAW

§ 860-a(3) ................................................................................................................14

§ 860-b ....................................................................................................................9

§ 860-b(2) ..............................................................................................................10

NEW YORK STATE WARN ACT ...................................................................3, 7, 8, 9, 10, 12, 14

Defendants Hotel 57 Services, LLC, Hotel 57, LLC, Ty Warner Hotels & Resorts, LLC, and H. Ty Warner (collectively, the "Warner Defendants"), by and through their undersigned counsel, Freeborn & Peters LLP, respectfully submit this memorandum of law in support of their motion to dismiss the Amended Complaint against the Warner Defendants, in its entirety and with prejudice, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6).[1]

## PRELIMINARY STATEMENT

This action arises from the temporary suspension of operations of the Four Seasons Hotel New York (the "Hotel") after the onset of the COVID-19 pandemic.  *See* Amd. Compl. at ¶ 3.[2] Plaintiffs Selena Staley ("Staley"), Vivian Holmes ("Holmes") and Olive Ivey ("Ivey" and collectively with Staley and Holmes, "Plaintiffs") allege that their employment at the Hotel was terminated[3] and assert claims against the Warner Defendants: (1) under the federal and New York State Workers Adjustment and Retraining Notification ("WARN") Acts for Defendants' purported failure to provide Plaintiffs advance written notice of their termination of employment (*see* Amd. Compl., First and Second Causes of Action; (2) breach of contract (the EmPact Agreement) for not providing No-Fault Separation Pay to Plaintiffs thereunder (*see* Amd. Compl., Third Cause of Action; (3) breach of an implied covenant of good faith and fair dealing, also for not providing No-Fault Separation Pay to Plaintiffs (*see* Amd. Compl., Fourth Cause of Action); (4) a non-

---

[1] By bringing this motion, the Warner Defendants do not waive, and expressly reserve, all rights in connection with their pending Motion to Compel Arbitration, Dismiss Class Claims and Stay Action, filed on November 15, 2022 (*see* Dkt. No. 27), including without limitation, their right to compel arbitration of Plaintiffs' claims herein.

[2] References to the Amended Complaint in this action filed on December 19, 2022 and annexed to the Declaration of Kathryn T. Lundy, dated January 20, 2023 ("Lundy Decl."), as Exh. A are denoted herein as "Amd. Compl. at ¶ __".

[3] *Id*. at ¶¶ 15, 18, 21, 22, 24, 190, 192, 193, 196, 252, 255, 256, 257, 258, 260, 261, 262, 292, 314, 316, 317, 322, 325, 329, 330, 331, 332, 333, 335, 336, 338, 339, 340, 348, 359, 386.

cognizable claim of "alter ego" against H. Ty Warner, individually (*see* Amd. Compl., Fifth Cause of Action); and (5) promissory estoppel for failing to re-open the Hotel and (again) not providing No-Fault Separation Pay to Plaintiffs (*see* Amd. Compl., Sixth Cause of Action).  As set forth herein, the Amended Complaint fails to state a claim against the Warner Defendants and should be dismissed in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

The First and Second Causes of Action in the Amended Complaint for alleged violations of federal and New York State WARN Acts should be dismissed because the Hotel provided valid notice of employment loss to Plaintiffs in compliance with applicable WARN Acts on August 5, 2020.  Additionally, such claims should be dismissed against H. Ty Warner, individually, because H. Ty Warner, an individual, is not an "employer," and cannot therefore be liable for purported violations of either federal or New York State WARN Acts.  *See* Point I, *infra*.

The Third Cause of Action in the Amended Complaint for breach of contract (the EmPact Agreement) should be dismissed because: (a) the EmPact Agreement, upon which Plaintiffs claim is based, is a contract solely between each of the Plaintiffs and Hotel 57 Services, LLC -- not Defendants Hotel 57, LLC, Ty Warner Hotels & Resorts, LLC or H. Ty Warner; and (b) Plaintiffs cannot establish a breach of the EmPact Agreement as they do not, and cannot, allege that they satisfied a condition precedent under such contract.  *See* Point II, *infra*.

The Fourth Cause of Action for breach of implied good faith and fair dealing should be dismissed as redundant to Plaintiffs' breach of contract claim alleged in the Third Cause of Action, as New York law does not recognize such a stand-alone claim that rests exclusively on the same facts, and seeks the same relief as, a breach of contract claim.  *See* Point III, *infra*.

The Fifth Cause of Action for "Alter Ego" against Defendant H. Ty Warner should be dismissed as "Alter Ego" is not a cognizable legal claim under New York law.  *See* Point IV, *infra*.

The Sixth Cause of Action for promissory estoppel should be dismissed because: (a) it also is duplicative of Plaintiffs' breach of contract claim alleged in the Third Cause of Action as Plaintiffs do not, and cannot, allege the existence of any independent obligations to Plaintiffs beyond those in the EmPact Agreement; and (b) Plaintiffs do not, and cannot, allege a clear promise to re-open the Hotel by a date certain. *See* Point V, *infra*.

## PROCEDURAL HISTORY

Plaintiffs commenced this action on August 9, 2022 by filing a Complaint against Four Seasons Hotels and Resorts and the Warner Defendants alleging: (1) violations of the Federal WARN Act against all Defendants; (2) violations of the New York State WARN Act against all Defendants; (3) breach of contract against Four Seasons; (4) breach of implied covenant of good faith and fair dealing against Four Seasons; (5) tortious interference with contract against the Warner Defendants; and (6) "Alter Ego" against H. Ty Warner. *See* Dkt. No. 1.[4]

On November 15, 2022, the Warner Defendants filed a Motion to Compel Arbitration, Dismiss Class Claims and Stay Action, which presently is *sub judice*. *See* Dkt. Nos. 27, 29, 30, 31, 43, 44 and 46.[5]

On December 5, 2022, the Warner Defendants filed a Motion to Dismiss the First Compl. *See* Dkt. No. 28, 39, 40 and 41. Plaintiffs did not file any opposition to the Motion to Dismiss by the Court-imposed deadline on December 19, 2022. *See* Dkt. No. 28. Instead, on December 16, 2022, Plaintiffs filed the Amd. Compl., which the Court rejected as deficient and Plaintiffs re-filed on December 19, 2022. *See* Lundy Decl. at ¶ 2, Exh. A; Dkt. Nos. 47-48.

