UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SELENA STALEY, VIVIAN HOLMES, and OLIVE IVEY, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>-v-<br><br>FSR INTERNATIONAL HOTEL INC., *doing business as* Four Seasons Hotels and Resorts, HOTEL 57 SERVICES, LLC, HOTEL 57, LLC, TY WARNER HOTELS & RESORTS LLC, and H. TY WARNER,<br><br>Defendants. | 22-cv-6781 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

This putative class action alleges that defendants -- FSR International Hotel Inc., which does business as Four Seasons Hotels and Resorts, along with three LLCs that own, manage, and/or operate the Four Seasons Hotel in midtown Manhattan and the CEO of those LLCs -- violated state and federal statutes requiring certain notice before a mass layoff and breached a contract with hotel employees that provided for no-fault separation pay. The case is back in this Court after a trip to the Second Circuit, which affirmed this Court's denial of defendants' motion to compel arbitration. Although FSR International Hotel Inc. has answered the complaint, the remaining defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).

1

The Court hereby grants those defendants' motion in part and denies it in part. Specifically, the Court denies the motion to dismiss the statutory claims, except for those against the individual defendant, H. Ty Warner, who is not himself a statutory "employer." The Court grants the motion to dismiss the contract claim for the defendants who are not parties to the contract, which are all but Hotel 57 Services, LLC. Although the Court also grants the motion to dismiss the claim for "alter ego" liability because it is not an independent cause of action, plaintiffs are free to argue, at summary judgment or trial, that the corporate veil should be pierced if the record warrants as much. Finally, because plaintiffs concede that they are no longer pressing their claims for breach of the implied covenant of good faith and fair dealing and for promissory estoppel, the Court grants the motion to dismiss those claims.

I. Factual and Procedural Background

Because the instant motion is brought under Federal Rule of Civil Procedure 12(b)(6), well-pleaded allegations of the Amended Complaint are taken as true for purposes of this motion. They are as follows:

The Four Seasons Hotel in midtown Manhattan, like many other businesses, shuttered its doors during the COVID-19 pandemic. On March 20, 2020, the hotel's employees were placed on an indefinite furlough. ECF No. 48 ("Am. Compl."), ¶ 3. But years later,

according to the Amended Complaint, the hotel remains in a state of limbo. The hotel's employees continue to be told that they are still on furlough, not laid off, and that the hotel may recall them when it eventually welcomes guests anew. Id. ¶¶ 180-81, 217, 228, 232. Meanwhile, the hotel has announced to its employees in a June 25, 2021 memo and a second memo dated November 2021, the hotel is "undergoing substantial infrastructure and maintenance work," for which there is no set timeline. Id. ¶¶ 10, 26.

On August 9, 2022, employees Selena Staley, Vivian Holmes, and Olive Ivey filed this putative class action against the hotel as well as three limited liability companies that allegedly own, operate, and/or manage the hotel -- Hotel 57 Services, LLC, Hotel 57, LLC, and Ty Warner Hotels & Resorts LLC -- and H. Ty Warner, the CEO of the three LLC defendants, who allegedly dominates and controls those companies. ECF No. 1. Plaintiffs filed an amended complaint on December 19, 2022, raising claims under the federal and New York variants of the Worker Adjustment and Retraining Notification ("WARN") Act, as well as claims under New York law for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, and "alter ego." See Am. Compl.

Although defendant FSR International Hotel Inc. (doing business as Four Seasons Hotels and Resorts) answered the Amended Complaint, the remaining defendants moved to dismiss on January

3

20, 2023. ECF No. 53 ("Mem."). That motion was fully briefed by February 14, 2023, see ECF Nos. 57 ("Opp."), 58 ("Reply"), but put on hold because defendants moved to compel arbitration and to strike the class allegations. ECF Nos. 27, 35. The Court denied the latter two motions by bottom-line order on May 3, 2023 and by Opinion and Order on July 5, 2023. ECF Nos. 70, 73. The motion to dismiss remained in abeyance, however, because defendants filed an interlocutory appeal of the Court's rulings under the Federal Arbitration Act. ECF Nos. 74-75. The Second Circuit, however, affirmed the Court's denial of the motion to compel arbitration and dismissed, for lack of jurisdiction, the premature appeal regarding a motion to strike the class allegations. ECF No. 77 ("2d Cir. Order"). The Second Circuit issued its mandate on April 4, 2024 and accordingly the case is now in this Court and the motion to dismiss the amended complaint is now ripe for adjudication.

