UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

SELENA STALEY, VIVIAN HOLMES, and OLIVE
IVEY, on behalf of themselves and all others similarly
situated,

                             Plaintiffs,

               v.

FSR INTERNATIONAL HOTEL INC. d/b/a FOUR
SEASONS HOTELS AND RESORTS, HOTEL 57
SERVICES, LLC, HOTEL 57, LLC, TY WARNER
HOTELS & RESORTS, LLC, and H. TY WARNER

                            Defendants.

---------------------------------------------------------------- X

Case No.: 22-CV-6781 (JSR)

**DECLARATION OF
ELIZABETH ORTIZ**

I, Elizabeth Ortiz, pursuant to 28 U.S.C. § 1746, state and declare as follows:

1.      I am the Director of People & Culture for defendant Hotel 57 Services, LLC.  I have personal knowledge of the matters set forth in this Declaration.

2.      I submit this declaration in support of Defendants Hotel 57 Services, LLC, Hotel 57, LLC, Ty Warner Hotels & Resorts, LLC and H. Ty Warner's Motion for Summary Judgment dated May 31, 2024.

3.      I am employed by Hotel 57 Services, LLC as Director of People & Culture and have been employed in that position for approximately four (4) years.  I have personal knowledge of Hotel 57 Services, LLC's business operations at the Four Seasons Hotel New York, located at 57 East 57th Street in New York City (the "Hotel") from March 2020 through the present day.  I am a custodian of Hotel 57 Services, LLC's employment business records for operations at the Hotel.

4.      I have personal knowledge of how Hotel 57 Services, LLC's business operations at the Hotel were affected by the COVID-19 pandemic and how Hotel 57 Services, LLC responded to these conditions with respect to its employees.

5.      Hotel 57 Services, LLC employs, among others, the non-union employees working at the Hotel.

6.      Hotel 57 Services, LLC has an employment contract with its non-union workers at the Hotel that contains the terms and conditions of employment of its non-union employees who work at the Hotel.  This employment contact is called the "EmPact Agreement" (the precise name of the employment contract is the U.S. EmPact℠ Employee Handbook, revised February 1, 2018).

7.      As a result of the COVID-19 pandemic, the Hotel temporarily closed to outside guests beginning on March 20, 2020.

8.      As of March 20, 2020, it was uncertain if or how COVID-19 would continue to impact Hotel 57 Services, LLC's business operations at the Hotel, and for how long.

9.      As of March 20, 2020, Hotel 57 Services, LLC targeted April 15, 2020 as the Hotel's reopening date (and the date it could resume regular operations at the Hotel).

10.      The target date for the Hotel's reopening to outside guests changed because COVID-19 and the various government and agency responses to the pandemic continued to disrupt life and restrict business operations in New York City.

11.      Because the pandemic was unpredictable and created uncertainty as to when the Hotel would be able to resume regular business operations, I worked with my team to prepare and send various correspondence to Hotel 57 Services, LLC employees in an effort to keep them engaged and informed as to the status of the Hotel.

12.     On April 9, 2020, I sent a letter to Hotel 57 Services, LLC employees who worked at the Hotel telling them that Hotel 57 Services, LLC's planned to provide complimentary housing for medical personnel at the Hotel, the changing COVID-19 restrictions, that the Hotel's regular operations would continue to be suspended until April 30, 2020 and that Hotel 57 Services, LLC would let employees know if the Hotel's reopening date would be extended further.  A true, correct and complete copy of my April 9, 2020 letter is attached hereto as **Exhibit A**.

13.     On April 30, 2020, I sent a letter to Hotel 57 Services, LLC employees who worked at the Hotel telling them that Hotel 57 Services, LLC planned to continue to provide complimentary housing for the medical community at the Hotel until May 31, 2020, that because of the continuing COVID-19 restrictions, the Hotel's regular operations would continue to be suspended until June 15, 2020 and that Hotel 57 Services, LLC would let employees know if the Hotel's reopening date would be extended further.  A true, correct and complete copy of my April 30, 2020 correspondence is attached hereto as **Exhibit B**.

