UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
SELENA STALEY, VIVIAN HOLMES, and
OLIVE IVEY, on behalf of themselves and
all others similarly situated,
Plaintiffs,

-against-                                                                                          No. 22-cv-6781

FOUR SEASONS HOTELS AND RESORTS,
HOTEL 57 SERVICES, LLC, HOTEL 57, LLC,                     **DECLARATION OF**
TY WARNER HOTELS & RESORTS LLC,                            **DEBBIE BROWN**
and H. TY WARNER,

Defendants.
---------------------------------------------------------X

Pursuant to 28 U.S.C. § 1746, Debbie Brown does state and declare as follows:

1. My name is Debbie Brown. I am over the age of eighteen and competent to provide this Declaration.

2. I was the Vice President of Human Resources of the Americas ("VPHR") for defendant FSR International Hotels, Inc (hereinafter "FSR") from January 1, 2000, to June 30, 2018. Prior to that, I was the Corporate HR Director for Americas from February 1, 1995 – January 1, 2000. I have personal knowledge of the matters set forth in this Declaration.

3. In my role as VPHR, I was integrally involved in the creation and revision of EmPact, which is the contract traditionally used between FSR-operated hotels and their employees in the United States. The employer at the hotel, Hotel 57 Services, LLC, used the 2018 version of EmPact, with its employees at the Four Seasons Hotel New York.

4. The first 5 steps of the Complaint, Arbitration, and Review for Employees ("C.A.R.E.") process were intended to apply to any claim or complaint a non-union employee might raise, whether or not the claim or complaint would ultimately be subject to arbitration. By

signing EmPact, the employee was agreeing to try to resolve disputes through this process, before demanding arbitration or filing a lawsuit.

5. In approximately February of 2010, FSR decided to add a class action waiver to EmPact as one of the obligations employees would take on in exchange for the rights afforded them under EmPact, including no-fault separation pay and just-cause disciplinary standards. The class action waiver was designed and intended to bar collective or class actions in any forum, be it arbitration or court, which is why it specifically refers to actions "in court." Since February of 2010, this provision has been in all of the EmPacts implemented at the Four Seasons New York.

6. No employee was obligated to sign EmPact; all employees are given the choice to opt out.

7. I declare under the penalty of perjury that the foregoing is true and correct.


Dated: New York, New York
      May 31, 2024

                                                        */s/ Debbie Brown*
                                                        Debbie Brown