UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
SELENA STALEY, VIVIAN HOLMES, and OLIVE
IVEY, on behalf of themselves and all others similarly
situated,

            Plaintiffs,

v.

FSR INTERNATIONAL HOTEL INC. d/b/a FOUR
SEASONS HOTELS AND RESORTS, HOTEL 57
SERVICES, LLC, HOTEL 57, LLC, TY WARNER
HOTELS & RESORTS, LLC, and H. TY WARNER

            Defendants.
------------------------------------------------------------------- X

Case No.: 22-CV-6781 (JSR)

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE WARNER DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

**FREEBORN & PETERS, LLP**
Marc B. Zimmerman
Kathryn T. Lundy
1155 Avenue of the Americas, 26th Floor
New York, NY 10036
(212) 218-8760

*Attorneys for Defendants*
*Hotel 57 Services, LLC, Hotel 57, LLC,*
*Ty Warner Hotels & Resorts, LLC and*
*H. Ty Warner*



## **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................... 1
ARGUMENT .................................................................................................................................. 2
   POINT I   PLAINTIFFS DO NOT OPPOSE DISMISSAL OF THE FOURTH,
                FIFTH AND SIXTH CAUSES OF ACTION ........................................................... 2
   POINT II  PLAINTIFFS' FIRST, SECOND AND THIRD CAUSES OF ACTION
                SHOULD BE DISMISSED ........................................................................................ 3
      A. Plaintiffs' WARN Acts claims (First and Second Causes of Action) should
         be dismissed ..................................................................................................................... 3
        1.  The August 5, 2020 WARN Notice satisfies the WARN Acts ................................... 3
        2.  The WARN Acts do not require multiple notices ...................................................... 4
        3.  H. Ty Warner is not an "employer" subject to WARN Acts liability .......................... 5
      B. Plaintiffs' breach of contract claim (Third Cause of Action) should be dismissed .......... 6
        1.  The EmPact Agreement is not ambiguous as to the sole parties to the EmPact
           Agreement -- Plaintiffs and Hotel 57 Services, LLC ................................................. 7
        2.  Liability for breach of contract does not attach to a non-signatory based upon a
           purported theory of "joint employment" ..................................................................... 7
        3.  Plaintiffs failed to satisfy conditions precedent by not complying with the C.A.R.E.
           dispute resolution procedure set forth in the EmPact Agreement ................................ 8
CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Chen v. Street Beat Sportswear, Inc.*,
364 F.Supp.2d 269 (E.D.N.Y. 2005) ........................................................................................7

*EEOC v. Waffle House, Inc.*,
534 U.S. 279 (2002) ..................................................................................................................6

*Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*,
270 F.Supp.3d 716 (S.D.N.Y. 2017) ........................................................................................3

*Morris v. N.Y. State Dep't of Taxation & Fin.*,
82 N.Y.2d 135 (1993) ...........................................................................................................3, 6

*NetJets Aviation, Inc. v. LHC Commc'ns, LLC*,
537 F.3d 168 (2d Cir. 2008) .....................................................................................................6

*Olivieri v. P.M.B. Const. Inc.*,
383 F.Supp.2d 393 (E.D.N.Y. 2005) ........................................................................................8

*Presser v. Key Food Stores Co-Op.*,
2006 WL 2086346 (E.D.N.Y. 2006) ........................................................................................4

*Roberts v. Broadway HD LLC*,
518 F. Supp. 3d 719 (S.D.N.Y. 2021) ......................................................................................9

*Roldan v. Second Development Services, Inc.*,
16-cv-2364, 2018 WL 1701938 (E.D.N.Y. Mar. 30, 2018) .....................................................7

*Tradewinds Airlines, Inc. v. Soros*,
2012 WL 983575 (S.D.N.Y. Mar. 22, 2012) ...........................................................................3

**OTHER AUTHORITIES**

20 C.F.R. § 639(b)(1) .....................................................................................................................5

20 C.F.R. § 639.4(b) ......................................................................................................................4

20 C.F.R. § 639.10 .........................................................................................................................4

22 C.F.R § 639.10 ..........................................................................................................................4

12 N.Y.C.R.R. § 921-1.1(f)(ii) .......................................................................................................5

12 N.Y.C.R.R. § 921-3.1 ................................................................................................................4

29 U.S.C. § 2101(a)(6) ................................................................................................................5

