FREEBORN & PETERS, LLP
Marc B. Zimmerman
Kathryn T. Lundy
1155 Avenue of the Americas, 26th Floor
New York, NY 10036
(212) 218-8760
*Attorneys for Defendants*
*Hotel 57 Services, LLC, Hotel 57, LLC*
*Ty Warner Hotels & Resorts, LLC*
*and H. Ty Warner*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SELENA STALEY, VIVIAN HOLMES, and OLIVE
IVEY, on behalf of themselves and all others
similarly situated,

                  Plaintiffs,

vs.

FOUR SEASONS HOTELS AND RESORTS,
HOTEL 57 SERVICES, LLC, HOTEL 57, LLC, TY
WARNER HOTELS & RESORTS, LLC, and H. TY
WARNER,

                  Defendants.
-----------------------------------------------------------------X

Case No. 22-cv-6781 (JSR)

**DEFENDANTS' FIRST DEMAND FOR PRODUCTION OF DOUMENTS**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 34, Defendants Hotel 57 Services, LLC, Hotel 57, LLC, Ty Warner Hotels & Resorts, LLC, and H. Ty Warner (collectively, the "Warner Defendants") request that Plaintiffs Selena Staley, Vivian Holmes, and Olive Ivey (collectively, the "Plaintiffs") respond to each of the following document demands and deliver such responses to Freeborn & Peters LLP, 1155 Avenue of the Americas, 26th Floor. New York, NY 10036, within 30 days, as provided in Federal Rule of Civil Procedure 34.

**PLEASE TAKE FURTHER NOTICE**, the Warner Defendants expressly reserve, and do not hereby waive, any rights (including without limitation, to have Plaintiffs' claims in this

EXHIBIT 24

action determined in arbitration) in connection with their Motion to Compel Arbitration, Dismiss Class Claims and Stay Action, dated November 9, 2022.

## DEFINITIONS AND INSTRUCTIONS

A.   The definitions set forth in Local Civil Rule 26.3 of the United States District Court for the Southern and Eastern Districts of New York (Uniform Definitions in Discovery Requests) are incorporated by reference as if set forth fully herein.

B.   These demands for production of documents seek production of all documents described, in their entirety, as well as any attachments, drafts, and non-identical copies including, without limitation, copies that differ by virtue of handwriting or other notes or markings.

C.   These demands for production of documents are continuing and any document discovered subsequent to production which is responsive to these document demands shall be supplied forthwith as set forth in Fed. R. Civ. P. 26(e). If, after production, Plaintiffs discover that any responsive document has been destroyed or is no longer in Plaintiffs' possession, custody, or control, it shall be identified.

D.   To the extent that Plaintiffs assert any claim of privilege, Plaintiffs shall comply with the requirements of Local Civil Rule 26.3 of the United States District Court for the Southern and Eastern Districts of New York (Assertion of Claim of Privilege).

E.   The terms "you," "your" or "Plaintiffs" means Plaintiffs Selena Staley, Vivian Holmes, and Olive Ivey, or any of them, and their agents, attorneys, representatives, servants and all other persons acting on their behalf.

F.   The term "concerning" means relating to, referring to, describing, evidencing or constituting.

G.  The term "document" means all communications, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations which are stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term. "Document" also means a collection of pages representing an electronic file, e-mails, e-mail attachments, text messages, instant messages, social media postings or communications, blogs, databases, word processor documents, spreadsheets, and graphics files, all of which must be produced in response hereto.

H.  The term "Defendants" means defendants FSR International Hotels Inc. (incorrectly pled as Four Seasons Hotels and Resorts), Hotel 57 Services, LLC, Hotel 57, LLC, Ty Warner Hotels & Resorts, LLC, and H. Ty Warner, or any of them, and their agents, employees, attorneys, representatives, directors, officers, servants and all other persons acting on their behalf.

I.  The term "The Hotel" means the hotel located at 57 East 57th Street, New York, New York, known as Four Seasons Hotel New York or Four Seasons New York.

