UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SELENA STALEY, VIVIAN HOLMES, and OLIVE IVEY, on behalf of themselves and all others similarly situated

            Plaintiffs,

-against-

FOUR SEASONS HOTELS AND RESORTS. HOTEL 57 SERVICES, LLC, HOTEL 57, LLC, TY WARNER HOTELS & RESORTS, LLC, and H. TY WARNER

            Defendants.

DKT NO.: 22-cv-6781 (JSR)

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO WARNER DEFENDANTS FIRST SET OF INTERROGATORIES**

---

Plaintiffs, SELENA STALEY, VIVIAN HOLMES, and OLIVE IVEY ("Plaintiffs") by and through their attorneys, responds to Defendants HOTEL 57 SERVICES, LLC, HOTEL 57, LLC, TY WARNER HOTELS & RESORTS, LLC, and H. TY WARNER (collectively, the "Warner Defendants") FIRST SET OF INTERROGATORIES, dated November 29, 2022 as follows:

## GENERAL OBJECTIONS

(1)  Plaintiffs object to these interrogatories to the extent that they seek to impose obligations, which are not consistent with and/or beyond the scope of those imposed or authorized by the Federal Rules of Civil Procedure.

(2)  Plaintiffs object to these interrogatories on the grounds that they are vague, overly broad, unduly burdensome and oppressive.

(3)  Plaintiffs object to these interrogatories on the grounds that they seek information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

(4)  Plaintiffs object to these interrogatories as duplicative, redundant, and/or cumulative and purport to require the Plaintiffs to produce information that is publicly available from other sources or in the possession of third parties.

(5)  Plaintiffs object to these interrogatories, which seek confidential and proprietary business information.

1

EXHIBIT 27

(6)     Plaintiffs object to these interrogatories to the extent that they may seek information that is protected by attorney client work product privilege, or that constitute material prepared for litigation purposes. Inadvertent production of any information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute waiver of any privilege or of another ground for objecting to discovery with respect to the information, or its subject matter, or of Plaintiffs' right to object to the use of any such information during any proceeding in this litigation or otherwise.

(7)     Plaintiffs responses are based upon information presently known to them. Plaintiffs reserves the right to rely on any facts, documents, or other evidence that may develop or subsequently come to their attention, to assert additional objections, and to supplement and/or amend these responses. Plaintiffs also reserves the right to object to the further disclosure of any information.

(8)     By responding to these interrogatories, Plaintiffs do not concede the materiality of the subject to which it refers. Plaintiffs responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility of evidence or for any other purpose, of any of the information produced, or of the subject matter thereof, in any proceeding including trial of this action or any subsequent proceeding.

(9)     Each of the above General Objections shall be deemed continuing and is incorporated into the specific responses set forth below, whether or not specifically stated in response to the interrogatories and is not waived or in any way limited by the responses below.

(10)    Plaintiffs object to these interrogatories to the extent that they violate Local Civil Rule 33.3.

(11)    Plaintiffs reserve the right to supplement these responses up until the time of trial.

## RESPONSE TO INTERROGATORIES

Interrogatory Number 1: Identify by name, address, telephone number and relationship to Plaintiffs (individually or collectively) all persons with knowledge of information concerning, and relevant to, the subject matter of this Action, and a brief description of that knowledge.

**RESPONSE:** Plaintiffs object to this request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not relevant to any parties claims or defenses, and to the extent the information sought is protected from disclosure by attorney-client privilege and attorney work-product privilege. Without waiving or in any way limiting the foregoing objections, in addition Plaintiffs refer Defendants' to the Individuals identified in Plaintiffs' Initial Disclosures and Defendants' Initial Disclosures for information responsive to this Interrogatory.

**Interrogatory Number 2:** Identify by name, address and telephone number all individuals who notified each of Plaintiffs that "[Plaintiff] and her similarly situated coworkers would be placed on unpaid furlough" as alleged in paragraphs 105, 106, and 107 of the Complaint.

**RESPONSE:** At this time, Plaintiffs are aware of Rudy Tauscher, Elizabeth Ortiz, Sharon Brambrut.

**Interrogatory Number 3:** Identify by name, address and telephone number all individuals who "claimed in December 2020 that The Hotel would reopen by the end of April 2021" as alleged in paragraph 126 of the Complaint.

**RESPONSE:** At this time the Plaintiffs are aware of Rudy Tauscher. His address and phone number are in Defendants' possession.

**Interrogatory Number 4:** Identify by name, address and telephone number all individuals who "stated that the Plaintiffs and those similarly situated would be back at work when consumer demand reached a certain threshold in order to reopen" as alleged in paragraph 131 of the Complaint.

