*1301 Avenue of the Americas*
*21st Floor*
*New York, New York 10019*
*Tel: 212-907-9700*
*www.sgrlaw.com*



*Kathryn T. Lundy*
*Direct Tel:  646-887-9580*
*Direct Fax:  646-887-8172*
*klundy@sgrlaw.com*

September 10, 2024

**VIA E-MAIL AND ECF**
Hon. Jed. S. Rakoff, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>Staley, *et al.*  v. FSR International Hotels, Inc., *et al*.
              SDNY Case No.: 22-cv-6781 (JSR)</u>

Dear Judge Rakoff:

    Defendants jointly submit this letter in opposition to Plaintiffs' September 9, 2024 letter request ("Pls. Req.") that the Court permit additional discovery in this lawsuit.  In its September 6, 2024 Order (Dkt. 132) (the "Order"), the Court identified a single, discrete legal issue that may impact its resolution of the pending motion for summary judgment:

> whether or not defendants FSR International Hotel Inc., Hotel 57 Services, LLC, Hotel 57, LLC, and Ty Warner Hotels & Resorts LLC [ ] were required to provide additional notice under the federal and state Worker Adjustment and Retraining Notification Acts ("WARN Acts") when layoffs continued following the conclusion of the COVID-19 pandemic.

*See* Order at p. 1.  The Court gave Plaintiffs the opportunity to demonstrate "whether further discovery concerning the reasons for the failure of the Four Seasons Hotel to reopen following the conclusion of the COVID-19 pandemic is warranted."  *See* Order at subsection (2).  Plaintiffs have not complied with the Court's directive.  To the contrary, not only have Plaintiffs failed to show why any additional discovery on this limited issue is warranted but Plaintiffs seek wholesale additional discovery following submission and oral argument on Defendants' summary judgment motions.  Plaintiffs' request should be denied in its entirety for the following reasons:

    <u>First</u>, additional discovery is not warranted because Plaintiffs failed to preserve, and therefore waived, the discrete legal issue posed by the Court in the Order -- whether the WARN Acts require additional employee notice if the initial reason for employment loss ceases to exist.[1]  As Defendants

---

[1] Plaintiffs make much of their unsupported argument that notices are required each time their temporary furlough was extended by another six months (*see e.g.*, Amended Complaint (Dkt. 47) ("Compl.") at ¶¶ 7, 25-29, 173, 178, 179, 182, 185-189, 240, 244, 245; Plaintiffs' MOL in

will detail in supplemental briefing on this issue, the sole trigger for an employer's requirement to provide notice under the WARN Acts is whether employees will suffer a qualifying "employment loss" (*see* 29 U.S.C. §2101(a)(6); N.Y. Lab. L. §860-a(2)) -- *not* why that employment loss will occur or whether the underlying reason later ends or changes in some way.  The fact of the employment loss is all that matters; the reason or reasons do not.  The cases cited by Plaintiffs from the Fourth and Seventh Circuits and District Court of Vermont (*see* Pls. Req. p 1) are inapposite on this point, and will be addressed in Defendants' upcoming submissions.

Second, Plaintiffs brazenly violate the Court's directive with respect to the additional discovery they seek.  Paralleling the idiom "give an inch and they'll take a mile," Plaintiffs open their letter by requesting the Court:

> order the Defendants to produce the documents relating to Defendants' affirmative defenses of (1) the unforeseen business exception to the WARN Acts; and, (2) Defendants' claim that No Fault Separation Pay is not owed because any employment terminations "resulted from … national emergencies … and any other cause beyond the control of the Four Seasons.

