*311 South Wacker Drive*
*Suite 3000*
*Chicago, IL 60606*
*Tel: 312-360-6000*
*www.sgrlaw.com*

**Smith Gambrell Russell**

*James J. Boland*
*Direct Tel: 312-360-6548*
*Direct Fax: 312-360-6520*
*jboland@sgrlaw.com*

October 22, 2024

**VIA ECF**
Hon. Jed. S. Rakoff, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **Staley, *et al.* v. FSR International Hotels, Inc., *et al.***
                **SDNY Case No.: 22-cv-6781 (JSR)**

Dear Judge Rakoff:

      Defendants Hotel 57 Services, LLC, Hotel 57, LLC, Ty Warner Hotels & Resorts, LLC, H. Ty Warner, and FSR International Hotel, Inc., jointly submit this letter pursuant to the Court's October 4, 2024 Order (Doc. No. 141). That Order provides as follows:

> On the specific issue of whether there is a genuine factual dispute as to whether the delay in the Four Seasons New York's reopening is due to factors materially unrelated to the COVID-19 pandemic, plaintiffs' counsel is hereby directed to supply the Court with any and all record citations from the discovery record that they believe bear on this issue. No additional affidavits or declarations are permitted. Counsel for plaintiffs must supply these citations in letter form by no later than October 15, 2024. If counsel for defendants have any evidentiary objections to the citations offered in plaintiffs' submission, those objections should be specified in writing in a follow-up letter submitted by defendants' counsel by no later than October 22, 2024.

*Id.*

      On October 15, 2024, in a letter from Mr. Bromberg (Doc. No. 142), Plaintiffs identified what counsel termed "citations to the discovery record that Plaintiffs believe bear on the issue of whether there is a genuine factual dispute as to whether the delay in the Four Seasons New York's reopening is due to factors materially unrelated to the COVID-19 pandemic." Plaintiffs identified over 233 pages from 6 depositions, 6 paragraphs from 3 declarations (including a declaration from a lawyer), 11 documents produced by the parties in this case, documents attached to a prior declaration, and 3 documents from a different lawsuit that were not produced in this case.

October 22, 2024
Page 2

Attached as Exhibit A to this letter are Defendants' evidentiary objections to Plaintiffs' citations. In presenting these objections, Defendants respectfully note the following:

- Plaintiffs have already admitted that the Four Seasons New York's continued closure is due to the impact of the COVID-19 pandemic. This fact was specifically stated in paragraph 89 of the Warner Defendants Rule 56.1 Statement of Facts supported by the declaration testimony of Cathy Hwang (Doc. Nos. 95, and 98), and Plaintiffs failed to cite or submit any admissible evidence to rebut it (Doc. No. 120). As such, the fact should be deemed admitted. Local Civil Rule 56.1(c); *Russell v. Aid to Developmentally Disabled, Inc.*, 753 Fed. Appx. 9, 12 (2d Cir. 2018) (unpublished) ("if the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.") (citation omitted).

- Defendants construe the term "any evidentiary objections" to mean objections to the admissibility of the deposition and/or declaration testimony and documents cited by Plaintiffs under any of the Federal Rules of Evidence, Fed. R. Evid. 101-1103.

- Defendants construe the term "bear upon" to encompass relevancy, and because the theory of WARN Act liability based on a "delay" in reopening was not asserted in Plaintiffs' complaints and Plaintiffs have pled no facts to support it,[1] Defendants construe the term "this issue" to be "whether the delay in the Four Seasons New York's reopening is due to factors materially unrelated to the COVID-19 pandemic," including whether there was, in fact, a "delay" in reopening and, if so, whether that delay was due to factors materially unrelated to the pandemic's effects.

- Defendants generally object to the "citations" Plaintiffs have identified, the overwhelming majority of which are not relevant to the issue identified in the Court's Order. Instead, Plaintiffs appear to have listed numerous pages from depositions and documents, much of which is inadmissible, to create the impression

---

[1] As Defendants demonstrated in their recent submissions (*see* Doc. Nos. 137, 138, 139), once a proper WARN Act notice of an "employment loss" is provided, a change in the reason or reasons that a business remains closed does not give rise to a new "employment loss" and therefore does not trigger an additional WARN Act Notice requirement. Because this theory of WARN Act violation/liability was never asserted by Plaintiffs in their complaints, Defendants have not had a chance to properly address it or any allegations Plaintiffs may have made to support it. Defendants also have not had the chance assert, and seek summary judgment on the basis of, additional defenses to such a theory, including the defense even if such a statutory requirement existed, Plaintiffs in this case – all of whom were already on furlough after March 2020 – have suffered no concrete injury-in-fact and lack Article III standing to assert a claim based on such a technical violation of the statutes. *See Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) (statutory violation/statutory remedy alone insufficient to establish injury-in-fact and standing under Article III).

October 22, 2024
Page 3

      that admissible evidence exists creating a genuine issue of material fact for trial when that evidence does not exist.

      Defendants respectfully incorporate the points above into each of the objections in Exhibit A.

                                      Respectfully submitted,

                                      James J. Boland

Attachment

cc: All Counsel of Record (via ECF)