# EXHIBIT A

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
| --- | --- |
| **Antoine Chahwan Tr.** (ECF#123 -1; Bromberg Decl, Ex. A) at 31:6-32:18 | *(31:6-12); (31:22 -25; 32:1-4); (32:5-7)* – **Relevance, Fed. R. Evid. 401, 402 -** testimony about what is considered a temporary hotel closure is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>*(31:13 -21)* – **Relevance, Fed. R. Evid. 401, 402** – closures of other hotels during the pandemic is not relevant to is not relevant to the questions posed by the Court. |
| *Id.* at 33:12 -34:16 | *(all)* - **Relevance, Fed. R. Evid. 401, 402** – Testimony about the closure and re-opening status of a different hotel that has a residential component is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |
| *Id.* at 35:7-22 | *(35:7-19)* - **Relevance, Fed. R. Evid. 401, 402** – Testimony about Mr. Chahwan's role at a different hotel is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>*(35:20-22)* - **Relevance, Fed. R. Evid. 401, 402** – The number of guests that returned after a completely different hotel made its own business decision to reopen is irrelevant to the two questions posed by the Court. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 41:17-23 | (*all*) - **Relevance, Fed. R. Evid. 401, 402 –** The onsite leadership team at the property in April 2023 is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |
| *Id.* at 56:16-24 | (*all*) - **Lack of Personal Knowledge, Fed. R. Evid. 602 –** No testimony established a foundation that Mr. Chahwan had personal knowledge on assessing whether a property could (or did) open safely during the COVID-19 pandemic.<br><br>(*all*) - **Relevance, Fed. R. Evid. 401, 402** – The ability to house medical personnel at the Four Seasons New York in April – June 2020 is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |
| *Id.* 57:16-19 | (*all*) - **Lack of Personal Knowledge, Fed. R. Evid. 602 –** No testimony established a foundation that Mr. Chahwan had any personal knowledge on assessing whether a property could (or did) open safely during the COVID-19 pandemic.<br><br>(*all*) - **Relevance, Fed. R. Evid. 401, 402** – the ability to house medical personnel at the Four Seasons New York in April – June 2020  is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 63:5-8 | (*all*) -  **Relevance, Fed. R. Evid. 401, 402** – The re-opening plan of a completely different hotel is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.¸* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |
| *Id.* at 69:3 -71:5 | (*69:13 -25 – 70:1-20*) - **Relevance, Fed. R. Evid. 401, 402** – Mr. Chahwan's personal beliefs as to what constitutes the competitive set to Four Seasons New York is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.¸* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. <br><br> (*70:21-25; 71:1-5*) - **Lack of Personal Knowledge, Fed. R. Evid. 602 –** No testimony established a foundation that Mr. Chahwan had any personal knowledge on assessing whether a property could open safely during the COVID-19 pandemic. |
| *Id.* at 71:16-78:4 | (*all*) - None; testimony based on personal knowledge accurately states that the timing of the hotel's reopening was unknown given the impact of COVID-19 on the industry and market as set forth in the WARN Act Notice provided on August 5, 2020. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 78:22 -89:25 | *(78:22 -25; 79:1-5)* - **Relevance, Fed. R. Evid. 401, 402** – Mr. Chahwan's duties is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*, some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>*(79:6-19)* - **Lack of Personal Knowledge, Fed. R. Evid. 602** – Mr. Chahwan's testimony confirmed he lacked personal knowledge to testify about the timing of various renovation projects at Four Seasons New York.<br><br>*(79:6-19); (79:20-25; 80-1); (80:2 -10); (80:11-25; 81:1-6); (81:7-11)* - **Fairness and Completeness, Fed. R. Evid. 106 –** Mr. Chahwan testified that the Four Seasons Hotel New York was not closed because of stained carpets.<br><br>*(81:12 -19); (81:20-22)*- **Relevance, Fed. R. Evid. 401, 402** – Testimony about an outside vendor and who retained them is irrelevant to the two questions posed by the Court.<br><br>*(82:3 -89:25*) – None; testimony based on personal knowledge accurately states that the hotel will reopen as soon as possible, and in order to do so in a profitable way, a multitude of projects must first take place, all of which are materially related to the impact of COVID-19 on the industry and market as set forth in the WARN Act Notice provided on August 5, 2020. |
| *Id.* at 91:21-92:13 | *(91:21-25; 92:1); (92:2 -13)* - **Fairness and Completeness, Fed. R. Evid. 106 –** Mr. Chahwan testified that in June 2020 Four Seasons New York was still housing medical personnel and that it was not feasible to open the hotel since the business demands were not there. |
| *Id.* at 93:7-94:19 | *(93:7-94:19)* - **Lack of Personal Knowledge, Fed. R. Evid. 602** – Mr. Chahwan's testimony confirmed he lacks personal knowledge to testify about management fees. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 98:5-99:1 | *(98:5-15)* - **Lack of Personal Knowledge, Fed. R. Evid. 602** – Mr. Chahwan's testimony confirmed he lacks personal knowledge to testify about management fees. <br><br> *(98:16-25 – 99:1)* **Relevance, Fed. R. Evid. 401, 402** – Mr. Chahwan's duties are irrelevant to the questions posed by the Court. |
| *Id.* at 103:13 -106:12 | *(103:13 -25-104:1-8); (104:4-21); (105:13 -16)* - **Lack of Personal Knowledge, Fed. R. Evid. 602** – Mr. Chahwan's testimony confirmed he lacks personal knowledge to testify about the Santa Barabra/Biltmore Hotel. <br><br> *(105:17-20); (105:22 -25); (106:1-12)* - **Relevance, Fed. R. Evid. 401, 402** – The process and content of the business plan is irrelevant to the two questions posed by the Court. |
| *Id.* at 107:3 -112:21 | *(all)* - **Relevance, Fed. R. Evid. 401, 402** – The process and content of the business plan is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |
| *Id.* at 142:22 -146:4 | *(all)* - **Relevance, Fed. R. Evid. 401, 402** – The intention and logistics for re-opening the Four Seasons New York (which is scheduled for November 15, 2024) is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |
| *Id.* at 189:2 -19 | *(all)* - **Relevance, Fed. R. Evid. 401, 402** – Mr. Chahwan's testimony confirmed any disagreement between the owner/operator has nothing to do with the reason the hotel has not reopened, which is scheduled to occur on November 15, 2024. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 201:12 -209:5 | *(201:12 -16)* **Lack of Personal Knowledge, Fed. R. Evid. 602** – Mr. Chahwan's testimony confirmed he lacks personal knowledge about the timing of reopening (in April 2023) or the progress of the renovation projects.<br><br>*(201:17-208:15)* - - **Relevance, Fed. R. Evid. 401, 402** –Four Seasons New York continued closure and whether the hotel's closure was expected and therefore addressed in the 2020 and 2021 plans is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>*(208:16-25-209:5)* - **Relevance, Fed. R. Evid. 401, 402** – The progression of the elevator project has no bearing on the questions posed by the Court. |
| *Id.* at 212:10-218:9 | *(all)* - **Lack of Personal Knowledge, Fed. R. Evid. 602** – Mr. Chahwan's testimony confirmed he lacks personal knowledge about the timing of the renovation projects or the exact timing of the hotel's re-opening.<br><br>*(218:3 -9)* - **Relevance, Fed. R. Evid. 401, 402** – The timing of re-opening is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 221:6-19 | (*all*) **- Lack of Personal Knowledge, Fed. R. Evid. 602** – No foundation of personal knowledge about the hotel's ability to open safely in June 2020 has been established.<br><br>(*all*) **- Fairness and Completeness, Fed. R. Evid. 106** – Mr. Chahwan testified that the Four Seasons New York could not re-open in June 2020 based upon the limited demand for business. |