---

[4] References to Plaintiffs' initial Compl. in this action, dated and filed on August 9, 2022 are denoted herein as "First Compl."

[5] Defendant FSR International Hotels, Inc. ("FSR") also filed a Motion to Compel Arbitration, Dismiss Class Claims and Stay Action, which also is *sub judice*. *See* Dkt. Nos. 35-38.

The material facts alleged in the First Compl. are nearly identical to those in the Amd. Compl. Specifically, in both the First Compl. and the Amd. Compl., Plaintiffs' allege:

- they were terminated from their employment at the Hotel;[6]

- the EmPact Agreement is a valid contract;[7]

- they were entitled to No-Fault Separation Pay under the EmPact Agreement because their employment was terminated;[8] and

- required WARN notices were allegedly not proper or not timely issued to Plaintiffs.[9]

The Amd. Compl. contains identical claims to the First Compl., other than in the Amd. Compl., Plaintiffs: (a) abandoned their prior claim for tortious interference with contract against the Warner Defendants; (b) extended their prior claims for breach of contract and breach of implied covenant of good faith and fair dealing to assert such claims against the Warner Defendants in addition to FSR; and (c) asserted a new claim for promissory estoppel against all defendants. *Id.* at ¶¶ 391-406.

---

[6] *See* First Compl. ¶¶ 139, 140, 141, 142, 166, 168(b), 168(c), 178, 179, 181, 182, 184, 186, 187, 188, 189, 190, 194, 195, 196, 197, 198, 200, 201, 203, 204, 205, 206; Amd. Compl. ¶¶ 15, 18, 21, 22, 24, 190, 192, 193, 196, 252, 255, 256, 257, 258, 260, 261, 262, 292, 314, 316, 317, 322, 325, 329, 330, 331, 332, 333, 335, 336, 338, 339, 340, 348, 359, 386.

[7] *See* First Compl. ¶¶ 210-211, 221-222, 236-237; Amd. Compl. at ¶¶ 345, 346, 356, 357.

[8] *See* First Compl. ¶¶ 7, 214, 215, 218; Amd. Compl. ¶¶ 349, 350, 353, 360, 361, 368.

[9] *See* First Compl. ¶¶ 4, 5, 114, 119, 123-125, 139-141, 173-191, 192-207; Amd. Compl. ¶¶ 4, 29, 158, 169, 170, 185, 194, 196.

## FACTS

**Parties**

Plaintiffs are individuals employed at the Hotel -- Staley for approximately 12 years and Holmes and Ivey each for approximately 24 years. *See* Amd. Compl. at ¶¶ 36-38. Plaintiffs allege Hotel 57 Services, LLC employed Plaintiffs and others similarly situated at the Hotel and operates the Hotel under the assumed name, Four Seasons Hotel, New York, in New York State. *Id.* at ¶¶ 71 and 77. Plaintiffs allege Hotel 57 LLC managed and operated the Hotel and, upon information and belief, employed Plaintiffs. *Id.* at ¶¶ 105-107. Plaintiffs allege, upon information and belief, Ty Warner Hotels & Resorts, LLC operates, owns and maintains the Hotel. *Id.* at ¶¶ 111-113. Plaintiffs allege, upon information and belief, H. Ty Warner operates, maintains and is the owner of, the Hotel. *Id.* at ¶¶ 123, 125, 126.

**The EmPact Agreement**

Plaintiffs' terms and conditions of employment at the Hotel are set forth in an employment contract between Plaintiffs and Hotel 57 Services, LLC known as the U.S EmPact[SM] Employee Handbook (the "EmPact Agreement"). *See* Amd. Compl. at ¶ 346; Declaration of Elizabeth Ortiz, dated January 19, 2023 at ¶ 4, Exh. D.[10]

The EmPact Agreement is a valid contract between Hotel 57 Services, LLC and Plaintiffs (*see* Amd. Compl. at ¶¶ 345, 346, 356, 357). Each of the Plaintiffs executed and entered into the EmPact Agreement. Staley signed the EmPact Agreement on or about June 8, 2011, and updated versions in or about 2015 and 2018 (*see* Ortiz Decl. at ¶ 5, Exh. E (Staley's signature pages of the EmPact Agreement)). Holmes signed the EmPact Agreement in or about March 1998, and an

---

[10] References to the Declaration of Elizabeth Ortiz, dated January 19, 2023, are denoted herein as "Ortiz Decl. at ¶ __."

updated version in 2018 (*see* Ortiz Decl. at ¶ 6, Exh. F (Holmes' signature pages of the EmPact Agreement)).  Ivey signed the EmPact Agreement in or about October 1997, and an updated version in 2018 (*see* Ortiz Decl. at ¶ 7, Exh. G (Ivey's signature pages of the EmPact Agreement)).

Where disputes arise in connection with the EmPact Agreement, the EmPact Agreement provides "a system that will ensure that more substantial disputes are fully heard and fairly decided." *See* Ortiz Decl. at ¶ 4, Exh. D., at p. 55.  Specifically, the EmPact agreement contains a mandatory "Complaint, Arbitration & Review for Employees - C.A.R.E." multi-step dispute resolution procedure that each of Plaintiffs expressly agreed to use *first* "for all complaints even if I have exercised my right to opt out of the mediation/arbitration provisions of C.A.R.E."  *See* Ortiz Decl. at ¶¶ 4-7, Exh. D at p. 61, Exhs. E, F and G.  Plaintiffs do not allege in the Amd. Compl. that they opted out of the mediation/arbitration provision of C.A.R.E. or that they failed to comply with the mandatory C.A.R.E. dispute resolution procedure prior to commencing this action.