    II. <u>Analysis</u>

        A. <u>The Court denies the motion to dismiss the WARN Act claims against all moving defendants except H. Ty Warner, who is not a statutory "employer," but grants the motion to dismiss the "alter ego" claim against Warner.</u>

The federal WARN Act generally requires employers of more than 100 full-time employees to provide written notice to those employees at least 60 days before a "plant closing" or "mass layoff." 29 U.S.C. §§ 2101(a)(1), 2102(a)(1). A "plant closing"

4

"means the permanent or temporary shutdown of a single site of employment . . . if the shutdown results in an employment loss at the single site of employment during any 30-day period for 50 or more employees excluding any part-time employees." Id. § 2101(a)(2). And a "mass layoff" "means a reduction in force" other than a plant closing that, as relevant here, "results in an employment loss at the single site of employment during any 30-day period for" "at least 33 percent of the employees (excluding any part-time employees)" so long as that percentage amounts to "at least 50 [full-time] employees." Id. § 2101(a)(3). New York's more expansive WARN Act is similar, but requires at least 90-days' written notice of such events and applies to employers with as few as 50 full-time employees. N.Y. Lab. Law § 860-b.

Unlike the other defendants, H. Ty Warner -- the individual defendant who is the CEO and alleged controller of the three LLC defendants -- is not a statutory "employer." Both the federal and state WARN Acts define an "employer" to be the "business enterprise" that "employs" a threshold number of full-time employees. 29 U.S.C. § 2101(a)(1); N.Y. Lab. Law § 860-a(3). Warner is the CEO of three such "business enterprise[s]" -- not himself the enterprise. See Am. Compl. ¶ 121. Accordingly, the statutory claims against Warner as an individual must be dismissed. Although plaintiffs contend that those claims may proceed against Warner "pursuant to alter-ego liability," Opp. at 14, the New York Court

5

of Appeals has squarely held that "an attempt . . . to pierce the corporate veil does not constitute a cause of action independent of that against the corporation," Matter of Morris v. N.Y. State Dep't of Taxation & Fin., 623 N.E.2d 1157, 1160 (N.Y. 1993). "[R]ather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners." Id.

That means that the Court must also dismiss the distinct "alter ego" claim against Warner, for lack of a cause of action. The Court clarifies, however, that should any of the LLC defendants be found liable for the WARN Act claims at summary judgment or trial, plaintiffs may argue that "facts and circumstances" make it equitable "to impose the corporate obligation on its owners." Id.; see Bd. of Managers of 325 Fifth Ave. Condo. v. Cont'l Residential Holdings LLC, 149 A.D.3d 472, 475 (1st Dep't 2017) ("To be sure, veil-piercing applies to LLCs.").[1]

Defendants do not contest that the three LLC defendants are statutory employers or that the WARN Acts apply here. Instead, they argue only that "Plaintiffs were provided WARN Notice on

---

[1] In their reply brief, defendants for the first time argued that the Amended Complaint fails to allege sufficient facts to allow for piercing the corporate veil if any of the LLC defendants are found liable. See Reply at 2-3 n.2. But even assuming that such facts needed to have been pleaded in the complaint, this argument has been waived. See, e.g., Patterson v. Balsamico, 440 F.3d 104, 113 n.5 (2d Cir. 2006) ("This Court generally will not consider arguments raised for the first time in a reply brief.").

August 5, 2020." Mem. at 9. To support that argument, defendants introduce a declaration and exhibits purporting to show that plaintiffs received such notice. See Mem. at 10-11; ECF No. 52 (declaration with exhibits). Defendants assert that the Court may consider such evidence in deciding the motion to dismiss because it has been produced in discovery and "is known to Plaintiffs and integral to the Complaint." Mem. at 11 n.13. But evidence of an August 5, 2020 written notice is not even mentioned in the amended complaint, let alone "integral to" it. See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) ("Where a document is not incorporated by reference, the court may never[the]less consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint.").

Nor does it matter that the document was produced in discovery. While defendants may of course rely on such evidence at summary judgment, it is hornbook law that a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests only the sufficiency of the pleadings. See, e.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Because no party asks the Court to convert the motion to dismiss into a motion for summary judgment -- and, in any event, it would not be proper to do so in a class action before certification and without affording plaintiffs the chance to submit evidence of their own -- the Court declines to consider defendants' evidence and denies the motion to dismiss the WARN Act

claims against defendants other than Warner. See Palin v. N.Y. Times Co., 940 F.3d 804, 810-11 (2d Cir. 2019); Fed. R. Civ. P. 12(d).

> B. The Court grants the motion to dismiss the contract claim against moving defendants other than Hotel 57 Services, LLC.