14.     On May 22, 2020, my team advised employees that Hotel 57 Services, LLC planned to continue to provide complimentary housing for the medical community at the Hotel until June 30, 2020 and the Hotel's regular operations would continue to be suspended until July 5, 2020.  A true, correct and complete copy of Hotel 57 Services, LLC's May 22, 2020 correspondence is attached hereto as **Exhibit C**.

15.     On June 22, 2020, my team advised employees that Hotel 57 Services, LLC would end complimentary housing for health care professionals at the Hotel on June 30, 2020 and, because of the continued effect of the COVID-19 pandemic, it would be temporarily suspending most of the Hotel's operations and anticipated a late summer 2020 reopening date.  A true, correct and complete copy of the June 22, 2020 correspondence is attached hereto as **Exhibit D**.

3

16.     In August 2020 the COVID-19 pandemic and the restrictions it caused continued to constrain the ability to resume the Hotel's operations.  At that time, Hotel 57 Services, LLC determined that COVID-19 would likely prevent the Hotel's reopening for an extended, indeterminable period of time which it reasonably believed could last more than six (6) months beyond the Hotel's closure to outside guests on March 20, 2020.

17.     On August 5, 2020, Hotel 57 Services, LLC sent WARN Act notices to all of its non-union employees (including Selena Staley, Vivian Holmes and Olive Ivey), letting them know that because of unforeseen business circumstances outside of Hotel 57 Services, LLC's control caused by COVID-19, employees would continue on a temporary furlough from their work at the Hotel for an undetermined time.  A true, correct and complete copy of the August 5, 2020 WARN Act notice sent to Selena Staley is attached hereto as **Exhibit E**.  A true, correct and complete copy of the August 5, 2020 WARN Act notice sent to Vivian Holmes is attached hereto as **Exhibit F**.  A true, correct and complete copy of the August 5, 2020 WARN Act Notice sent to Plaintiff Ivey is attached hereto as **Exhibit G**.

18.     The August 5, 2020 WARN Act notices sent to Hotel 57 Services, LLC non-union employees contained the best information available to Hotel 57 Services, LLC at the time they were sent.

19.     Hotel 57 Services, LLC has not terminated the employment of any of its furloughed non-union employees who work at the Hotel (including Selena Staley, Vivian Holmes and Olive Ivey) since the Hotel's temporary closure on March 20, 2020.

20.     Hotel 57 Services, LLC has not permanently laid off with no right of recall any of its furloughed non-union employees who work at the Hotel (including Selena Staley, Vivian Holmes and Olive Ivey) since the Hotel's temporary closure on March 20, 2020.

21.     All of Hotel 57 Services LLC's non-union employees who work at the Hotel (including Selena Staley, Vivian Holmes and Olive Ivey), who have not either transferred or resigned, remain on furlough with a right to recall to their employment when the Hotel reopens.

22.     All of Hotel 57 Services, LLC's non-union employees who work at the Hotel (including Selena Staley, Vivian Holmes and Olive Ivey), who have not either transferred or resigned were, and are, Hotel 57 Services, LLC employees from the date of their temporary furlough to the present day.

23.     Since March 2020 through the present day I have received numerous phone calls from Hotel 57 Services, LLC employees inquiring about the Hotel's re-opening and expressing interest to be re-called to work when the Hotel re-opens.

24.     In connection with the Hotel's announcement of its re-opening, I am in the process of preparing re-call notices to Hotel 57 Services, LLC employees who currently remain on temporary furlough.

25.     Although they are on temporary furlough, all of Hotel 57 Services, LLC's non-union employees (including Selena Staley, Vivian Holmes and Olive Ivey) continue to accrue work seniority through today for purposes of their employment and employment benefits.