WARN Act ..........................................................................................................................3, 4, 5

Defendants Hotel 57 Services, LLC, Hotel 57, LLC, Ty Warner Hotels & Resorts, LLC, and H. Ty Warner (collectively, the "Warner Defendants"), by and through their undersigned counsel, Freeborn & Peters LLP, respectfully submit this reply memorandum of law in further support of their motion to dismiss the Amended Complaint against the Warner Defendants, in its entirety and with prejudice, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiffs' opposition to the instant motion is typical of their approach to this lawsuit. They filed an initial Complaint, which the Warner Defendants moved to dismiss. *See* Dkt. No. 28. Rather than opposing the motion, Plaintiffs' filed an equally deficient Amended Complaint containing six claims,[1] each of which the Warner Defendants move to dismiss herein. In opposition, Plaintiffs concede three of their six claims (for breach of implied covenant of good faith and fair dealing; promissory estoppel; and alter ego) should be dismissed. *See* Point I, *infra*.

Plaintiffs fare no better in opposing the dismissal of their remaining three claims.

Specifically, Plaintiffs' claims under the Federal and New York State WARN Acts (the "WARN Acts") (First and Second Causes of Action) fail because Plaintiffs do not dispute they were provided appropriate WARN notice on August 5, 2020. Faced with that fatal admission, all Plaintiffs can muster is to construct a non-existent "multiple notice requirement" inconsistent with the requirements of the WARN Acts and applicable regulations. *See* Point II(A), *infra*.

Plaintiffs' breach of contract claim (Third Cause of Action) also fails because Plaintiffs concede they did not comply with a condition precedent to the valid EmPact Agreement with Hotel 57 Services, LLC (engaging in the C.A.R.E. dispute resolution procedure contained in the

---

[1] Plaintiffs abandoned their baseless claim against the Warner Defendants for tortious interference with contract, which had been alleged in their initial Complaint (*see* Dkt. No. 1).

contract). Their claim against Hotel 57, LLC, Ty Warner Hotels & Resorts, LLC and H. Ty Warner also fails based upon their concession that no such party is a signatory to the EmPact Agreement. *See* Point II(B), *infra*.

Plaintiffs' specious legal arguments and mischaracterizations of facts in opposition are insufficient to breathe life into their deficient pleading. The Amended Complaint therefore should be dismissed in its entirety, with prejudice, against the Warner Defendants.

## ARGUMENT

### POINT I

### PLAINTIFFS DO NOT OPPOSE DISMISSAL OF THE FOURTH, FIFTH AND SIXTH CAUSES OF ACTION

In opposition to the instant motion, Plaintiffs flatly concede that three of their six claims fail to state a claim upon which relief can be granted, requiring the dismissal of such claims for: (1) breach of implied covenant of good faith and fair dealing (Fourth Cause of Action); (2) alter ego (Fifth Cause of Action); and (3) promissory estoppel (Sixth Cause of Action) against the Warner Defendants.

With respect to their Fourth Cause of Action, Plaintiffs state: "Plaintiffs do not oppose the Court dismissing the breach of implied covenant of good faith and fair dealing cause of action as a separate claim." *See* Plaintiffs' Memorandum of Law in Opposition dated February 7, 2023, Dkt. 57 ("Pl. Opp. Memo.") at p. 23.

As to their Fifth Cause of Action, Plaintiffs concede that their claim for "alter ego" cannot survive a motion to dismiss, stating: "Plaintiffs agree that alter-ego can only be alleged in conjunction with other causes of action" (Pl. Opp. Memo. at pp. 23-24) and "alter ego has not been alleged as a stand-alone claim" (Pl. Opp. Memo. at p. 25). [2]

---

[2] Plaintiff's contention they nonetheless "properly pled a claim for alter-ego liability" against Defendant H. Ty Warner (*see* Pl. Opp. Memo at p. 23) is wrong. The only "basis" for such liability as alleged in the Amended Complaint is a purported breach of the EmPact Agreement, and that

2

Finally, with respect to their Sixth Cause of Action, Plaintiffs state "Having considered the arguments raised by Defendants with respect to the promissory estoppel claim, Plaintiffs agree to withdraw that claim." Pl. Opp. Memo. at p 2, n. 3.

Accordingly, the Court should dismiss the Fourth, Fifth and Sixth Causes of Action in the Amended Complaint, with prejudice.