J.  The term "Complaint" or "Action" means the Complaint filed in the lawsuit pending in the United States District Court Southern District of New York, bearing civil action number 22-cv-6781 (JSR).

## DOCUMENT DEMANDS

1.  All documents concerning communications between Plaintiffs (individually or collectively) and any of the Defendants concerning the subject matter of this Action and any of the factual allegations and/or claims in the Complaint, specifically including, without limitation, Plaintiffs' hire and termination of employment at The Hotel by any of Defendants.

2.  All documents concerning communications among Plaintiffs concerning the subject matter of this Action and any of the factual allegations and/or claims in the Complaint, specifically including, without limitation, Plaintiffs' hire and termination of employment at The Hotel by any of Defendants.

3.  All documents concerning communications between Plaintiffs (individually or collectively) and any third party other than Defendants concerning the subject matter of this

3

Action and any of the factual allegations and/or claims in the Complaint, specifically including, without limitation, Plaintiffs' hire and termination of employment at The Hotel by any of Defendants.

4. All documents concerning the subject matter of this Action and any of the factual allegations and/or claims in the Complaint, specifically including, without limitation, Plaintiffs' hire and termination of employment at The Hotel by any of Defendants.

5. All documents concerning any purported admissions or statements against interest made at any time by Plaintiffs (individually or collectively) and/or Defendants (including any of their agents, employees, attorneys, representatives, servants and all other persons acting on their behalf) concerning the subject matter of this Action and any of the factual allegations and/or claims in the Complaint.

6. All written statements obtained by Plaintiffs from any third party concerning the subject matter of this Action and any of the factual allegations and/or claims in the Complaint, specifically including, without limitation, Plaintiffs' hire and termination of employment at The Hotel by any of Defendants.

7. All documents concerning all alleged contracts between Plaintiffs (individually or collectively) and any of Defendants as set forth in paragraphs 210, 211, 212, 216, 221, 222, 223, 227, 230, 231, 236, 237, 238, 241, 246, 247 and 250 of the Complaint.

8. All documents concerning Plaintiffs allegations concerning their entitlement to "No-Fault Separation Pay" as set forth in the Complaint.

9. All documents concerning the termination of Plaintiffs' employment (individually or collectively) at The Hotel by any of Defendants.

10. All documents concerning any complaints made by Plaintiffs (individually or collectively) to any of Defendants concerning the allegations and/or claims in this Action.

11. All documents concerning Plaintiffs' (individually or collectively) actions concerning any attempt to resolve the allegations and claims in the Complaint through the Complaint, Arbitration & Review for Employees - C.A.R.E. procedure contained in the U.S. EmPact Employee Handbook with the Four Seasons Hotel New York

12. All documents concerning Plaintiffs' (individually or collectively) opting out of the C.A.R.E. complaint resolution procedure contained in the U.S. EmPact Employee Handbook with the Four Seasons Hotel New York.

13. All documents concerning Plaintiffs' (individually or collectively) opting out of the class action and/or collective action waiver agreement contained in the U.S. EmPact Employee Handbook with the Four Seasons Hotel New York.

14. Copies of all WARN Act Notices issued by any of the Defendants to any of Plaintiffs.

15. All documents concerning Plaintiffs' allegations that Defendants were required to provide Plaintiffs with notice pursuant to the federal Worker Adjustment and Retraining Notification Act ("WARN") as set forth in the Complaint.

16. All documents concerning Plaintiffs' allegations that Defendants failed to comply with notice requirements pursuant to WARN as set forth in the Complaint.

17. All documents concerning Plaintiffs' allegations that Defendants were required to provide Plaintiffs with notice pursuant to the New York Worker Adjustment and Retraining Notification Act ("NYWARN") as set forth in the Complaint.

18. All documents concerning Plaintiffs' allegations that Defendants failed to comply with notice requirements pursuant to NY WARN as set forth in the Complaint.

19. All documents provided to Plaintiffs' (individually or collectively) by any of Defendants concerning Plaintiffs' employment status at The Hotel in or after March 2020.