**RESPONSE:** Plaintiffs object to this request on the grounds that it is vague and overly broad, is not

3

limited in time or scope, the question is more appropriate for a deposition. Without waiving or in any way limiting the foregoing objections, at this time Plaintiffs identify Alex Erbiti, Elizabeth Ortiz, Rudy Tauscher, and Sharon Brambrut. Their addresses and phone numbers are in Defendants' possession.

**Interrogatory Number 5:** Identify by name, address and telephone number all individuals who "claim[ed] that the Plaintiffs and those similarly situated employees were still on an indefinite furlough" and "did not permit the Plaintiffs or other similarly situated employees from seeking temporary employment to mitigate their hardship caused by Defendants without waiving their right to the No-Fault Separation Pay or the ability to maintain their jobs upon the reopening of The Hotel" as alleged in paragraph 143 of the Complaint.

**RESPONSE:** Plaintiffs object to this request on the grounds that it is vague and overly broad, is not limited in time or scope, the question is more appropriate for a deposition. Without waiving or in any way limiting the foregoing objections, Plaintiffs identify Elizabeth Ortiz, Frank Galasso, Rudy Tauscher, and Alex Erbiti. Their addresses and phone numbers are in Defendants' possession.

**Interrogatory Number 6:** Identify by name, address and telephone number all individuals who informed Plaintiffs of any purported reason(s) for The Hotel's closure, or failure to reopen, as alleged in the Complaint.

**RESPONSE:** Plaintiffs object to this request on the grounds that it is vague and overly broad, is not limited in time or scope, the question is more appropriate for a deposition. Without waiving or in any way limiting the foregoing objections, Plaintiffs identify Elizabeth Ortiz, Frank Galasso, Rudy Tauscher, and Alex Erbiti. Their addresses and phone numbers are in Defendants' possession.

**Interrogatory Number 7:** Identify by name, address, telephone number and relationship to Plaintiffs (individually or collectively) all persons with knowledge of information concerning Plaintiffs' (individually or collectively) actions concerning any attempt to resolve the allegations and claims in the Complaint through the Complaint, Arbitration & Review for Employees - C.A.R.E. procedure contained in the U.S. EmPact Employee Handbook with the Four Seasons Hotel New York.

**RESPONSE:** Plaintiffs object to this request to the extent that the information sought is beyond

the scope of Interrogatories permitted under Local Civil Rule 33.3 and to the extent that the Interrogatory is unintelligible. Without waiving or in any way limiting the foregoing objections, Plaintiffs identify Elizabeth Ortiz, Frank Galasso, Rudy Tauscher, and Alex Erbiti. Their addresses and phone numbers are in Defendants' possession.

**Interrogatory Number 8:** Identify by name, address, telephone number and relationship to Plaintiffs (individually or collectively) all persons with knowledge of information concerning, and relevant to, the subject matter (including the claims and/or defenses) in this Action whom Plaintiffs intend to call to testify as fact witnesses at trial in this Action.

**RESPONSE:** Plaintiffs object to this request as premature and state that Plaintiffs are aware of their obligations with respect to providing a list of trial witnesses and they will provide disclosures in accordance with and as required by Fed.R.Civ.P. 26(a) and have already provided Initial Disclosures in this matter.

**Interrogatory Number 9:** Identify by name, address and telephone number all witnesses to any alleged complaint(s), in any form, made by Plaintiffs (individually or collectively) to any of Defendants concerning the allegations and/or claims in this Action.

**RESPONSE:** Plaintiffs object to this request on the grounds that it is vague and overly broad, is not limited in time or scope, the question is more appropriate for a deposition, and the information sought is beyond the scope of Interrogatories permitted under Local Civil Rule 33.3. Without waiving or in any way limiting the foregoing objections, Plaintiffs identify Elizabeth Ortiz, Frank Galasso, Rudy Tauscher, and Alex Erbiti. Their addresses and phone numbers are in Defendants' possession.

**Interrogatory Number 10:** Identify by name, address and telephone number all persons with knowledge of information concerning, and relevant to, the subject matter (including the claims and/or defenses) in this Action whom Plaintiffs intend to call to testify at trial as expert witnesses in this

Action.

**RESPONSE:** Plaintiffs object to this request as premature and state that Plaintiffs are aware of their obligations with respect to providing expert disclosures and they will provide disclosures in accordance with and as required by Fed.R.Civ.P. 26(a).

**Interrogatory Number 11:** Identify by name, address and telephone number all persons with knowledge of information concerning any complaint(s), in any form, made by Plaintiffs (individually or collectively) to any of Defendants concerning the allegations and/or claims in this Action.

**RESPONSE:** Plaintiffs object to this request to the extent that the information sought is beyond the scope of Interrogatories permitted under Local Civil Rule 33.3 and to the extent that the Interrogatory is unintelligible. Without waiving or in any way limiting the foregoing objections, Plaintiffs identify themselves, Abigail Charpentier, Sharon Brambrut, Elizabeth Ortiz, Frank Galasso, as well as all other participants on the June 25, 2021 Zoom Meeting. The specific names, addresses, and telephone numbers are in the possession of Defendants and can be found in their own records books.