Pls. Req. p. 1.  On their face, these categories of documents (to the extent not already requested and produced in the thousands of documents already produced to Plaintiffs during discovery)[2] have no bearing whatsoever on the issue raised in the Order.  Plaintiffs had ample opportunity to seek all discovery on these issues during the lengthy (and extended) discovery period, which concluded on May 1, 2023.  Plaintiffs effectively concede as much, highlighting for the Court that they had deposed Defendants' representatives on the very issues for which they now seek additional discovery: (1) the hotel's ability to safely reopen, which was part of Plaintiffs' deposition examination of FSR's President of Hotel Operations Americas, Antoine Chahwan (Pls. Req. pp. 1-2, 3); and (2) purported disputes between Defendants concerning the hotel's finances that allegedly prevented its reopening, which was part of Plaintiffs' deposition examination of Cathy Hwang, Vice President, Treasurer and Secretary of Hotel 57 Services, LLC and Hotel 57, LLC, and Chief Financial Officer for Ty Warner Hotels & Resorts, LLC.  Plaintiffs attempt to seek additional broad discovery is unwarranted and should be rejected.[3]

---

Opposition to the Warner Defendants Motion for Summary Judgment (Dkt. 119) at pp. 10-12) and that Plaintiffs' employment somehow was terminated on June 25, 2021 (*see e.g.*, Compl. at ¶¶ 6, 18 – 22, 25-29, 221, 241, 246) but never this specific legal issue raised by the Court in its Order.  Rather, the only time Plaintiffs address the reasons for the Hotel's closure is in the context of their claim for No-Fault Separation Pay (*see e.g.,* Compl. ¶¶ at 28, 29).

[2] For example, documents concerning hotel renovations (including e-mails, contracts, work specifications and invoices) and the hotel's efforts to reopen (including communications among defendants, to the general public and to Plaintiffs).

[3] Plaintiffs' contention that non-privileged matters relevant to the claims and defenses of a party and proportional to the needs of the case are discoverable (Pls. Req. p 3, *citing to* Fed. R. Civ. P. 26(b)(1))

Third, no discovery is required to address the straightforward legal issue identified in the Order. As explained above, as a matter of law, the reason the hotel remained closed and/or Plaintiffs' temporary furloughs continued is irrelevant for purposes of the WARN Acts. All that is relevant is whether Plaintiffs received proper and timely notice of their "employment loss" thereunder, which they did. But even if the reasons for the hotel's continued closure and/or Plaintiffs' continued temporary furloughs mattered under the WARN Acts (they do not), the record evidence established that the hotel remained closed and underwent substantial infrastructure and maintenance work during the closure. Indeed, Plaintiffs themselves produced a June 25, 2021 letter Plaintiffs (and all class members) received (bearing Bates number Staley v FSR0061)[4] that read (in part):

> We know everyone is keen to reopen our Hotel and begin welcoming back guests. At this time, we will continue to remain closed, as the Hotel will be undergoing substantial infrastructure and maintenance work that is expected to last well into 2022. We will reassess our reopening plans in the early Spring of 2022 based upon the progress of this work.
>
> Upon reopening, we are committed to recalling employees, as business levels rebound.

The record evidence also established that during the same period, analyses were taking place to determine how the hotel could reopen safely and profitably in the post-pandemic world. Plaintiffs erroneously believe that once the hotel was capable of reopening (*i.e.*, following pandemic restrictions), the "reason" for its temporary closure ended. The hotel is a business, and as explained in the WARN Act notices provided to Plaintiffs, its temporary closure resulted from the pandemic, the economic downturn it caused and the resulting lack of demand in the hospitality market. Accordingly, the hotel's reopening therefore was contingent upon not only its ability to reopen safely, but also profitably following completion of renovations. As the Warner Defendants demonstrated in their motion for summary judgment, Hotel 57 Services, LLC unwaveringly planned to reopen the hotel, and recall Plaintiffs to their employment, when it could do so safely and profitably, which is planned to be this Fall 2024. No additional discovery is necessary, or warranted, on these topics.

Accordingly, Plaintiffs request for additional discovery should be denied in its entirety.

Respectfully submitted,

*/s/ Kathryn T. Lundy*

Kathryn T. Lundy

---

has no bearing on this request. There is no basis to provide Plaintiffs such a broad second bite at the apple when they had ample opportunity to seek such discovery the first time around.

[4] The Warner Defendants produced the same letter bearing Bates number WARNERDEF_006.