| *Id.* at 252:21-255:16 | (*all*) **- Relevance, Fed. R. Evid. 401, 402 -** The five-year plan for Four Seasons New York that was an initial draft in 2019, but not completed, is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |
| *Id.* at 277:11-20 | (*all*) **- Lack of Personal Knowledge, Fed. R. Evid. 602** – No foundation was established demonstrating Mr. Chahwan had any basis to assume in August 2020 (when the WARN Act notice was issued) that Four Seasons New York would not re-open until September 2021 (when the WARN Act Notice was issued to Plaintiffs).<br><br>(*all*) **- Fairness and Completeness, Fed. R. Evid. 106** – Mr. Chahwan testified that the duration of COVID-19 and its impact on Four Seasons New York ability to reopen and the timing was unpredictable. |
| *Id.* at 279:7-9 | (*all*) **- Lack of Personal Knowledge, Fed. R. Evid. 602** – No foundation was established demonstrating Mr. Chahwan had personal knowledge about a "phased approach" to re-opening, or if that was ever contemplated.<br><br>(*all*) **- Fairness and Completeness, Fed. R. Evid. 106** – Mr. Chahwan testified that the duration of COVID-19, its impact on Four Seasons New York ability to reopen and the timing was unpredictable. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 289:12 -14 | *(all)* - **Relevance, Fed. R. Evid. 401, 402 -** The approach for the modernization of elevators at other hotels is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*, some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>*(all)* - **Fairness and Completeness, Fed. R. Evid. 106** – Mr. Chahwan's testimony is broad and not specific to any time period, region or intervening circumstances or other related variables (like the impact on COVID-19). |
| **Cathy Hwang 30(b)(1) Tr.** (ECF#96-5) at 31:17-32:18 | *(all)* - **Relevance, Fed. R. Evid. 401, 402** – Testimony about the existence of a lawsuit between Hotel 57, LLC and what is vaguely referred to as "Four Seasons" relating to a dispute over a management agreement to operate two hotels is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*, some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>*(all)* - **Prejudice, Confusion, etc., Fed. R. Evid. 403** – Any probative value testimony about the existence of a lawsuit between Hotel 57, LLC and what is vaguely referred to as "Four Seasons" relating to a dispute over a management agreement to operate two hotels may have is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to that lawsuit. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 54:4-56:10 | *(all)* - **Relevance, Fed. R. Evid. 401, 402 –** Testimony about the existence of a lawsuit between Hotel 57, LLC and what is vaguely referred to as "Four Seasons" relating to a dispute over a management agreement to operate two hotels or the prior profitability of those hotels is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*, some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>*(all)* - **Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative value testimony about the existence of a lawsuit between Hotel 57, LLC and what is vaguely referred to as "Four Seasons" relating to a dispute over a management agreement to operate two hotels or the prior profitability of those hotels may have (the testimony actually shows that prior dissatisfaction with the operator's performance did not cause the hotels to shut down or otherwise cease operations, and that the operator actually implemented rate changes to address this issue) is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to these issues. |
| *Id.* at 88:22 -89:3 | *(all)* - None; testimony based on personal knowledge accurate states the reason that the hotel closed and remained closed given the impact of COVID-19 on the industry and market as set forth in the WARN Act Notice provided on August 5, 2020. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 91:18-92:3 | *(all)* - **Relevance, Fed. R. Evid. 401, 402 –** Testimony about the existence of a lawsuit between Hotel 57, LLC and what is vaguely referred to as "Four Seasons" relating to a dispute over a management agreement to operate two hotels is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*, some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |
| | *(all)* - **Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative value testimony about the existence of a lawsuit between Hotel 57, LLC and what is vaguely referred to as "Four Seasons" relating to a dispute over a management agreement to operate two hotels may have is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to that lawsuit. |
| *Id.* at 137:18-144:23 | *(all)* - **Relevance, Fed. R. Evid. 401, 402 –** Testimony about the complimentary housing of medical professionals during the early onslaught of the COVID-19 pandemic from April to June 2020, what other hotels may have been planning to do in that time period, and the capital projects going on while the hotel was shut down to outside guests during that period is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*, some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |
| | *(all)* - **Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative value testimony about the complimentary housing of medical professionals during the early onslaught of the COVID-19 pandemic from April to June 2020, what other hotels may have been planning to do in that time period, and the capital projects going on while the hotel was shut down to outside guests during that period may have is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to each of these issues. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 145:22 -153:19 | *(all)* - **Relevance, Fed. R. Evid. 401, 402 –** Testimony about renovation projects undertaken at the hotel after the hotel was closed in March 2020 due to the onslaught of the COVID-19 pandemic and while medical personnel were housed there is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>*(all)* - **Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative value testimony about renovation projects undertaken at the hotel after the hotel was closed in March 2020 due to the onslaught of the COVID-19 pandemic and while medical personnel were housed there may have is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to each of these issues. |
| *Id.* at 164:12 -165:1 | *(all)* - **Relevance, Fed. R. Evid. 401, 402 –** Testimony about renovation projects undertaken at the hotel right after the hotel was closed in March 2020 due to the onslaught of the COVID-19 pandemic is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>*(all)* - **Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative value testimony about renovation projects undertaken at the hotel after the hotel was closed in March 2020 due to the onslaught of the COVID-19 pandemic may have is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to each of these issues. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 167:1-170:20 | *(all)* - **Relevance, Fed. R. Evid. 401, 402** – Testimony about health and safety discussions right after the hotel was closed in March 2020 due to the onslaught of the COVID-19 pandemic and before Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.¸* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>*(all)* - **Prejudice, Confusion, etc., Fed. R. Evid. 403** – Any probative value testimony health and safety discussions right after the hotel was closed in March 2020 due to the onslaught of the COVID-19 pandemic and before Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices may have is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to each of these issues. |
| *Id.* at 171:10-22 | *(all)* - **Relevance, Fed. R. Evid. 401, 402** – Ms. Hwang's lack of knowledge about the background of a Solid Rock employee is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.¸* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |

**EXHIBIT A**

| Plaintiff's Citation | Evidentiary Objection(s) |
|---|---|
| *Id.* at 173:18-175:11 | *(all)* - **Relevance, Fed. R. Evid. 401, 402** – Testimony about health and safety discussions right after the hotel was closed in March 2020 due to the onslaught of the COVID-19 pandemic and before Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>*(all)* - **Prejudice, Confusion, etc., Fed. R. Evid. 403** – Any probative value testimony health and safety discussions right after the hotel was closed in March 2020 due to the onslaught of the COVID-19 pandemic and before Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices may have is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to each of these issues.<br><br>*(all)* - **Fairness and Completeness, Fed. R. Evid. 106** – Ms. Hwang clarified that Four Seasons amended plan was not tailored to the hotel *(175:23 -176:16)*. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 177:12 -179:11 | *(all)* - **Relevance, Fed. R. Evid. 401, 402 –** Testimony about reopening plans discussed before Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.¸* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. Testimony about the inability of Four Seasons to develop plans for the hotel to reopen profitably given the impact of COVID-19 for years after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices is relevant and establishes that the hotel remained closed for reasons that are materially related to the COVID-19 pandemic.<br><br>*(all)* - **Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative value testimony health and safety discussions right after the hotel was closed in March 2020 due to the onslaught of the COVID-19 pandemic and before Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices may have is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to each of these issues.<br><br>*(all)* - **Fairness and Completeness, Fed. R. Evid. 106 –** Ms. Hwang clarified that Four Seasons amended plan was not tailored to the hotel *(175:23 -176:16)*. |
| *Id.* at 183:2 -185:24 | *(all)* - **Relevance, Fed. R. Evid. 401, 402 –** Testimony about who decides to reopen the hotel and which entity pays employees is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.¸* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 197:22 -199:13 | *(all)* - **Relevance, Fed. R. Evid. 401, 402 –** Testimony about renovation projects undertaken at the hotel after the hotel was closed in March 2020 due to the onslaught of the COVID-19 pandemic and profitability before prior to COVID before Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>*(all)* - **Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative value testimony about renovation projects undertaken at the hotel after the hotel was closed in March 2020 due to the onslaught of the COVID-19 pandemic and profitability before prior to COVID before Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices may have is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to each of these issues. |
| *Id.* at 201:24-202:11 | *(all)* - **Relevance, Fed. R. Evid. 401, 402 –** Testimony that the hotel, like any rational business, should only reopen if it can be profitable after the impact of COVID-19 on the industry is not relevant  whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not), but is relevant to, and refutes, the proposition that the hotel remained closed (*i.e.,* did not reopen) due to factors materially unrelated to the COVID -19 pandemic, which impacted the ability to reopen profitably |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 204:11-206:20 | *(all)* - **Relevance, Fed. R. Evid. 401, 402 –** Testimony about the existence of a lawsuit between Hotel 57, LLC and what is vaguely referred to as "Four Seasons" relating to a dispute over a management agreement to operate two hotels is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*, some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID-19 pandemic.<br><br>*(all)* - **Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative value testimony about the existence of a between Hotel 57, LLC and what is vaguely referred to as "Four Seasons" relating to a management agreement to operate two hotels may have is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to that lawsuit.<br><br>*(all)* - **Fairness and Completeness, Fed. R. Evid. 106 –** Ms. Hwang testified that the litigation was paused, the parties were negotiating, and that Mr. Warner and Hotel 57, LLC wanted the hotel to reopen *(207:6-208:8)* |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 208:2 -8 | *(all)* - **Relevance, Fed. R. Evid. 401, 402 –** Testimony about the existence of a lawsuit between Hotel 57, LLC and what is vaguely referred to as "Four Seasons" relating to a dispute over a management agreement to operate two hotels is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. <br><br> *(all)* - **Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative value testimony about the existence of a between Hotel 57, LLC and what is vaguely referred to as "Four Seasons" relating to a management agreement to operate two hotels may have is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to that lawsuit. <br><br> *(all)* - **Fairness and Completeness, Fed. R. Evid. 106 –** Ms. Hwang testified that the litigation was paused, the parties were negotiating *(207:6-208:1)* |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 229:21-230:24 | *(all)* - **Relevance, Fed. R. Evid. 401, 402 –** Testimony about the Four Seasons Hotel in Santa Barbara is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>*(all)* - **Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative value testimony about the Four Seasons Hotel in Santa Barbara may have is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to that hotel.<br><br>*(all)* - **Fairness and Completeness, Fed. R. Evid. 106 –** The preceding question and answer make clear that the cited testimony was about the Santa Barbara hotel, not the Four Seasons Hotel New York and that Santa Barbara, like New York, was closed due to COVID *(229:12 -19)* |
| *Id.* at 233:22 -234:15 | *(all)* - **Relevance, Fed. R. Evid. 401, 402 –** Testimony about other properties reopening or not reopening is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>*(all)* - **Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative value testimony about other properties may have is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to each of those properties. |
| *Id.* at 263:4-265: | *(263:4-263:22)* - **No Personal Knowledge, Fed. R. Evid. 602, Hearsay, Fed. R. Evid. 802** - Ms. Hwang could not identify the document she was given, and her testimony consists solely of relaying its contents. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 267:21-276:5 | *(all)* - **Relevance, Fed. R. Evid. 401, 402 –** Testimony about multiple capital projects over numerous years both before and after COVID is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. <br><br> *(all)* - **Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative value testimony about multiple capital projects over numerous years both before and after COVID may have is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to each of those projects. <br><br> *(269:2 -272:5; 273:4-11, 274:22 -276:5)* – **Lack of Personal Knowledge, Fed. R. Evid. 602; Hearsay, Fed. R. Evid. 802** - Ms. Hwang was asked about documents and testified that she did not know the facts. |
| *Id.* at 309:6-314:13 | *(all)* - **Relevance, Fed. R. Evid. 402 -** Testimony about the existence of a lawsuit between Hotel 57, LLC and what is vaguely referred to as "Four Seasons" relating to a dispute over a management agreement to operate two hotels is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. <br><br> *(all)* - **Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative value testimony about the existence of a lawsuit between Hotel 57, LLC and what is vaguely referred to as "Four Seasons" relating to a dispute over a management agreement to operate two hotels may have is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to each of that lawsuit. |