**The COVID-19 pandemic significantly impacted the Hotel's business operations**

As of February 2020, approximately 500 employees, including Plaintiffs, were employed at the Hotel.  *See* Amd. Compl. at ¶ 51.  The Hotel's normal business operations were significantly impacted by the COVID-19 pandemic, which decimated the hospitality industry generally, and hotels specifically.

Due to the uncertain and unprecedented conditions at play during the early stage of the COVID-19 pandemic, Hotel 57 Services, LLC was utterly (and understandably) unaware when the COVID-19 pandemic and the restrictions and challenges it created on business operations would ease and, as such, maintained consistent communication with its employees regarding Hotel operations. *See e.g.,* Amd. Compl. at ¶¶ 198, 199, 200, 201, 202, 203, 207, 208, 209, 215, 217 (citing to various correspondence and memos to Hotel employees regarding its business operations

6

during the pandemic).  Once it became apparent the Hotel would not be able to resume its regular, normal business operations in the reasonably foreseeable future due to the grave concerns and business restrictions created by the COVID-19 pandemic, Hotel 57 Services, LLC promptly issued WARN Act notices to its employees, including Plaintiffs.  *See* Ortiz Decl. at ¶ 3, Exhs. A - C.

**<u>The Hotel provided WARN Act notices to its employees, including Plaintiffs</u>**

On August 5, 2020 -- less than four months following onset of the COVID-19 pandemic, the Hotel provided WARN Act notices to its employees (including Plaintiffs), which provided:

> This is to inform you that due to unforeseen business circumstances and the continued major economic downtown stemming from the COVID-19 virus pandemic and consequent travel and tourism disruptions outside of the employer's control the Four Seasons Hotel New York will continue your temporary layoff which began on 7/14/2020 for an as yet undetermined number of months.  The layoffs included approximately 464 employees, including yourself and are still expected to be temporary.
>
> You are also hereby notified that, as a result of your employment loss, you may be eligible to receive job retraining, re-employment services, or other assistance with obtaining new employment from the New York Department of Labor or its workforce partners upon your termination.  You may also be eligible for unemployment insurance benefits after your last day of employment. Whenever possible, the New York State Department of Labor will contact your employer to arrange to provide additional information regarding these benefits and services to you through workshops, interviews, and other activities that will be scheduled prior to the time your employment ends.  If your job has already ended, you can also access reemployment information and apply for unemployment insurance benefits on the Department's website or you may use the contact information provided on the website or visit one of the Department's local offices for further information and assistance.
>
> This notice is supplied to you pursuant to the WARN Act as well and has been supplied to the appropriate governmental agencies.
>
> If you have any questions concerning anything contained in this letter, please contact me at 212-350-6604.

The WARN Act notices were signed by Rudolf ("Rudy") Tauscher, the Hotel's General Manager. Ortiz Decl. at ¶ 3; Exh. A (August 5, 2020 WARN Act notice to Holmes).[11]

## ARGUMENT

On a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing to*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "[t]hreadbare recitals of the elements of a cause of action" and conclusory allegations are not presumed true. *Ashcroft*, 556 U.S. at 678. A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Id*. If the plaintiff has not "nudged [its] claims across the line from conceivable to plausible" dismissal is required. *Bell Atl. Corp.*, 550 U.S. at 570. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is limited to the factual allegations in the complaint, to documents attached to the complaint as exhibits or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in Plaintiff's possession or of which Plaintiff had knowledge and relied on in bringing suit. *See Brass v. American Film Technologies, Inc.*, 987 F. 2d 142 (2d Cir. 1993); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) ("[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.").

---

[11] The date of the temporary layoff referenced in the WARN Act notice was specific to each employee: for Ivey, it was "3/14/2020" and for Staley, it was "3/21/2020". *See* Ortiz Decl. at ¶ 3, Exhs. B and C, respectively.

## POINT I

### THE FIRST AND SECOND CAUSES OF ACTION
### FOR WARN ACT VIOLATIONS SHOULD BE DISMISSED

To state a claim under the WARN Act, a plaintiff must allege that: "(1) he or she was employed by an 'employer' (2) who failed to provide at least 60 calendar days advance notice of (3) a 'plant closing' or a 'mass layoff' which resulted in (4) an 'employment loss.'" *Assif v. Titleserv, Inc.*, 11-cv-3203, 2014 WL 12843780, at *6 (E.D.N.Y. Aug. 25, 2014) (citation omitted). As set forth in detail below, Plaintiffs have failed to state a claim under Fed. R. Civ. P. 12(b)(6) and the First and Second Causes of Action should be dismissed as a matter of law because Plaintiffs were provided WARN Notice on August 5, 2020 and because H. Ty Warner, individually, is not an "employer" under the Federal and New York WARN Acts.

**A.    The Hotel provided Plaintiffs with appropriate written notice in compliance with federal and New York State WARN Acts**

Generally, the federal WARN Act requires "employers" (defined below) of more than 100 employees to provide sixty calendar days' advance notice of certain "plant closings" or "mass layoffs" (*see* 29 U.S.C. § 2101(a)).  The New York State WARN Act similarly requires employers with 50 or more full-time employees in New York State to provide ninety calendar days' advance notice of such actions (*see* N.Y. Lab. L. § 860-b).

A federal WARN notice to employees must be written in language understandable to the employees and contain a: "(1) [a] statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect; (2) [t]he expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (3) [a]n indication whether or not bumping rights exist; and (4) [t]he name and telephone number of a company official to contact for further information."