Plaintiffs allege that defendants violated an employment contract called the EmPact Agreement by failing to provide no-fault separation pay after what plaintiffs argue was a functional permanent layoff on June 25, 2021. See Am. Compl. ¶¶ 16-18, 350. Unlike defendants' purported evidence of an August 5, 2020 WARN notice, the EmPact Agreement is indeed integral to the complaint and thus proper for the Court to consider at this juncture. See DiFolco, 622 F.3d at 111. Although the amended complaint alleges that the EmPact Agreement "was a valid contract between Defendants and each of the Plaintiffs," Am. Compl. ¶ 346, the contract itself refers only to an agreement between plaintiffs and "Hotel 57 Services, L.L.C., (hereinafter referred to as Four Seasons Hotel New York)," ECF No. 52-4 ("EmPact Agreement"), at 61.

Plaintiffs contend that "the contract is ambiguous, at best, as to whether Hotel 57 Services, LLC is Plaintiffs' sole employer" because it elsewhere mentions "Four Seasons Hotels and Resorts" and "Four Seasons Hotel New York." Opp. at 15-17. The Court disagrees. The part of the contract that specifically refers to consideration and provides for a mutual exchange of promises

8

between plaintiffs and a counterparty, titled "My complete personal contract with Four Seasons Hotel New York," refers only to a contract between an employee and "[t]he Hotel 57 Services, L.L.C., (hereinafter referred to as Four Seasons Hotel New York)." EmPact Agreement at 61.

The general rule is that "a contract cannot bind a nonparty." EEOC v. Waffle House, 534 U.S. 279, 294 (2002). To be sure, under New York law, "nonsignatories may be held liable for breach of contract . . . if their actions show that they are in privity of contract or that they assumed obligations under the contract." Kitchen Winners NY Inc. v. Rock Fintek LLC, 668 F. Supp. 3d 263, 285 (S.D.N.Y. 2023). The Amended Complaint, however, alleges neither privity nor assumed contractual obligations. Moreover, plaintiffs' only argument on this score in opposition to the motion to dismiss is that defendants other than Hotel 57 Services, LLC went by assumed names that included "Four Seasons Hotel" or "Four Seasons Hotel, New York." Opp. at 16-18. But plaintiffs fail to provide any explanation of how the use of such assumed names by those defendants -- none of which is the name of the entity that the EmPact Agreement states is the counterparty to a given employee -- means that those defendants have assumed the obligations of the EmPact Agreement or are otherwise in privity with Hotel 57 Services, LLC for purposes of the contract. The Court thus grants

9

the motion to dismiss the breach of contract claim against defendants other than Hotel 57 Services, LLC.

Defendants argue that the Court should dismiss the contract claim even against Hotel 57 Services, LLC because plaintiffs failed to comply with a condition precedent -- namely, the contract's "claims resolution procedure." Mem. at 17. But conditions precedent in breach of contract claims are subject to a special, relaxed pleading standard. "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). In other words, to survive a motion to dismiss, there is no requirement that the Amended Complaint make specific reference to any particular condition precedent or allege how certain actions complied with any condition precedent. The amended complaint's general allegation that plaintiffs "materially performed their contractual obligations" suffices. Am. Compl. ¶ 358; see Kiernan v. Zurich Cos., 150 F.3d 1120, 1124 (9th Cir. 1998) (holding that a general allegation that a policy "was in full force and effect" suffices under Rule 9(c) because "[f]or the policy to be in 'full force and effect,' [plaintiff] must have satisfied all of the conditions precedent"). Accordingly, the Court denies the motion to dismiss the contract claim against Hotel 57 Services, LLC.

> C. <u>The Court grants the motion to dismiss certain remaining claims, which plaintiffs concede they are no longer pursuing.</u>

Plaintiffs concede in their opposition to the motion to dismiss that they are no longer pursuing, against any defendant, the claim for breach of the implied covenant of good faith and fair dealing or the claim for promissory estoppel. Opp. at 2, 23. So the Court grants the motion to dismiss those claims. However, the Court does not strike any of the factual allegations that were pleaded in support of those claims, as they nevertheless may relate to the breach of contract claim.

III. Conclusion

The Court grants the motion to dismiss the federal and New York WARN Act claims against defendant H. Ty Warner, but denies the motion to dismiss those claims against the other defendants. The Court grants the motion to dismiss the breach of contract claim against all moving defendants except Hotel 57 Services, LLC, for which the Court denies the motion to dismiss that claim. Finally, the Court grants the motion to dismiss the remaining claims for breach of the implied covenant of good faith and fair dealing, promissory estoppel, and alter ego. Counsel for the parties are directed to jointly call chambers to set a time for a telephonic case management conference. The Clerk is respectfully directed to lift the stay of this case on the docket, and to close documents 27, 28, and 50.

SO ORDERED.

New York, NY
April 19, 2024

_____
JED S. RAKOFF, U.S.D.J

12