26.     All of Hotel 57 Services, LLC's non-union employees who did not elect to have their accrued vacation time paid out during their temporary furlough (many did) continue to maintain their accrued vacation time bank with Hotel 57 Services, LLC for use upon their return to work at the Hotel.  Selena Staley has 91 accrued and banked vacation hours and Olive Ivey has 6 accrued and banked vacation hours.

27.     Although they are on temporary furlough, Hotel 57 Services, LLC has continued to pay most of its non-union, non-exempt employees during their furlough.

28.     As required by New York City law (New York City Local Law No. 405 Int. No. 2397-A (2021)), Hotel 57 Services, LLC paid Selena Staley, Vivian Holmes and its other non-union, non-exempt hotel service employees five hundred dollars each week for the period October 11, 2021 through June 1, 2022, while they were on furlough.

29.     The New York City law (New York City Local Law No. 405 Int. No. 2397-A (2021)) did not also require Hotel 57 Services, LLC to make a five hundred dollar weekly payment to its managerial, supervisory or confidential non-union employees (including Olive Ivey), and it did not do so.

30.     Hotel 57 Services, LLC paid the majority of its non-union employees **(29 people)** five hundred dollar weekly payments for the period October 21, 2021 through May 19, 2022, while they were on furlough.

31.     After the five hundred dollar weekly payments required by New York City law (New York City Local Law No. 405 Int. No. 2397-A (2021)) ended on May 19, 2022, Hotel 57 Services, LLC continued (and continues) to make weekly five hundred dollar payments to Selena Staley and most of its non-union, non-exempt employees (**21 people),** through the present day, while they were (and are) on furlough.

32.     A true and correct copy of the payment worksheet to non-union, non-exempt employees from October 21, 2021 through February 2, 2023 (when the worksheet was produced in discovery in this matter) is attached hereto as **Exhibit H**.

33.     The most recent five hundred dollar weekly payment from Hotel 57 Services, LLC to employees, including Selena Staley, was made on May 30, 2024.

34.      From October 21, 2021 through today, Hotel 57 Services, LLC paid Selena Staley sixty-five thousand dollars ($65,000), less tax withholdings.

35.     During the period from October 11, 2021 through today, Hotel 57 Services, LLC paid its non-union, non-exempt employees (**29 people**) who are on temporary furlough the total sum of $**1,436,051.00**.

**36.**     During the period July 2022 through today, Hotel 57 Services, LLC paid its non-union, non-exempt employees (**21 people**) who are on temporary furlough the total sum of **$1,013,524.75.**

37.     A true and correct copy of the 2021 W-2 form  issued by Hotel 57 Services, LLC (in redacted format) to Vivian Holmes is attached hereto as **Exhibit I**.

38.     A true and correct copy of the Earning Statement issued by Hotel 57 Services, LLC to Vivian Holmes (in redacted format) dated June 30, 2022 is attached hereto as **Exhibit J**.

39.     A true and correct copy of the 2021 W-2 form issued by Hotel 57 Services, LLC to Selena Staley (in redacted format) is attached hereto as **Exhibit K**.

40.     A true and correct copy of the Earning Statement issued by Hotel 57 Services, LLC to Selena Staley (in redacted format) dated April 21, 2022 is attached hereto as **Exhibit L**.

41.     A true and correct copy of the 2023 W-2 form issued by Hotel 57 Services, LLC to Selena Staley (in redacted format) is attached hereto as **Exhibit M**.

42.     A true and correct copy of the Earning Statement issued by Hotel 57 Services, LLC to Selena Staley (in redacted format) reflecting her last payment on May 30, 2024 is attached hereto as **Exhibit N**.

43.     I declare and certify that all records attached to this Declaration were made at or near the time by, or from information transmitted by, a person with knowledge of those matters and were kept in the course of a regularly conducted business activity of Hotel 57 Services, LLC and were prepared as a regular practice of that activity.

44.     I declare under the penalty of perjury that the foregoing is true and correct.


Dated:  May 30, 2024

_____
Elizabeth Ortiz