## POINT II

### PLAINTIFFS' FIRST, SECOND AND THIRD CAUSES OF ACTION SHOULD BE DISMISSED

**A.  Plaintiffs' WARN Acts claims (First and Second Causes of Action) should be dismissed**

**1.  The August 5, 2020 WARN Notice satisfies the WARN Acts**

In opposition to the Warner Defendants' motion, Plaintiffs do not dispute that they received the August 5, 2020 WARN Act Notice[3] or that such notice contained all required information pursuant to the Federal and/or New York State WARN Acts. Such concession is fatal to Plaintiffs' WARN Acts claims, which should be dismissed on this basis alone.

---

Mr. Warner misused the corporate form "by making the decision to permanently layoff Plaintiffs…without paying the No-Fault Separation Pay…." *See* Amd Compl. at ¶ 375. As a matter of law, such allegation is woefully insufficient to impose liability on Mr. Warner. "[I]t is well-established that an ordinary breach of contract, without evidence of fraud or corporate misconduct, is insufficient to pierce the corporate veil. *Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*, 270 F.Supp.3d 716, 732 (S.D.N.Y. 2017). The wrongful or unjust act "must consist of more than merely the ... breach of contract that is the basis of the [party's] lawsuit." *Tradewinds Airlines, Inc. v. Soros*, 2012 WL 983575, at *6 (S.D.N.Y. Mar. 22, 2012), citing *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 183 (2d Cir. 2008); *Morris v. N.Y. State Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 142 (1993) ("[D]omination, standing alone, is not enough; some showing of a wrongful or unjust act toward [the] plaintiff is required."). The Amended Complaint hardly contains sufficient allegations to support a conclusion that Mr. Warner operated the Hotel for a fraudulent purpose or that there was any abuse of the corporate form.

[3] *See* Declaration of Elizabeth Ortiz dated January 19, 2023 ("Ortiz Decl."), Exh. A-C (the August 5, 2020 WARN Act Notices) at Dkt. 52.

### 2. The WARN Acts do not require multiple notices

Faced with this unavoidable admission, all Plaintiffs can do is construct, without any legal basis, a non-existent "multiple notice" requirement. In so doing, Plaintiffs misapprehend the law by (incorrectly) claiming the WARN Acts somehow require *subsequent, multiple notices* to affected employees each time a temporary layoff is extended beyond 6 months due to business circumstances. *See* Pl. Opp. Memo. at pp. 9-11 (citing generally to 20 C.F.R. § 639.4(b) and 12 N.Y.C.R.R. § 921-3.1; Amd. Compl. at ¶ 7 ("...Defendants had an obligation under the WARN Acts to provide...updated notices...each time the furlough exceeded another six months.")[4] Unsurprisingly, Plaintiffs provide no caselaw (nor could they) for this incorrect proposition.

The WARN Acts *do not*, as Plaintiffs suggest, require employers to provide affected employees with multiple notices in 6-month intervals concerning expected call back to work.[5] Rather, 20 C.F.R. § 639.4(b) and 12 N.Y.C.R.R. § 921-3.1, the regulations upon which Plaintiffs rely, merely speak to the circumstance where a short-term layoff that does not initially trigger a notice requirement under the WARN Acts (*e.g.*, layoffs of 6 months or less) is later extended for a period that would trigger such notice requirement (*e.g.*, layoffs beyond 6 months) due to business circumstances not reasonably foreseeable at the time of the layoff. In such case, notice must be provided as soon as it becomes reasonably foreseeable that an extension is required. The cited

---

[4] Plaintiffs acknowledge they were provided with appropriate notification under the WARN Acts on August 5, 2020 but somehow not thereafter: "Defendants fail to acknowledge that after this alleged notice, no other WARN Notice has ever been provided." Pl. Opp. Memo. at p. 10.

[5] The closest regulation to this concept is 22 C.F.R § 639.10, which requires additional notice only in the limited circumstance when the date or scheduled dates of plant closing or mass layoff is extended before the layoff occurs. *See Presser v. Key Food Stores Co-Op.*, 2006 WL 2086346 (E.D.N.Y. 2006) (holding, in part, that the additional notice was sufficient as it confirmed a postponement of the layoff was required and identifying the new date on which the layoff was anticipated,). 20 C.F.R § 639.10 does not, however, apply, and no additional notice is required, when a temporary layoff, which has already been instituted, is for an "undetermined" period of time, as is the case here. *See* Ortiz Decl., Dkt 52 at Exh. A-C.