20. All documents concerning Plaintiffs' allegation that "Defendants collectively controlled the operations of The Hotel, through their interrelation of operations; control over the employment opportunities and the employment characteristics of the employees of The Hotel and control of hiring and/or firing of the employees of the Hotel and most notably the hiring and/or selection of the general manager of The Hotel" as set forth in paragraph 97 of the Complaint.

21. All documents concerning Plaintiffs' allegation that "Defendants collectively controlled the terms and conditions of employment of the employees working at The Hotel, supervised or controlled work schedules and set rates for employees working at The Hotel" as set forth in paragraph 98 of the Complaint.

22. All documents concerning Plaintiffs' allegation that "Defendants collectively had and have control over day-to-day operations at the Hotels" as set forth in paragraph 99 of the Complaint.

23. All documents concerning Plaintiffs' allegation that Defendants "notified" Plaintiffs that they "would be placed on unpaid furlough" as set forth in paragraphs 105, 106, and 107 of the Complaint.

24. All documents concerning Plaintiffs' allegation that Defendants "claimed that Plaintiffs and those employees similarly situated, were somehow furloughed for years, and in the case of at least the Plaintiffs, are somehow still on furlough" as set forth in paragraph 118 of the Complaint.

25. All documents concerning Plaintiffs' allegation that Defendants "claimed in December 2020 that The Hotel would reopen by the end of April 2021" as set forth in paragraph 126 of the Complaint.

26. All documents concerning the "memo" sent by Defendants to Plaintiffs in February 2021 as alleged in paragraphs 128, 129, 130, 132, 133 and 134 of the Complaint.

27. All documents concerning Plaintiffs' allegation that Defendants "stated that the Plaintiffs and those similarly situated would be back at work when the consumer demand reached a certain threshold in order to reopen" as set forth in paragraph 131 of the Complaint.

28. All documents concerning Plaintiffs' allegation that "[b]y June 2021, the other hotels in The Hotel's competitive set had all reopened" as set forth in paragraph 135 of the Complaint.

29. All documents concerning the "memo" sent by Elizabeth Ortiz on June 25, 2021, as set forth in paragraphs 136, 137 and 138 of the Complaint.

30. All documents concerning Plaintiffs' allegation that Defendants "claim[ed] that the Plaintiffs and those similarly situated employees were still on indefinite furlough" as set forth in paragraph 143 of the Complaint.

31. All documents concerning Plaintiffs' allegation that "Defendants did not permit Plaintiffs or other similarly situated employees from seeking temporary employment to mitigate their hardship caused by Defendants without waiving their right to the No-Fault Separation Pay or the ability to maintain their jobs upon the reopening of the hotel" as set forth in paragraph 143 of the Complaint.

32. All documents concerning the allegation that "Defendants have purposefully stalled the reopening of The Hotel" as set forth in paragraph 144 of the Complaint.

33. All documents concerning Plaintiffs' allegation that "Defendants had been trying to terminate the employment of workers from The Hotel in the past in order to reduce financial obligations" as set forth in paragraph 155 of the Complaint.

34. All documents concerning Plaintiffs' allegation that "Defendants refused to allow Plaintiffs and those similarly situated to get their jobs back" as set forth in paragraph 156 of the Complaint.

35. All documents concerning Plaintiffs' allegation that Defendants terminated the employment of at least 200 employees as set forth in paragraphs 166, 181, 195, 197 and 198 of the Complaint.

36. All documents concerning Plaintiffs' allegations set forth in Plaintiffs' First Cause of Action (paragraphs 173 through 191) of the Complaint.

37. All documents concerning Plaintiffs' allegations set forth in Plaintiffs' Second Cause of Action (paragraphs 192 through 207) of the Complaint.

38. All documents concerning Plaintiffs' allegations set forth in Plaintiffs' Third Cause of Action (paragraphs 208 through 218) of the Complaint.

39. All documents concerning Plaintiffs' allegations set forth in Plaintiffs' Fourth Cause of Action (paragraphs 219 through 233) of the Complaint.

40. All documents concerning Plaintiffs' allegations set forth in Plaintiffs' Fifth Cause of Action (paragraphs 234 through 250) of the Complaint.