**Interrogatory Number 12:** Identify all documents and physical evidence concerning, and relevant to, the subject matter (including the claims and/or defenses) in this Action, the custodian(s) of such documents and physical evidence, the location(s) of such documents and physical evidence and a general description of such documents and physical evidence.

**RESPONSE:** Plaintiffs object to this request to the extent that the information sought is beyond the scope of Interrogatories permitted under Local Civil Rule 33.3 and to the extent that the Interrogatory is unintelligible. Without waiving or in any way limiting the foregoing objections, Plaintiffs refer Defendants to their Objections and Responses to Interrogatories Numbers 1 – 11, 13 and 14 for responsive information.

**Interrogatory Number 13:** Identify all documents and physical evidence concerning Plaintiffs' (individually or collectively) actions concerning any attempt to resolve the allegations and claims in the Complaint through the Complaint, Arbitration & Review for Employees - C.A.R.E. procedure contained in the U.S. EmPact Employee Handbook with the Four Seasons Hotel New York, the custodian(s) of such documents and physical evidence, the location(s) of such documents and physical evidence and a general description of such documents and physical evidence.

**RESPONSE:** Plaintiffs object to this request to the extent that the information sought is beyond the scope of Interrogatories permitted under Local Civil Rule 33.3 and to the extent that the Interrogatory is unintelligible. Without waiving or in any way limiting the foregoing objections, and Plaintiffs refer Defendants to the recording of the June 25, 2021 meeting. Plaintiffs identify a recording of the June 25, 2021 Zoom Meeting, which bears Bates Stamp Number Staley v FSR0262.

**Interrogatory Number 14:** Identify by category each element of each of Plaintiffs' claims for damages in this Action and for each such category, identify the amount claimed and Plaintiffs' computation of such amount.

**RESPONSE:** Plaintiffs object to this request to the extent that the information sought is beyond the scope of Interrogatories permitted under Local Civil Rule 33.3 and to the extent that the Interrogatory is unintelligible. Plaintiffs also object to producing information concerning attorney fees, costs and disbursements incurred in prosecuting this action as such fees and costs are not reasonably likely to lead to the discovery of admissible evidence prior to Plaintiffs prevailing and such inquiry at this time would impinge upon attorney-client privilege and attorney work-product. Without waiving or in any way limiting the foregoing objections, Plaintiffs state that the exact amount of their damages is unknown because the information necessary to calculate is possessed by Defendants and their damages are continuing to increase including their attorneys' fees and costs. Notwithstanding this, Plaintiffs state that upon information and belief Plaintiff Staley's annual salary

7

was approximately $61,497.80 and she worked for the Hotel since 2007, Plaintiff Holmes's annual salary was approximately $64,209.60 and she worked for the Hotel since 1998, and Plaintiff Ivey's annual salary was approximately $79,160.12 and she worked for the Hotel since 1997. Additionally, upon information and belief, Plaintiffs were entitled to benefits including but not limited to health insurance, matching 401K, and profit-sharing. Plaintiffs are entitled to those damages afforded by the WARN Act and the NY WARN Act as well as the No-Fault Separation Pay delineated in the EmPact Agreement, plus further damages including but not limited to attorneys' fees and costs allowed under the law.

Dated: New York, New York
December 29, 2022

                                                Yours, etc.

                                                BRUSTEIN LAW PLLC

By:     */s/ Evan Brustein*
      Evan Brustein, Esq.
      299 Broadway, 17th Floor
      New York, New York 10007
      (212) 233-3900
      evan@brusteinlaw.com

      Maya Risman, Esq.
      Risman & Risman, P.C.
      299 Broadway, 17th Floor
      New York, NY 10007
      (212) 233-6400
      mrisman@risman-law.com
      *Attorneys for Plaintiffs*

## **VERIFICATION**

VIVIAN HOLMES, declares under the penalties of perjury:

I am one of the named Plaintiffs in the within action. I have read the foregoing Plaintiffs' Responses and Objections to Warner Defendants First Set of Interrogatories and know the contents thereof. The contents are true to the best of my knowledge, information and belief.

_____
VIVIAN HOLMES

Dated: December 29, 2022

## **VERIFICATION**

VIVIAN HOLMES, declares under the penalties of perjury:

I am one of the named Plaintiffs in the within action. I have read the foregoing Plaintiffs' Responses and Objections to Defendant FSR International Hotel Inc.'s First Set of Interrogatories and know the contents thereof. The contents are true to the best of my knowledge, information and belief.

_____
VIVIAN HOLMES

Dated: December 29, 2022