EXHIBIT A

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| **Cathy Hwang 30(b)(6) Tr.** (ECF#112 -2) at 210:2 - 211:6 | *(all)* - **Relevance, Fed. R. Evid. 402 -** Testimony about some undefined reopening plans sent to Hotel 57 Services, LLC at unspecified times that were not approved is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.¸* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |
| | *(all)* - **Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative this vague testimony about some undefined reopening plans sent to Hotel 57 Services, LLC at unspecified times that were not approved may have is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to each of those supposed plans. |
| *Id.* at 245:24-246:22 | *(all)* - None; testimony based on personal knowledge confirms that hotel remained closed for the same reasons materially related to the COVID-19 pandemic (ability to operate safely and profitably post-pandemic). |
| *Id.* at 257:3 -259:9 | *(all)* - **Relevance, Fed. R. Evid. 402 -** Testimony about notices sent to Four Seasons by Hotel 57, LLC at some undefined time is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.¸* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |
| | *(all)* - **Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative value testimony about notices sent to Four Seasons by Hotel 57, LLC at some undefined time may have is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to the entirety of the dispute over the management agreement and related events. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 261:4-262:23 | *(all)* - None; testimony based on personal knowledge confirms that hotel remained closed for the same reasons materially related to the COVID-19 pandemic (ability to operate safely and profitably post-pandemic). |
| *Id.* at 287:6-291:16 | *(all)* - None; testimony based on persona knowledge confirms that the lack of demand that contributed to the hotel remaining closed materially related to the COVID-19 pandemic (lack of demand in the New York luxury market post-pandemic). |
| *Id.* at 293:13 -24 | *(all)* - **Relevance, Fed. R. Evid. 402 –** Vague testimony about number of competitors in market is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |
| *Id.* at 308:7-309:13 | *(all)* - None; testimony based on personal knowledge confirms that hotel closed because of COVID and remained closed for the same reasons materially related to the COVID-19 pandemic (use of time to complete renovations). |
| *Id.* at 310:12 -22 | *(all)* - **Relevance, Fed. R. Evid. 402 –** Testimony about whether the hotel could open while shower pans are being replaced is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 312:14-20 | *(all)* - **Relevance, Fed. R. Evid. 402 –** Testimony about whether the hotel could open while the shower pan and elevator projects are ongoing is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*, some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |
| **Elizabeth Ortiz Tr**. (ECF#96-4) at 71:9-16 | (*all*)- **Relevance, Fed. R. Evid. 401, 402 -** Ms. Ortiz's testimony that it was always the intention to re-open the Hotel is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*, some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 72:1-74:3 | (*72:1-7*) - **Lack of Personal Knowledge, Fed. R. Evid. 602** – Ms. Ortiz testified she lacked personal knowledge to answer the question.<br><br>(*72:8-24*) - **Relevance, Fed. R. Evid. 401, 402** - The daily inspection of the property to ensure its safety and security in April 2023 is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>(*72:25-73:1-4*) - **Relevance, Fed. R. Evid. 401, 402** - Testimony about the Defendants' consistent goal to re-open the Hotel is irrelevant to the questions posed by the Court.<br><br>(*all*) - **Fairness and Completeness, Fed. R. Evid. 106** – Ms. Ortiz clarified that the hotel's continued closure was a natural business progression because they could not generate revenue based on COVID-19 impact on tourism/hospitality;<br><br>(*73:5-25-74:1-3*) – None; testimony based on personal knowledge accurately states the hotel has not yet reopened because it is undergoing renovations to prepare to reopen, which Defendants maintain is materially related to the impact of COVID-19 on the industry and market as set forth in the WARN Act Notice provided on August 5, 2020. |
| *Id.* at 89:1-92:17 | (*all*) - **Lack of Personal Knowledge, Fed. R. Evid. 602** – Ms. Ortiz testified she lacked personal knowledge to answer the question, nor was any foundation established for Ms. Ortiz to testify about the details relating to the renovation projects at the Hotel. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 101:6-101:11 | *(all)* **- Relevance, Fed. R. Evid. 401, 402 –** Ms. Ortiz's statement that the Hotel is currently closed to outside guests is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*¸ some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |
| *Id.* at 145:7-10 | *(all)* **- Relevance, Fed. R. Evid. 401, 402 –** Ms. Ortiz's statement that the Defendants have always been transparent that the Hotel will reopen, but that its just a matter of when, is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*¸ some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |
| *Id.* at 184:14-23 | *(all)* **- Fairness and Completeness, Fed. R. Evid. 106; Relevance, Fed. R. Evid. 401, 402  –** The cited portion of the transcript has no probative value since the admissibility of the unidentified document was not established and the quoted portion of the unidentified document and Ms. Ortiz's acknowledge the document said what it said is incomplete and irrelevant to the questions posed by the Court. |
| *Id.* at 226:3 -11 | *(all)* **- Relevance, Fed. R. Evid. 401, 402 –** Ms. Ortiz's statement that the Hotel is not permanently closed is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*¸ some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 235:16-258:2 | (*all*)- **No Foundation/Authentication, Fed. R. Evid. 901** – – No foundational testimony cited from a "witness with knowledge" (Fed. R. Evid. 901(b)(1)) establishing what the recording is or purports to be.<br><br>(*all*)- **Hearsay, Fed. R. Evid. 802** – The recording was submitted for the truth of the content recorded and is hearsay. |
| *Id.* at 259:5-260:20 | (*all*) - **Lack of Personal Knowledge, Fed. R. Evid. 602** – No foundation established Ms. Ortiz maintained personal knowledge regarding the anticipated renovation projects beginning in June 2021. |
| **H. Ty Warner Tr.**<br>(ECF#112 -1) at 58:3 -8; | (*all*) - **Fairness and Completeness, Fed. R. Evid. 106** – Mr Warner later clarified that the management dispute arose during the COVID period after the medical personnel left, when the hotel was forced to close to outside guests and determined in order to be able to reopen they needed a profitable hotel (58:11-25 – 59:1-10); other barriers to reopening the Hotel also included the scope of the renovation and the safety issues at the hotel, and reconfiguring the hotel's model to include extended stay apartments (60:15-25; 61:1-25). |
| *Id.* at 63:21-24 | (*all*) -**Fairness and Completeness, Fed. R. Evid. 106** – Mr. Warner previously testified that he took issue with profitability at Four Seasons New York during COVID-19 (58:11-25 – 59:1-10). |
| *Id.* at 79:15-22 | (*all*) - **Lack of Personal Knowledge, Fed. R. Evid. 602;  Fairness and Completeness, Fed. R. Evid. 106** – Mr. Warner later testified that the decision to commence (or terminate) a lawsuit relating to the Hotel is not his decision and he relies on many people for a decision like that. |
| *Id.* at 201:18-204:8 | (*all*) - **Relevance, Fed. R. Evid. 401, 402 –** Issues with the Hotel's elevators 10-years ago is irrelevant to the questions posed by the Court.<br><br>**Fairness and Completeness, Fed. R. Evid. 106** – Mr. Warner testified that during COVID-19 he determined the Hotel needed to be profitable in order to re-open. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 229:4-232:23 | *(229:4-230-20)* - **Relevance, Fed. R. Evid. 401, 402 –** The closure of a different hotel, in a different state at a different time for a different reason is irrelevant to the questions posed by the Court.<br><br>(230:21-25-231:21) - **Relevance, Fed. R. Evid. 401, 402** – Mr. Warner's testimony confirming that in June 2020 New York City was empty with no business demand is irrelevant to the questions posed by the court. |
| *Id.* at 254:13 -256:25 | *(254:13 -256:25*) **Lack of Personal Knowledge, Fed. R. Evid. 602** – No foundation of personal knowledge was established because Mr. Warner testified he had never seen the document before. |
| *Id.* at 258:4-267:17 | *(all)* -**Hearsay, Fed. R. Evid. 802**– The e-mail and reports that were not prepared by Mr. Warner, nor seen by him before, were presented for the truth of the matter contained within them and is hearsay.<br><br>*(all)* -  **No Foundation/Authentication, Fed. R. Evid. 901(a) –** No foundation for Mr. Warner to testify from personal knowledge about the e-mails and reports he confirmed he did not prepare and never saw before.<br><br>*(all)* - **Lack of Personal Knowledge, Fed. R. Evid. 602 –** Mr. Warner's testimony confirmed he lacked personal knowledge about the e-mails, reports and the contents of them. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 269:13 -272:2 | *(all)* -**Hearsay, Fed. R. Evid. 802**– The e-mail and reports that were not prepared by Mr. Warner, nor seen by him before, were presented for the truth of the matter contained within them and is hearsay.<br><br>*(all)* - **No Foundation/Authentication, Fed. R. Evid. 901(a) –** No foundation for Mr. Warner to testify from personal knowledge about the e-mails and reports he confirmed he did not prepare and never saw before.<br><br>*(all)* - **Lack of Personal Knowledge, Fed. R. Evid. 602 –** Mr. Warner's testimony confirmed he lacked personal knowledge about the e-mails, reports and the contents of them. |
| **Holmes Declaration** (ECF#124), ¶ 2 and Exhibit A (ECF#124-1) | *(all)* - **Relevance, Fed. R. Evid. 402** – Announcement to furloughed employees about the Hotel's reopening in Fall 2024 is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*¸ some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |
| *Id.* at ¶ 4 and Exhibit B (ECF#124-2) | *(all)* - **Relevance, Fed. R. Evid. 402** – Ms. Holmes' personal belief about the timing required to re-open a hotel is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*¸ some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic |

**EXHIBIT A**

| Plaintiff's Citation | Evidentiary Objection(s) |
|---|---|
| *Id.* at ¶ 5, Exhibit C (ECF#124-3) | *(all)* - **Relevance, Fed. R. Evid. 402** – Ms. Holmes' effort to make a hotel reservation on August 2, 2024 at the Four Seasons Hotel New York is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*, some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| **Vivian Holmes Tr** (ECF#96-8) at 140:14-25 | *(all)* - **Relevance, Fed. R. Evid. 402 –** Vague and non-specific testimony about what some undefined "company" (not any person) purportedly "said" at unspecified times, Holmes opinions about whether "they" (not defined) "switched" something, conclusory references to "renovations" and "other hotels" without detail, and Holmes' personal dispute is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>**Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative value testimony about what some undefined "company" (not any person) purportedly "said" at unspecified times, Holmes opinions about whether "they" (not defined) "switched" something, conclusory references to "renovations" and "other hotels" without detail, and Holmes' personal dispute is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to the entirety of the dispute over the management agreement and related events.<br><br>*(140:20-21)* - **Hearsay, Fed. R. Evid. 802** -Testimony about what some undefined "company," or undefined persons referred to as "they," may have said is hearsay.<br><br>*(140:18-21)* - **Lack of Personal Knowledge. Fed. R. Evid. 602** – There is no foundation for Holmes to testify from personal knowledge about "competitors" or any "reasons" why the Four Seasons Hotel New York remained closed.<br><br>*(all)* - **Fairness and Completeness, Fed. R. Evid. 106 –** Testimony referring to the "company" or "they" must be considered in conjunction with Holmes' testimony that she does not know what any of the defendants are, thinks all of the different entities are the same, and thinks Mr. Warner is an entity *(312:12 -14; 312:21-313:4; 321:7-9; 324:4-7; 329:17-20).* |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Id.* at 142:12 -143:11 | *(all)* - **Relevance, Fed. R. Evid. 402 –** Testimony about Holmes' allegations that some undefined 'other hotels' have opened and that the "Four Seasons," which is not an entity, "used COVID as an excuse" is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*, some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>*(all)* - **Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative value testimony about Holmes' allegations that some undefined 'other hotels' have opened and that the "Four Seasons," which is not an entity, "used COVID as an excuse" is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to the entirety of the dispute over the management agreement and related events.<br><br>*(142:20-22)* - **Lack of Personal Knowledge. Fed. R. Evid. 602; Hearsay, Fed. R. Evid. 802** – There is no foundation for Holmes to testify from personal knowledge about what some undefined "other hotels" had done or what she calls "Four Seasons" (not any entity or person) used as an "excuse" (which is not explained, and the testimony on its face is hearsay. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| **WarnerDEF_002111** (ECF#123 -18; Bromberg Decl, Ex. R) | **No Foundation/Authentication, Fed. R. Evid. 901(a); Hearsay, Fed. R. Evid. 802 –** No foundational testimony cited from a "witness with knowledge" (Fed. R. Evid. 901(b)(1)) establishes what the document (email with statement from Hotel Association) is or purports to be (only a lawyer declaration saying it was produced in discovery). Document is hearsay, contains hearsay within hearsay, and no foundational testimony is cited for any hearsay exception(s) applicable to any statements contained in document. *Aghaeepour v. Northern Leasing Systems, Inc.*, No. 14 Civ. 5449 (NSR), 2024 WL 2700564, at * 9 (S.D.N.Y. May 24, 2024) ("[a]n email created within a business entity does not, for that reason alone, satisfy the business records exception of the hearsay rule.") (citation omitted).<br><br>**Relevance, Fed. R. Evid. 402 –** Document and hearsay content regarding Hotel Association statements is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*¸ some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>**Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative value document and hearsay content regarding Hotel Association statements is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to the Hotel Association in May 2020. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| **WarnerDEF_004338** (ECF#123 -23; Bromberg Decl, Ex. W) | **No Foundation/Authentication, Fed. R. Evid. 901(a); Hearsay, Fed. R. Evid. 802** – No foundational testimony cited from a "witness with knowledge" (Fed. R. Evid. 901(b)(1)) establishes what the document (series of emails) is or purports to be (only a lawyer declaration saying it was produced in discovery).  Document is hearsay, contains hearsay within hearsay, and no foundational testimony is cited for any hearsay exception(s) applicable to any statements document contains.  *Aghaeepour*, 2024 WL 2700564 at * 9.