20 C.F.R. § 639.7(d). The notice may include additional information useful to the employees such as information on available dislocated worker assistance, and, if the planned action is expected to be temporary, the estimated duration, if known. *Id*. The notice must be "based on the best information available to the employer at the time the notice is served," (20 C.F.R. § 639.7(a)(4)) and delivered in a manner "which is designed to ensure receipt" (20 C.F.R. § 639.8).

The New York WARN Act and regulations largely mirror the federal WARN Act and regulations and are analyzed collectively herein.[12]

### 1.    Plaintiffs were provided a written WARN Notice on August 5, 2020.

Plaintiffs' First and Second Claims for relief are based upon their contention that they were not provided advance and proper written notice of their terminations of employment, as required under federal and New York State WARN Acts (*see, e.g.,* Amd. Compl. ¶¶ at 4, 29, 158, 169, 170, 185, 194 and 196). Tellingly, Plaintiffs do not allege they were not provided *any* WARN notice at all, but that they were not provided "required," "adequate" or timely notice. *Id*. In fact, the Hotel provided its employees, including each of Plaintiffs, such notice on August 5, 2022 (the "August 5, 2020 WARN Notice"), which set forth all required information concerning a plant closing or mass layoff pursuant to the federal and New York State WARN Acts, as follows:

- A statement as to whether the planned action is expected to be permanent or temporary:  The August 5, 2020 WARN Notice provided: "This is to inform you that due to unforeseen business circumstances and the continued major economic downturn stemming from the COVID-19 virus pandemic and consequent travel

---

[12] *See In re TransCare Corp.,* 611 B.R. 160, 167 (Bankr. S.D.N.Y. 2020), *citing to* New York Labor Law ("NYLL") § 860-b(2) ("An employer required to give notice of any mass layoff relocation or employment loss under this article shall include in its notice the elements required by the federal Worker Adjustment and Retraining Notification Act…"). New York State WARN Act "[n]otice must be specific" and "based on the best information available to the employer at the time the notice is served" (12 N.Y.C.R.R. § 921-2.1(f)(1)), and "in a language understandable to the employee". 12 N.Y.C.R.R. § 921-2.3. The Warner Defendants' arguments herein therefore are applicable to Plaintiffs' claims under federal and New York State WARN.

and tourism disruptions outside of the employer's control ***the Four Seasons Hotel New York will continue your temporary layoff which began on 7/14/2020 for an as yet undetermined number of months.  The layoffs included approximately 464 employees, including yourself and are still expected to be temporary.***" [Emphasis added]

- The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated:  The August 5, 2020 WARN Notice provided: "the Four Seasons Hotel New York will continue your temporary layoff ***which began on 7/14/2020*** for an as yet undetermined number of months." [Emphasis added]

- The name and telephone number of a company official to contact for further information:  The August 5, 2020 WARN Notice provided: "If you have any questions concerning anything contained in this letter, please contact me at 212-350-6604."  The document was signed by the Hotel's then-General Manager.

*See* Ortiz Decl. at ¶ 3, Exhs. A – C (copies of August 5, 2020 WARN Notices to Plaintiffs).[13]

Notably, the August 5, 2020 WARN Notice does not specifically indicate whether "bumping rights" exist, as such concept is inapplicable to Plaintiffs as non-union employees.[14]

---

[13] The August 5, 2020 WARN Notice -- a copy of which was produced by Plaintiffs in connection with their Fed. R. Civ. P. 26 disclosures -- may be considered by the Court as it is known to Plaintiffs and integral to the Complaint.  *See, e.g., Heckman v. Town of Hempstead*, 568 Fed. App'x 41, 43 (2d Cir. 2014) ("the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, [as well as] documents 'integral' to the complaint and relied upon in it."); *Manley v. Utzinger*, No. 1:10-CV-2210, 2011 WL 2947008 (S.D.N.Y. July 21, 2011) ("The Court may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, and documents possessed by or known to the plaintiff and upon which the plaintiff relied in bringing the suit").

[14] In addition, a New York State WARN notice must contain: "Information concerning unemployment insurance, job training, and re-employment services for which affected employees may be eligible. Such information shall, at a minimum, include the following notice: 'You are also hereby notified that, as a result of your employment loss, you may be eligible to receive job retraining, re-employment services, or other assistance with obtaining new employment from the New York State Department of Labor or its workforce partners upon your termination. You may also be eligible for unemployment insurance benefits after your last day of employment. Whenever possible, the New York State Department of Labor will contact your employer to arrange to provide additional information regarding these benefits and services to you through workshops, interviews, and other activities that will be scheduled prior to the time your employment ends. If your job has already ended, you can also access reemployment information and apply for unemployment insurance benefits on the Department's website or you may use the contact

Indisputably, the Hotel provided each of Plaintiffs with a WARN notice containing all required information, leaving the Court to determine only whether the August 5, 2020 WARN Notice was timely provided, concerning the dire circumstances presented by the COVID-19 pandemic.  As discussed in Point I(A)(2), *infra*, such notice was appropriate in light of the business circumstances created by the global pandemic.

### 2.    COVID-19 caused unforeseeable business circumstances.

Employers are relieved from the full sixty-day notice requirement under the federal WARN Act notice under certain circumstances, including when a covered plant closing or mass layoff "is caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required."  29 U.S.C. § 2102(b)(2)(A); s*ee Barnett v. Jamesway Corp. (In re Jamesway Corp.),* 235 B.R. 329, 342 (Bankr. S.D.N.Y. 1999) ("[W]hen an employer ceases operating due to 'not reasonably foreseeable business circumstances'… the employer can give less than 60 days' WARN notice, provided the notice contains certain 'basic' information (*see* 20 C.F.R. § 639.7), and an explanation why the employer could not provide the full 60 days' notice."), including, where appropriate, "notice after the fact."  *See* 20 C.F.R. § 639.9.  The WARN Act regulations clarify that "an important indicator of a business circumstance that is not reasonably foreseeable is that the circumstance is caused by some sudden, dramatic and unexpected action or condition outside the employer's control" (20 C.F.R. § 639.9(b)(1)) and, where such circumstance exists, an employer relying on such statutory exception nonetheless "shall give as much notice as is practicable" (*Id.* 29 U.S.C. § 2102(b)(3)).[15]

---

information provided on the website or visit one of the Department's local offices for further information and assistance.'"  *See* N.Y.C.R.R. § 921-2.3(b)(5).  Such statement is contained verbatim on the August 5, 2020 WARN Notice.  *See* Ortiz Decl. at ¶ 3, Exhs. A - C.