4

provisions of the WARN Acts which Plaintiffs cite apply *only* where no WARN Act notice had previously been provided -- and in any event, impose no requirement of additional notice when appropriate notification already was given, as was the case here.[6]

Additionally, to the extent Plaintiffs suggest the WARN Acts require notification to employees of short-term layoffs of less than 6 months, Plaintiffs again are wrong. WARN Act notification is only required upon an "employment loss", defined as, a layoff *exceeding* 6 months. *See* 29 U.S.C. § 2101(a)(6) and 12 N.Y.C.R.R. § 921-1.1(f)(ii).

For these reasons, the Amended Complaint fails to state a claim for violation of the WARN Acts and the First and Second Causes of Action should be dismissed.

### 3. H. Ty Warner is not an "employer" subject to WARN Acts liability

Even assuming, *arguendo*, that Plaintiffs' multiple notice requirement was valid (it is not), their First and Second Causes of Action nonetheless fail to state a claim under the WARN Acts against H. Ty Warner individually. In the Amended Complaint, Plaintiffs expressly, and incorrectly, assert that Mr. Warner "is an 'employer' within the meaning of the WARN Act and NY WARN Act'" (*see* Amd. Compl. at ¶ 146) as the basis of their WARN Acts claim against him and all "Defendants" (*see* Amd. Compl. at First and Second Causes of Action). In opposition, Plaintiffs not only fail to even address the Warner Defendants' argument that such allegation is

---

[6] The cited provisions also permit exceptions to timing of WARN Act notification based upon unforeseen business circumstances. It is undeniable that circumstances created by the COVID-19 pandemic warrant application of the unforeseeable business exception as it was a "sudden, dramatic and unexpected…condition outside the employer's control." See 20 C.F.R. § 639(b)(1). Once it became foreseeable that Plaintiffs' layoff would extend beyond 6 months, Plaintiffs were provided the August 5, 2020 WARN Act Notice explaining the delay and otherwise complying in all respects with the requirements of the WARN Acts, including a brief statement for the shortened notice, as follows: "due to unforeseen business circumstances and the continued major economic downturn stemming from the COVID-19 virus pandemic and consequent travel and tourism disruptions outside the employers' control the Four Seasons Hotel New York will continue your temporary layoff….for an undetermined number of months. The layoffs … are still expected to be temporary." *See* Ortiz Decl., Dkt. 52 at Exh. A-C.

5

legally unsustainable but also contradict their explicit, legally incorrect, allegations and now argue: "Plaintiffs have alleged liability [against Mr. Warner] … pursuant to alter-ego liability." *See* Pl. Opp. Memo. at p. 14. As Plaintiffs concede by their failure to substantively oppose this argument, the WARN Acts *do not* provide for individual WARN Acts liability against Mr. Warner and the First and Second Causes of Action should be dismissed as against him.[7]

For all these reasons, Plaintiffs First and Second Causes of Action should be dismissed, with prejudice, in their entirety.

**B.     Plaintiffs' breach of contract claim (Third Cause of Action) should be dismissed**

In opposition to the motion to dismiss, Plaintiffs do not dispute (nor can they) that the EmPact Agreement is a valid contract between each of Plaintiffs and Hotel 57 Services, LLC -- and no other party (*see* Pl. Opp. Memo at p. 15; Ortiz Decl. at ¶ 7, Exh. D (EmPact Agreement) at p. 61). Plaintiffs further concede they did not comply with the EmPact Agreement by their failure to follow any of the required steps of the C.A.R.E dispute resolution procedure of the EmPact Agreement. *See* Pl. Opp. Memo. at p. 18. These facts warrant dismissal of Plaintiffs' breach of contract claim as Plaintiffs have failed to satisfy a condition precedent to such claim.[8]

---

[7] As set forth in Point I at footnote 2, *supra*, Plaintiffs purported allegations of "liability [against Mr. Warner]…pursuant to alter-ego liability" (*see* Pl. Opp. Memo at p. 14) also fails since the Amended Complaint does not sufficiently allege Mr. Warner "abused the privilege of doing business in the corporate form" (*see Morris v. N.Y. State Dep't of Taxation & Fin.*, 82 N.Y.2d at 142 as the purported wrongful act (i.e., failure to pay the No-Fault Separation Pay) is nothing more than the "breach of contract that is the basis of the [party's] lawsuit." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d at 183.