41. All documents concerning Plaintiffs' allegations set forth in Plaintiffs' Sixth Cause of Action, paragraphs (251 through 256) of the Complaint.

42. All documents concerning any request(s) by Plaintiffs (individually or collectively) to return to employment at the Hotel following March 20, 2020.

43. To the extent Plaintiffs have not obtained employment other than their employment by any of the Defendants subsequent to March 20, 2020, all documents concerning Plaintiffs' individual and collective efforts to locate and secure such employment subsequent to March 20, 2020.

44. All documents concerning any administrative hearing, lawsuit or legal proceeding, at law or equity, in which Plaintiffs (individually or collectively) were, or are, a party, including without limitation, all pleadings, discovery responses and deposition transcripts.

45. All documents concerning diary, journal, and calendar entries maintained by, or on behalf of, Plaintiffs (individually or collectively) concerning the factual allegations or claims at issue in this Action.

46. All documents concerning all alleged damages Plaintiffs (individually or collectively) claim to have sustained as a result of the claims set forth in the Complaint.

47. Any profiles, postings, or messages (including status updates, wall comments, causes joined, groups joined, activity streams, blog entries) and SNS [social networking service] applications from March 2020 through the present that reveal, refer, or relate to any emotion, feeling, or mental state of Plaintiffs, as well as communications that reveal, refer, or relate to events that could reasonably be expected to produce a significant emotion, feeling or mental state of Plaintiffs.

48. All sound or tape recordings of any conversations between Plaintiffs and any other individual(s) concerning Plaintiffs' allegations and/or claims in this Action.

49. All documents concerning any wages, compensation, remuneration and/or payments of any kind provided to Plaintiffs (individually or collectively) by or on behalf of any of Defendants during March 2020.

50. All documents concerning any wages, compensation, remuneration and/or payments of any kind provided to Plaintiffs (individually or collectively) by or on behalf of any of Defendants at any time after March 2020.

51. All documents concerning any employment benefits or employment benefit payments of any kind provided to Plaintiffs (individually or collectively) by or on behalf of any of Defendants during March 2020.

52. All documents concerning any employment benefits or employment benefit payments of any kind provided to Plaintiffs (individually or collectively) by or on behalf of any of Defendants at any time after March 2020.

53. All documents referenced in Plaintiffs' Complaint, Fed. R. Civ. P. 26(a)(1) Initial Disclosures and responses to Defendants' First Set of Interrogatories to Plaintiffs.

54. All documents Plaintiffs intend to introduce into evidence at the time of trial.

55. All documents upon which Plaintiffs intend to rely in establishing their claims, or challenging Defendants' defenses in the course of discovery and/or at trial.

56. All responsive documents to each demand set forth in Defendant FSR International Hotels, Inc.'s (incorrectly sued as Four Seasons Hotels and Resorts) Requests for Production of Documents to each Plaintiff dated November 29, 2022 that are not specifically demanded herein.

57. To the extent not specifically covered elsewhere by the foregoing demands, all documents concerning Plaintiffs' allegations and/or claims in this Action upon which Plaintiffs rely upon to support their allegations and/or claims in this Action.

Dated: New York, New York
November 29, 2022

                                          FREEBORN & PETERS LLP

                                          By: /s/ Marc B. Zimmerman
                                                Marc B. Zimmerman
                                                Kathryn T. Lundy
                                                1155 Avenue of the Americas, 26th Floor
                                                New York, NY 10036
                                                (212) 218-8760
                                                *Attorneys for Defendants*
                                                *Hotel 57 Services, LLC, Hotel 57, LLC*
                                                *Ty Warner Hotels & Resorts, LLC*
                                                *and H. Ty Warner*

To:    Maya Risman, Esq.
      Risman & Risman, P.C.
      299 Broadway, 17th Floor
      New York, NY 10007
      (212) 233-6400
      *Attorney for Plaintiffs*

      Evan Brustein, Esq.
      Brustein Law PLLC
      299 Broadway, 17th Floor
      New York, NY 10007
      (212) 233-3900
      *Attorney for Plaintiffs*