**Relevance, Fed. R. Evid. 402** – Document (emails regarding costs for staffing to operate hotel to house medical personnel at the onslaught of the COVID-19 pandemic in April 2020) is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.

**Prejudice, Confusion, etc., Fed. R. Evid. 403** – Any probative value document (emails regarding costs for staffing to operate hotel to house medical personnel at the onslaught of the COVID-19 pandemic in April 2020) is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to staffing for housing medical personnel in April 2020. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| **WarnerDEF_006339-42** (ECF#123 -24; Bromberg Decl, Ex. X) | **No Foundation/Authentication, Fed. R. Evid. 901(a); Hearsay, Fed. R. Evid. 802 –** No foundational testimony cited from a "witness with knowledge" (Fed. R. Evid. 901(b)(1)) establishes what the document (series of emails) is or purports to be (only a lawyer declaration saying it was produced in discovery).  Document is hearsay, contains hearsay within hearsay, and no foundational testimony is cited for any hearsay exception(s) applicable to any statements document contains.  *Aghaeepour*, 2024 WL 2700564 at * 9.<br><br>**Relevance, Fed. R. Evid. 402 –** Document (email in May 2020 forwarding email from December 2019 regarding a visit checklist of work projects) is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>**Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative value document (email in May 2020 forwarding email from December 2019 regarding a visit checklist of work projects) is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to 2019 work projects. |
| **WarnerDEF_8977-82** (ECF#123 -26; Bromberg Decl, Ex. Z) | **No Foundation/Authentication, Fed. R. Evid. 901(a): Hearsay, Fed. R. Evid. 802 –** No foundational testimony cited from a "witness with knowledge" (Fed. R. Evid. 901(b)(1)) establishing what the document (chart with pages of bullets and draft letter) is or purports to be (only a lawyer declaration saying it was produced in discovery).  Document is hearsay, contains hearsay within hearsay, and no foundational testimony is cited for any hearsay exception(s) applicable to any statements document contains.  *Aghaeepour*, 2024 WL 2700564 at * 9. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| **WarnerDEF_009094**<br>(ECF#123 -27; Bromberg Decl, Ex. AA) | **No Foundation/Authentication, Fed. R. Evid. 901(a); Hearsay, Fed. R. Evid. 802 –** No foundational testimony cited from a "witness with knowledge" (Fed. R. Evid. 901(b)(1)) establishing what the document (email) is or purports to be (only a lawyer declaration saying it was produced in discovery).  Document is hearsay and no foundational testimony is cited for any hearsay exception(s) applicable to any statements document contains.  *Aghaeepour*, 2024 WL 2700564 at * 9.<br><br>**Relevance, Fed. R. Evid. 402 –** Document (August 28, 2020 email refencing attached closing staffing model not included with document) is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| **WarnerDEF_9108** (ECF#123 -29; Bromberg Decl, Ex. CC) | **No Foundation/Authentication, Fed. R. Evid. 901(a); Hearsay, Fed. R. Evid. 802 –** No foundational testimony cited from a "witness with knowledge" (Fed. R. Evid. 901(b)(1)) establishing what the document (emails) is or purports to be (only a lawyer declaration saying it was produced in discovery).  Document is hearsay, contains hearsay within hearsay, and no foundational testimony is cited for any hearsay exception(s) applicable to any statements document contains.  *Aghaeepour*, 2024 WL 2700564 at * 9.<br><br>**Relevance, Fed. R. Evid. 402 –** Document (April 2020 emails about housing medical professionals and plans other hotels had at that time early in the pandemic) is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*, some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>**Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative value document (April 2020 emails about housing medical professionals and plans other hotels had at that time early in the pandemic) is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to the housing of medication professionals in early 2020. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| **WarnerDEF_009110** (ECF#129-30; Bromberg Decl, Ex. DD) | **No Foundation/Authentication, Fed. R. Evid. 901(a); Hearsay, Fed. R. Evid. 802 –** No foundational testimony cited from a "witness with knowledge" (Fed. R. Evid. 901(b)(1)) establishing what the document (emails) is or purports to be (only a lawyer declaration saying it was produced in discovery). Document is hearsay and no foundational testimony is cited for any hearsay exception(s) applicable to any statements document contains. *Aghaeepour*, 2024 WL 2700564 at * 9. |
| | **Relevance, Fed. R. Evid. 402 –** Document (March 2022 emails about what the number of non-union employees would be when the hotel reopens) is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*¸ some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |
| **WarnerDEF_009122** (ECF#123 -35; Bromberg Decl, Ex. II) | **No Foundation/Authentication, Fed. R. Evid. 901(a); Hearsay, Fed. R. Evid. 802 –** No foundational testimony cited from a "witness with knowledge" (Fed. R. Evid. 901(b)(1)) establishing what the document (email) is or purports to be (only a lawyer declaration saying it was produced in discovery). Document is hearsay and no foundational testimony is cited for any hearsay exception(s) applicable to any statements document contains. *Aghaeepour*, 2024 WL 2700564 at * 9. |
| | **Relevance, Fed. R. Evid. 402 –** Document (June 2020 email about a phone call with the Hotel Trades Counsel about the housing of medical professionals ending in June and the hotel going into temporary closure) is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*¸ some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |

EXHIBIT A

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| **WarnerDEF_9427**<br>(ECF#123 -37; Bromberg Decl, Ex. KK) | **No Foundation/Authentication, Fed. R. Evid. 901(a); Hearsay, Fed. R. Evid. 802 –** No foundational testimony cited from a "witness with knowledge" (Fed. R. Evid. 901(b)(1)) establishing what the document (undated text on "Confirmed or Suspected Case on Property") is or purports to be (only a lawyer declaration saying it was produced in discovery). Document is hearsay and no foundational testimony is cited for any hearsay exception(s) applicable to any statements document contains. *Aghaeepour*, 2024 WL 2700564 at * 9.<br><br>**Relevance, Fed. R. Evid. 402 –** Document (undated text on "Confirmed or Suspected Case on Property") is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |
| **Staley v FSR0061**<br>(ECF#123 -40; Bromberg Decl, Ex. NN) | **No Foundation/Authentication, Fed. R. Evid. 901(a) –** No foundational testimony cited from a "witness with knowledge" (Fed. R. Evid. 901(b)(1)) establishing what the documents (four letters on Four Seasons letter head that were produced by Plaintiffs) are or purport to be.<br><br>**Relevance, Fed. R. Evid. 402 –** Document Staley v FSR0058 is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. Documents Staley v FSR0059, Staley v FSR0060 and Staley v FSR0061 confirm that the hotel was closed for reasons materially related to the COVID-19 pandemic. |

EXHIBIT A

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| ***Hotel 57 L.L.C. v. FSR Int'l Hotels, Inc.*, SDNY Case No. 22 -CV-9331** (LLS) (available on PACER) at Document Nos. 1 & 20-3 | **Documents Not From Discovery Record, [Doc. No. 141] –** Documents (petition for appointment of arbitrators in a different legal proceeding and letter attached to an attorney declaration in that proceeding) are not from the "discovery record" in this case but appear to have been pulled from the internet.<br><br>**No Foundation/Authentication, Fed. R. Evid. 901(a) –** No foundational testimony cited from a "witness with knowledge" (Fed. R. Evid. 901(b)(1)) establishing what the documents  (petition for appointment of arbitrators in a different legal proceeding and letter attached to an attorney declaration in that proceeding) are or purport to be.<br><br>**Hearsay, Fed. R. Evid. 802 –** Documents (unverified petition in a different proceeding and letter) are hearsay, contains hearsay within hearsay, and no foundational testimony is cited for any hearsay exception(s) applicable to any statements documents contain.<br><br>**Relevance, Fed. R. Evid. 402 –** Documents (petition for appointment of arbitrators in a different legal proceeding and letter attached to an attorney declaration in that proceeding)  are not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*¸ some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic.<br><br>**Prejudice, Confusion, etc., Fed. R. Evid. 403 –** Any probative value document (petition for appointment of arbitrators in a different legal proceeding and letter attached to an attorney declaration in that proceeding) is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to the entirety of the dispute over the management agreement and related events. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| *Hotel 57 L.L.C. v. FSR Int'l Hotels, Inc.*, SDNY Case No. 22 -CV-9331 (LLS) (ECF#123 -49; Bromberg Decl, Exhibit WW), at Document No. 4 | **Document Not From Discovery Record, [Doc. No. 141]** – Document (attorney declaration in a different legal proceeding) is not from the "discovery record" in this case but appears to have been pulled from the internet. <br><br>**No Foundation/Authentication, Fed. R. Evid. 901(a)** – No foundational testimony cited from a "witness with knowledge" (Fed. R. Evid. 901(b)(1)) establishing what the document (attorney declaration in a different legal proceeding) is or purports to be. <br><br>**Hearsay, Fed. R. Evid. 802** – Document is hearsay, contains hearsay within hearsay, and no foundational testimony is cited for any hearsay exception(s) applicable to any statements document contains. <br><br>**Lack of Personal Knowledge. Fed. R. Evid. 602** – No foundation in declaration or otherwise for personal knowledge of attorney as to any of the matters set forth in the declaration (including, but not limited to, paragraphs 2 -6). <br><br>**Relevance, Fed. R. Evid. 402** – Document (attorney declaration in another proceeding without basis in personal knowledge) is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.*, some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. <br><br>**Prejudice, Confusion, etc., Fed. R. Evid. 403** – Any probative value document (attorney declaration in another proceeding without basis in personal knowledge is substantially outweighed by the unfair prejudice to Defendants and would require extensive presentation of other evidence relating to the entirety of the dispute over the management agreement and related events. |

**EXHIBIT A**

| PLAINTIFF'S CITATION | EVIDENTIARY OBJECTION(S) |
|---|---|
| **Marc B. Zimmerman, Esq. Declaration** (ECF#93) at ¶¶ 12, and Exhibit H (ECF#93 -8) | **Relevance, Fed. R. Evid. 402 –** Document (public announcement of the Four Seasons Hotel New York's planned reopening in Fall 2024) is not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |
| **Marc B. Zimmerman, Esq. Declaration** (ECF#93) at ¶ 13, and Exhibit H (ECF#93 -8) | **Relevance, Fed. R. Evid. 402 –** Document (public announcement of the Four Seasons Hotel New York and Four Seasons Biltmore Santa Barbara's planned reopening in Fall 2024) are not relevant to *either* (i) whether there was a "delay" in the Four Seasons New York's reopening (*i.e.,* some prior time or date following the start of the COVID-19 pandemic and after Hotel 57 Services, LLC's August 5, 2020 WARN Act Notices upon which the hotel was to reopen but did not); or (ii) whether such a "delay" in reopening was due to factors materially unrelated to the COVID -19 pandemic. |
| **Cathy Hwang Declaration** (ECF#98) at ¶ 28 | None; unrebutted testimony based on personal knowledge establishes that the Four Seasons Hotel New York remained closed for reasons materially related to the COVID-19 pandemic (ability to reopen safely and profitably). |