[15] New York State WARN Act similarly provides for an exception to the 90-day notice period where "the plant closing, mass layoff, relocation or covered reduction in work hours was caused

The COVID-19 pandemic was, of course, unforeseeable, sudden and unpredictable, particularly during the early months of March through August 2020, when New York City businesses were, at best, completely disrupted, and at worst, forced to shutter to ensure compliance with applicable laws, rules and regulations. The Hotel, like other businesses, wholly lacked reliable information concerning the duration and impact of the COVID-19 pandemic on its regular business operations. Simply put, like nearly all employers in New York City, and through no fault of its own, the Hotel was woefully unaware of when it would be able to resume its normal business operations.

Unfortunately, in August 2020 -- only four months into the COVID-19 pandemic -- at a time when New York City, its residents and businesses were on edge and overwhelmed with its associated health and economic crises, when travel and tourism essentially halted and without any indication or "crystal ball" to determine that, or when, the debilitating effects of the pandemic would ease, the Hotel reasonably determined it was unlikely to be able to resume its regular business operations in the near future. Accordingly, on August 5, 2020, the Hotel issued the August 5, 2020 WARN Notice, which specifically advised its employees that its decision to continue their temporary layoff was "due to unforeseen business circumstances and the continued major economic downturn stemming from the COVID-19 virus pandemic and consequent travel and tourism disruptions outside the employer's control". *See* Ortiz Decl. at ¶ 3, Exhs. A - C.

The August 5, 2020 WARN Notice provided the Hotel's employees with as much notice as was practicable, based on the best information available to the employer as of that date.

---

by business circumstances that were not reasonably foreseeable when the 90-day notice would have been required." 12 N.Y.C.R.R. § 921-6.3. Such unforeseeable business circumstance "may be established by the occurrence of some sudden, dramatic and unexpected action or condition outside the employer's control" determined by the employer exercising "commercially reasonable business judgment." *Id*.

Accordingly, as the August 5, 2020 WARN Notice was timely provided to employees and contained all required information under federal and New York State WARN Acts, and therefore the First and Second Causes of Action should be dismissed as against the Warner Defendants.

**B.    H. Ty Warner is not an "employer" under federal or New York State WARN Acts.**

Assuming, *arguendo*, the Court does not dismiss the First and Second Causes of Action against all the Warner Defendants as set forth in Point I(A), *supra*, it should nonetheless dismiss such claims as against H. Ty Warner, individually, on the alternative ground that an individual cannot be held liable for alleged WARN Act violations

The federal WARN Act defines "employer" to mean any business enterprise that employs 100 or more employees…."  29 U.S.C. § 2101(a)(1)(A).  Similarly, the New York State WARN Act defines an "employer" as a business enterprise with 50 or more full time employees.  N.Y. Lab L. § 860-a(3).  A "business enterprise" under the WARN Act is intended to be synonymous with "company", "firm or "business" -- not individuals.  *See Cruz v. Robert Abbey, Inc.,* 778 F. Supp. 605, 608 (E.D.N.Y. 1991) ("A review of the statute, its applicable regulations and its legislative history indicate that "employer" does not include individual persons."); *Warshun v. New York Community Bancorp, Inc.,* 957 F.Supp.2d 259, 267 (E.D.N.Y 2013) ("the Court finds the federal WARN does not provide individual liability….the Court finds that the New York WARN Act also does not provide for individual liability.")

As Plaintiffs cannot maintain their claims under the WARN Acts against H. Ty Warner, individually, the Court should dismiss the First and Second Causes of Action against him.

**POINT II**

**THE THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT
FAILS TO STATE A CLAIM AND SHOULD BE DISMISSED**

Plaintiffs' breach of contract claim solely relates to allegations that they were not provided No-Fault Separation Pay in purported violation of the EmPact Agreement. *See* Amd. Compl. at ¶ 350. To establish a breach of contract claim, a plaintiff must allege "(1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." *Diesel Props S.r.l v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011). For the reasons set forth below, the claim for breach of contract should be dismissed against the Warner Defendants.

**A.    The EmPact Agreement is a contract solely between Plaintiffs
and Hotel 57 Services, LLC**

Plaintiffs have not stated, and cannot state, a claim for breach of contract against any of Hotel 57, LLC, Ty Warner Hotels & Resorts LLC or H. Ty Warner under the EmPact Agreement as none of them are parties to the EmPact Agreement.

The only contract Plaintiffs allege as the basis of their breach of contract claim in the Third Cause of Action is the EmPact Agreement, which they refer to as "a valid contract between Defendants and each of the Plaintiffs and each of the members of the proposed Sub-Class." Amd. Compl. at ¶ 346. However, despite Plaintiffs' attempt to cast an impermissibly wide net extending the EmPact Agreement to all Defendants in this action, the EmPact Agreement indisputably is *a contract between each individual Plaintiff and Hotel 57 Services, LLC*. Specifically, the EmPact Agreement provides, in relevant part, as follows:

**EMPACT<sup>SM</sup>**

**My complete personal contract with Four Seasons Hotel New York**

> The Hotel 57 Services, L.L.C (hereafter referred to as Four Seasons Hotel
> New York) recognizes my valuable services as an employee and agrees …
> to provide with the benefits described in my EmPact<sup>SM</sup>.  In return, I …
> agree to abide by the principles, goals and policies in this EmPact<sup>SM</sup>.