[8] Plaintiffs argument that they adequately pled compliance with all conditions precedent by their general allegation that they "materially performed their contractual obligations" (Pl. Opp. Memo. at pp. 21-23; and Amd. Compl. at ¶347) should be rejected as nonsensical in light of their concession that they did not adhere to the C.A.R.E. procedure under the EmPact Agreement.

6

1. **The EmPact Agreement is not ambiguous as to the sole parties to the EmPact Agreement -- Plaintiffs and Hotel 57 Services, LLC**

As demonstrated in the Warner Defendants' Moving Memorandum, "a contract cannot bind a nonparty" (*see EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002). Plaintiffs' contrived argument in opposition is that there somehow exists privity of the EmPact Agreement with non-signatory entities based solely upon a handful of references to "Four Seasons Hotel New York" in the EmPact Agreement, which purportedly "led [Plaintiffs] to believe they were working directly … for the Four Seasons Hotel New York" (Pl. Opp. Memo at p. 16).[9] Plaintiffs' argument not only is facially absurd but wholly contradicted by the EmPact Agreement itself.

The EmPact Agreement (which Plaintiffs excerpt in their opposition brief): (1) unambiguously identifies the contracting party as Hotel 57 Services, LLC; and even (2) specifically clarifies that "Hotel 57 Services L.L.C. is referred to in the EmPact Agreement as the trade/branding name 'Four Seasons Hotel New York.'" *See* Ortiz Decl. at ¶ 7, Exh. D (EmPact Agreement) at p. 61. Merely referencing such trade/branding name in a contract plainly does not impute contractual liability to non-signatory entities that did not agree, and have not signed, the contract. Of course, Plaintiffs again cite to no legal authority whatsoever for their specious argument to the contrary.

2. **Liability for breach of contract does not attach to a non-signatory based upon a purported theory of "joint employment"**

Plaintiffs next contend that privity of contract can somehow be created with non-signatories to a contract on a "joint employment" theory. *See* Pl. Opp. Memo at p. 15. Plaintiffs again cite no authority in support of their argument -- presumably because it already has been

---

[9] Even assuming, *arguendo*, privity of contract could somehow be established as to "Four Seasons Hotel New York" (which is not even a legal entity, by this name alone), Plaintiffs make no similar argument that remotely could demonstrate privity with defendants Hotel 57, LLC, Ty Warner Hotels & Resorts LLC or H. Ty Warner -- and thereby concede none exists.

7

soundly rejected. *See Roldan v. Second Development Services, Inc.*, 16-cv-2364, 2018 WL 1701938, at *10-11 (E.D.N.Y. Mar. 30, 2018) (dismissing breach of contract claim against putative joint-employer as joint employment with signatory to a contract is insufficient basis to impose liability against non-signatory to a contract); *Chen v. Street Beat Sportswear, Inc.*, 364 F.Supp.2d 269, 295 (E.D.N.Y. 2005) (dismissing breach of contact claim against alleged joint employers as there was no evidence they were signatories to contract in their individual capacities); *Olivieri v. P.M.B. Const. Inc.*, 383 F.Supp.2d 393, 405 (E.D.N.Y. 2005) (joint employer status insufficient to obligate defendants who were non-signatories to the relevant agreements to bear liability for breach of contract).

### 3. Plaintiffs failed to satisfy conditions precedent by not complying with the C.A.R.E. dispute resolution procedure set forth in the EmPact Agreement

Plaintiffs concede (as they must) they did not comply with the EmPact Agreement by their failure to follow the required steps of the C.A.R.E. dispute resolution procedure. *See* Pl. Opp. Memo. at p. 18. That fact alone warrants dismissal of Plaintiffs' breach of contract claim as Plaintiffs have failed to satisfy a condition precedent to such claim. *See* Warner Defendants' Moving Memorandum at Point II(B).[10]

Plaintiffs' argument in opposition that the Warner Defendants somehow "frustrated" or "prevented" them from following the C.A.R.E. procedure is pure fiction designed to sidestep their actual allegations in the Amended Complaint, which admit Plaintiffs' wholesale failure to adhere to the terms of the EmPact Agreement.[11] Nowhere in the Amended Complaint does it allege, nor

---

[10] Plaintiffs argument that they adequately pled compliance with all conditions precedent by their general allegation that they "materially performed their contractual obligations" (Pl. Opp. Memo. at pp. 21-23; and Amd. Compl. at ¶347) should be rejected as nonsensical in light of their concession that they did not adhere to the C.A.R.E. procedure under the EmPact Agreement.