*See* Ortiz Decl. at ¶ 7, Exh. D (EmPact Agreement) at p. 61;

Plaintiffs cannot establish a contractual relationship with Hotel 57, LLC, Ty Warner Hotels & Resorts LLC and H. Ty Warner where none exists simply by alleging so in the Amd. Compl. *See Lehman v. Garfinkle*, 08-cv-9385, 2009 WL 2973207 (S.D.N.Y. 2009) (plaintiff did not properly allege the existence of a contract between plaintiff and certain individual defendants where the complaint alleged promises made generally by a particular defendant but exhibits attached to the complaint demonstrated the promises were made by other defendants).

 "It goes without saying that a contract cannot bind a nonparty."  *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 294 (2002).  "As a general rule, privity or its equivalent remains the predicate for imposing liability for nonperformance of contractual obligations." *Travelers Cas. & Sur. Co. v. Dormitory Auth-State of New York,* 735 F.Supp.2d 42, 80 (S.D.N.Y. 2010) (quotation omitted). Allegations of mere involvement in a transaction related to a contract is insufficient. *Key Items, Inc. v. Ultima Diamonds, Inc.*, No. 09-cv-3729(HBP), 2010 WL 3291582, at *7 (S.D.N.Y. 2010) (dismissing the breach of contract claim against all corporate defendants holding, among other things, the vague statement the corporate defendants "were involved in the transactions described herein" were insufficient to properly allege the existence of a contract between them).

As Plaintiffs cannot state a claim for breach of the EmPact Agreement against non-parties to that contract -- Hotel 57, LLC, Ty Warner Hotels & Resorts LLC and H. Ty Warner -- the Third Cause of Action should be dismissed against them.

16

**B.    Plaintiffs did not comply with the C.A.R.E. dispute resolution procedure in the EmPact Agreement**

The Third Cause of Action for breach of contract should also be dismissed against Hotel 57 Services, LLC (and the other Warner Defendants if they are not dismissed for the reasons outlined in Point II(A), *supra*) given Plaintiffs failure to adhere to any of the six-step C.A.R.E. claims resolution procedure set forth in the EmPact Agreement -- conditions precedent to their breach of contract claim.

Plaintiffs cannot establish a claim for breach of the EmPact Agreement where they have failed to perform a condition precedent under that contract.  Such condition precedent is an act that unless the condition is excused, must occur before a duty to perform under an agreement arises.  *Oppenheimer & Co., Inc. v. Oppenheim, Appel, Dixon & Co.,* 86 N.Y.2d 685 (1996) (quotation omitted).  An express condition precedent must be literally and exactly performed (*Id.*) and if a party fails to satisfy a condition precedent, it is barred from claiming a breach of contract.  *See Rooney v. Slomowitz,* 11 A.D.3d 864, 865 (3d Dept. 2004) (an obligation to perform under a contract can be conditioned on the performance of a condition precedent); *Shandler v. Bauz,* 121 A.D.2d 619, 620 (2d Dept. 1986) (Plaintiff's failure "to satisfy a condition precedent precluded a finding that the defendants breached the contract").

Despite Plaintiffs' conclusory allegation that they "materially performed their contractual obligations" (Amd. Compl. at ¶ 347), they do not, and cannot, allege they adhered to the detailed C.A.R.E. dispute resolution procedure expressly required by the EmPact Agreement.  *See* Ortiz Decl. at ¶ 4, Exh. D, pp. 4, 55-62.[16]  Specifically, the EmPact Agreement provides in relevant part, as follows:

---

[16] Accordingly, Plaintiffs fail to meet their pleading requirements pursuant to Fed. R. Civ. P. 9(c) as they do not, and cannot, allege "all conditions precedent have occurred or been performed."  *Id.*

C.A.R.E. works as follows:

**STEP 1:**   I will discuss the matter informally with my immediate supervisor.

**STEP 2:**   If STEP 1 does not solve the problem, I will file a written complaint with the Human Resources Office within **14 days** after the event or problem occurred. At my request the Director of Human Resources may assist me in preparing my complaint.

**STEP 3:**   The Director of Human Resources will conduct an investigation concerning my written complaint, including a meeting with me, within **7 days** after filing.

**STEP 4:**   The Director of Human Resources will issue a written decision to me within **7 days** after the close of the investigation.

**STEP 5:**   If I am dissatisfied with the written decision in STEP 4, I will appeal to the General Manager within **14 days** after STEP 4. The General Manager will meet with me and give me a written decision on my appeal within **14 days** after our meeting.

**STEP 6:**   **MEDIATION/ARBITRATION**. If I am not satisfied with the General Manager's written decision in STEP 5, and the complaint is based on one of the following types of claims as defined by law:
  **a.**   employment discrimination;
  **b.**   harassment as it relates to my employment;
  **c.**   a wage or hour violation;
  **d.**   or termination of my employment from the Hotel (including **"constructive discharge"**, but not a permanent layoff); then I must submit my complaint to be heard by an independent mediator/arbitrator unless I have chosen to opt out of the mediation/arbitration provisions by following the opt-out procedure provided on page 61.