[11] Indeed, Plaintiffs' failure to submit their claims to binding arbitration is the subject of the Warner Defendants' pending motion to compel arbitration, dismiss class claims and stay action (Dkt. No. 27). It is wholly illogical that the Warner Defendants would seek to compel arbitration under C.A.R.E. for the very claims Plaintiffs now say they were prevented by Defendants from

8

can it, that the Warner Defendants took any action whatsoever to frustrate, prevent or even dissuade in any way Plaintiffs from engaging in the C.A.R.E. procedure relating to any purported claim for No-Fault Separation Pay (or any other claim) they may have under the EmPact Agreement, which Plaintiffs now argue for the first time in opposition to this motion.12 To the contrary, Plaintiffs concede that, after allegedly being "placed on furlough for an indefinite period of time" beginning on "approximately March 20, 2020" (Pl. Opp. Memo. at p. 2), they received numerous written communications from the Hotel concerning its status -- on May 22, 2020, June 22, 2020, December 24, 2020 and June 25, 2021 (Id. at pp. 2-3). Plaintiffs also were provided WARN notices dated August 5, 2020 (Pl. Opp. Memo at pp. 5, 9, 10). Therefore, Plaintiffs had knowledge of their potential claims to No-Fault Separation Pay and could have engaged in the C.A.R.E. procedure *at any time* following March 20, 2020, but concededly did not (and do not allege they did so anywhere in the Amended Complaint).13

---

submitting to C.A.R.E. Separately, even if the Court were to find Plaintiffs were not required to submit to the EmPact Agreement's Mediation/Arbitration procedure set forth in Step 6 of C.A.R.E, Plaintiffs still were obligated to follow each Step 1-5 of C.A.R.E., which they admittedly failed to do.

12  Plaintiffs do not make such allegations anywhere in the Amended Complaint, and impermissibly raise them for the first time in opposition to the instant motion to dismiss. Plaintiffs' effort to rely on new facts raised for the first time in opposition is improper and should be disregarded. *See Roberts v. Broadway HD LLC*, 518 F. Supp. 3d 719, 732–33 (S.D.N.Y. 2021) (holding plaintiff is not entitled to rely on new facts raised in opposition to save a deficient complaint from dismissal).

13 In a futile attempt to defeat the instant motion, Plaintiffs go so far as to misrepresent their own allegations in the Amended Complaint. For example, compare: Pl. Opp. Memo. at p. 20 (Plaintiffs wrote "**complaints**" about "not being paid their No-Fault Separation Pay and their never-ending furlough status" to Elizabeth Ortiz, the Hotel's Director of People & Culture via a chat box during a Zoom meeting on June 25, 2021) (emphasis added); *and Plaintiffs' actual allegations in the Amended Complaint* at ¶ 226 ("During this meeting, Ms. Ortiz allowed for **questions to be posed to her** from employees of the Hotel, via a chat box."); *Id.* at ¶227 ("Ms Ortiz was **presented a question** relating to employee severance.")

9

Despite Plaintiffs' effort to overcome their pleading deficiency by mischaracterizing the allegations in the Amended Complaint and even inventing and asserting new facts not contained in the Amended Complaint, it remains that Plaintiffs do not allege in the Amended Complaint, nor can they, that Plaintiffs satisfied any of their obligations under C.A.R.E. As such, the Third Cause of Action should be dismissed, with prejudice, in its entirety.

## CONCLUSION

For all the reasons set forth herein, it is respectfully submitted the Warner Defendants' motion to dismiss the Amended Complaint against the Warner Defendants, should be granted, in its entirety.

Dated: New York, New York
       February 14, 2023

                  **FREEBORN & PETERS LLP**

                  By: */s/Marc B. Zimmerman*
                      Marc B. Zimmerman
                      Kathryn T. Lundy
                  1155 Avenue of the Americas, 26th Floor
                  New York, NY 10036
                  (212) 218-8760

                  *Attorneys for Defendants Hotel 57 Services, LLC,*
                  *Hotel 57, LLC, Ty Warner Hotels & Resorts, LLC*
                  *and H. Ty Warner*