*Id.* at pg. 55. Here, Plaintiffs failed to comply with their contractual requirement to follow *any* of the required steps of C.A.R.E., including the arbitration agreement contained therein, despite their express agreement to "[u]se C.A.R.E. **first** for all complaints even if I have exercised my right to opt out of the mediation/arbitration provisions of C.A.R.E." *Id.* at p. 61 (emphasis

added).[17]   Even if Plaintiffs opted out of the Mediation/Arbitration procedure (which they did

not), and even if the Court were to find that Plaintiffs were not required to submit to the EmPact

Agreement's Mediation/Arbitration procedure set forth in Step 6 of C.A.R.E. in connection with

the claims herein, Plaintiffs *still* were obligated to follow each of Step 1, Step 2, Step 3, Step 4

and Step 5 of C.A.R.E., but failed to do so.   *See ISS Facility Services, Inc. v. Fedcap*

*Rehabilitation Services, Inc.,* 2021 WL 2784550 (S.D.N.Y. 2021) (dismissing breach of contract

claim for failure to comply with a contractual condition precedent where plaintiff did not

plausibly allege that the parties complied with all the contract's dispute resolution provisions)

As Plaintiffs fail (and are unable) to allege they satisfied such condition precedent under

the EmPact Agreement, they cannot state a claim for breach of the EmPact Agreement.

Therefore, the Third Cause of Action should be dismissed, in its entirety, against the Warner

Defendants.

---

[17] Quite to the contrary, despite their contractual requirements, Plaintiffs brought their claims relating to the termination of their employment in the instant lawsuit.  As the Court is aware, the Warner Defendants and FSR separately have filed pending motions to compel arbitration, dismiss class claims and stay this action.  *See* Dkt. Nos. 27 and 35.

**POINT III**

**THE FOURTH CAUSE OF ACTION FOR BREACH OF IMPLIED COVENANT
OF GOOD FAITH AND FAIR DEALING SHOULD BE DISMISSED
AS DUPLICATIVE OF THE BREACH OF CONTRACT CLAIM**

Plaintiffs' claim for breach of implied covenant and good faith and fair dealing for alleged failure to provide to Plaintiffs No-Fault Separation Pay under the EmPact Agreement should be dismissed as duplicative of their breach of contract claim as it is based upon the identical facts as such claim (*see* Amd. Compl., Third Cause of Action, ¶¶ 343-353). Plaintiffs allege with respect to both claims: (a) Plaintiffs entered into the EmPact Agreement, which they concede to be a valid contract (*compare* Amd. Compl. ¶¶ 345-346 with ¶¶ 356-357); (b) Plaintiffs are "entitled to No-Fault Separation Pay" but were not paid same (*compare* Amd. Compl. ¶¶ 349-350 with ¶¶ 360-361); (c) Defendants breached the EmPact Agreement by having materially failed to perform its commitments under such contract (*compare* Amd. Compl. ¶ 351 with ¶¶ 362, 366). Equally, Plaintiffs allege the same damages for both claims: "their No-Fault Separation Pay and the natural and probable consequences of the breach [of the EmPact Agreement]" (*compare* Amd. Compl. ¶ 353 with ¶ 368).

New York law "does not recognize a separate cause of action for breach of implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Accident Ins. Co.,* 310 F.3d 73, 81 (2d Cir. 2002); *see also, Butvin v. DoubleClick Inc.,* No. 99-cv-4727, 2001 WL 228121, at *8 (S.D.N.Y. 2001) (New York law "generally considers the breach of the covenant of good faith and fair dealing to be a breach of the underlying contract itself, and doesn't permit plaintiffs to bring a separate cause of action for breach of the covenant"). An implied good faith and fair dealing claim can only be maintained along with a breach of contract claim "if the damages sought by the plaintiff for breach

of the implied covenant are not intrinsically tied to the damages alleged resulting from breach of contract." *Commerzbank AG v. US Bank Nat'l Ass'n,* 277 F.Supp.3d 483, 498 (S.D.N.Y 2017) (dismissing the breach of good faith and fair dealing claim because the allegations stem from the same facts as the breach of contract claim); *L-7 Designs, Inc. v. Old Navy, LLC,* 647 F.3d 419, 434 n. 17 (2d Cir. 2011) (holding that when a complaint alleges both a breach of contract and a breach of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant).

Consequently, as Plaintiffs' Fourth Cause of Action for breach of implied covenant of good faith and fair dealing is based upon the same facts, and seek the same relief, as their claim for breach of the EmPact Agreement, it is redundant to the Third Cause of Action, may not be brought as a separate cause of action and should be dismissed, in its entirety, against the Warner Defendants.

**POINT IV**

**THE FIFTH CAUSE OF ACTION FOR "ALTER EGO"**
**<u>SHOULD BE DISMISSED AGAINST DEFENDANT H. TY WARNER</u>**

Plaintiffs' "alter ego" claim against H. Ty Warner should be dismissed because New York does not recognize an "alter ego" claim as a separate, stand-alone cause of action. *See Morris v. New York State Dept. of Tax'n & Fin.*, 82 N.Y.2d 135, 141 (1993) ("an attempt of a third party to pierce the corporate veil does not constitute a cause of action independent of that against the corporation…."); *Network Enters., Inc. v. Realty Racing, Inc.*, No. 09-cv-4664, 2010 WL 3529237 at *4 (S.D.N.Y. Aug. 24, 2010) ("to the extent Plaintiff attempts to allege alter ego liability as an *independent* cause of action, the claim fails without any need for further analysis") (emphasis in original).

**POINT V**

**THE SIXTH CAUSE OF ACTION FOR PROMISSORY ESTOPPEL
SHOULD BE DISMISSED AGAINST THE WARNER DEFENDANTS**

**A.      Plaintiffs failed to allege a clear and unambiguous promise**

"Under New York law, promissory estoppel requires '(1) a clear and unambiguous promise; (2) a reasonable and foreseeable reliance by the party to whom the promise is made; and (3) an injury sustained by the party asserting the estoppel by reason of his reliance.'" *ED Cap., LLC v. Bloomfield Inv. Res. Corp.*, 757 F. App'x 26, 30 (2d Cir. 2018); *NRP Holdings LLC v. City of Buffalo*, 916 F.3d 177, 202 (2d Cir. 2019) ("a plaintiff 'must demonstrate that the [defendant] made a clear and unambiguous promise, upon which the [plaintiff] reasonably relied, to its detriment'" *quoting Wilson v. Dantas*, 58 N.Y.S.3d 286 (2017)); *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000) (same).

Plaintiffs' promissory estoppel claim is based upon their purported reliance on the following alleged "promises" by Defendants:

- "that the Hotel would reopen by the end of April 2021" (*see* Amd. Compl at ¶ 392);[18]

- that, upon information and belief, Defendants "will continue to closely monitor the market and demand situation" (*Id.*, at ¶ 393);

- that, upon information and belief, Defendants "will continue to monitor developments with the vaccines and overall pandemic" (*Id.*); and

- that, upon information and belief, "[o]nce the pandemic conditions improve and demand increases, our goal is to confirm a reopening date with you

---

[18] Although Plaintiffs do not allege who made such alleged "promise," much less when or how such alleged "promise" was made, such allegation should be read together with Plaintiffs' allegation that the outgoing General Manager of the Hotel advised Hotel employees by letter on December 24, 2020 that "I spoke of planning to open the hotel in late April and I am doing everything I can to make that happen. We have built forecasts and budgets and have discussed the merits of moving forward. Four Seasons is going to great lengths to support our re-opening initiatives." Amd. Compl. at ¶ 203.

approximately 60-90 days in advance of reopening the hotel" (*Id.*).

Plaintiffs allegations hardly are sufficient to demonstrate the existence of any clear and unambiguous promise to reopen the Hotel by the end of April 2021 (or any date certain) upon which Plaintiffs reasonably could rely.  In fact, Plaintiffs' allegations (and the communications referenced in such allegations) demonstrate the Hotel consistently advised its employees only that the Hotel's closure was temporary and that it would continue to evaluate circumstances and provide updates to its employees -- without specifying any date certain for its anticipated reopening.  *See* Amd. Compl. at ¶¶ 198, 199, 201, 203, 209, 211, 215, 217.

**B.    Plaintiffs' promissory estoppel claim is duplicative of the breach of contract claim**

Promissory estoppel is not recognized in the employment context.  *See, e.g.*, Rojo v. Deusche Bank, 2010 WL 2560077, *7 (S.D.N.Y. 2010) (citations omitted) (promissory estoppel claim based on oral promises during the course of employment negotiations cannot succeed under New York law).

Regardless of the nature of the dispute, however, Plaintiffs' cannot, as a matter of law, establish a claim for promissory estoppel as it is duplicative of their breach of contract claim.  "A promissory estoppel claim is duplicative of a breach of contract claim unless the plaintiff alleges that the defendant had a duty independent from any arising out of the contract."  *Underdog Trucking, LLC, Reggie Anders v. Verizon Servs. Corp.*, No. 09-CV-8918, 2010 WL 2900048, at *6 (S.D.N.Y. \2010) (citation omitted); *see also Goldberg v. Pace Univ.*, 535 F. Supp. 3d 180, 200 (S.D.N.Y. 2021) (dismissing promissory estoppel claims turning on identical facts and alleged promises and polices); *NTT Am. Inc. v. Tennessee Data Sys., LLC*, 2018 WL 5493088, 5 (S.D.N.Y. 2018) (promissory estoppel claim duplicative of breach of contract claim is not separate grounds for a claim); *Bd. of Trustees ex rel. Gen. Ret. System of Detroit v. BNY Mellon, N.A.*,  2012 WL

3930112, 7 (S.D.N.Y. 2012) (dismissing promissory estoppel claim where alleged "promises" are duplicative of contract claim and depend upon the same duties that underlie that cause of action); *Four Finger Art Factory, Inc. v. Dinicola*, 2000 WL 145466, 8 (S.D.N.Y. 2000) ("To the extent that the plaintiff's claim for promissory estoppel is based on promises that are consistent with the undertakings contained in the contract, the claim is that the defendants did not perform their obligations under the contract and therefore the claim should be dismissed as duplicative of the breach of contract claim.").

Here, Plaintiffs' promissory estoppel claim seeks payment of No-Fault Separation Pay under the EmPact Agreement, based on Defendants' alleged promise to reopen the Hotel.  *See* Amd. Compl. at ¶ 406.  Notwithstanding Plaintiffs' allegations that they "did not seek out other employment opportunities" and "have not applied for other jobs" (*Id*. at ¶¶ 402, 403), Plaintiffs' promissory estoppel claim merely is another rebranding of their identical breach of contract claim -- this time based on Defendants' alleged promise to reopen the Hotel (*see* Amd. Compl. at ¶ 408) and, like their breach of implied covenant and fair dealing claim set forth in the Fourth Cause of Action (*see* Point III, *supra*), should be dismissed as duplicative of such claim.  Again, Plaintiffs seek the same contractual remedy provided in the EmPact Agreement (payment of No-Fault Separation Pay) for the same purported action, and without alleging any independent obligation to Plaintiffs beyond those set forth in their contract with Hotel 57 Services, LLC.  Accordingly, the Sixth Cause of Action should be dismissed in its entirety against the Warner Defendants.

## CONCLUSION

For all the reasons set forth herein, it is respectfully submitted the Warner Defendants'

motion to dismiss the Amended Complaint against the Warner Defendants, should be granted, in

its entirety.

Dated: New York, New York
        January 20, 2023

        **FREEBORN & PETERS LLP**

        By: */s/ Marc B. Zimmerman*
          Marc B. Zimmerman
          Kathryn T. Lundy
        1155 Avenue of the Americas, 26th Floor
        New York, NY 10036
        (212) 218-8760

        *Attorneys for Defendants Hotel 57 Services, LLC,*
        *Hotel 57, LLC, Ty Warner Hotels & Resorts, LLC*
        *and H. Ty Warner*

6167996v1/35022-0001