UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SELENA STALEY, VIVIAN HOLMES,** and **OLIVE IVEY,** on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**HOTEL 57 SERVICES, LLC,**<br><br>Defendant. | Case No. 22-CV-6781 (JSR) |

**Notice of Pendency of Class Action**

*A Federal court authorized this notice – This is not a solicitation from a lawyer.*
*Do not be alarmed, you are not being sued.*

**According to records provided by Hotel 57 Services, LLC, you have worked as a non-union employee at the Four Seasons New York Hotel and there may have been violations of the federal and New York Worker Adjustment and Retraining Notification Acts. As a result, you may be entitled to damages.**

**A pending class action lawsuit concerning these issues may affect your rights.**

> **It is important that you read this Notice.**

**If you do *not* want to be part of the Class Action, you must mail a request, in writing, to be excluded NO LATER THAN June 17, 2025.**

- Three non-union employees at the Four Seasons New York Hotel (the "Hotel"), Selena Staley, Vivian Holmes, and Olive Ivey, sued Hotel 57 Services, LLC, (the "Defendant") alleging that Defendant violated the Federal Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109, and the New York Worker Adjustment and Retraining Notification Act, N.Y. Labor Law § 860, *et seq*. (collectively, the "WARN Acts"), and are seeking monetary damages for the above claims.

1

The Court has allowed the lawsuit to be a class action on behalf of a class, the "Class," defined as follows: The "Class" consists of all non-union employees of Defendant who worked for Defendant at the Hotel, and whose employment was furloughed on or after March 14, 2020, and whose employment at the Hotel was furloughed for more than six months, commencing on or after March 14, 2020.

- The Court has not yet decided whether Defendant did anything wrong. There is no money available now, and no guarantee there ever will be. However, your legal rights are affected and, therefore, you have a choice to make now:

| Your Legal Rights and Options in this Lawsuit ||
|---|---|
| **Do Nothing** | **Stay in this lawsuit. Await the outcome and possibly receive a monetary award.** By doing nothing, you keep the possibility of receiving money that may come from a trial or settlement. But you give up your right to sue Defendant on your own about the same legal claims in this lawsuit. |

| | |
|---|---|
| Ask to be Excluded | **Get out of this lawsuit. Get no benefits from it.** If you ask to be excluded and money is later awarded, you won't share in the award. But you keep your right to sue Defendant on your own about the same legal claims in this lawsuit. |

- Your options are explained in this Notice. To ask to be excluded, *you must act by* June 17, 2025.

- Lawyers must prove the claims against Defendant. If money or benefits are obtained from Defendant and you have not asked to be excluded, your share, if any, will be sent to you.

- **Any questions? Read on.**

| What this Notice Contains |
|---|

Basic Information ….

    1. Why did I get this notice? …
    2. What is this lawsuit about? …

3. What is the class action and who is involved? …
4. Why is this lawsuit a class action? …
5. What does the lawsuit complain about? …
6. What is Defendant's answer? …
7. Has the Court decided who is right? …
8. What are the Plaintiffs asking for? …
9. Is there money available now? …

Who is in the Class …

10. Am I part of the Class? …

Your Rights and Options …

11. What happens if I do nothing at all? …
12. Can I be retaliated against for participating in this lawsuit?
13. Why would I ask to be excluded? …
14. How do I exclude myself from the Class? …

The Lawyers Representing You …

15. Do I have a lawyer in this case? …
16. Should I get my own lawyer? …
17. How will the lawyers be paid? …

The Trial …

18. How and when will the Court decide who is right? …
19. Do I have to come to the trial? …
20. Will I get money after the trial? …

Getting More Information …

21. Are more details available? …

| **Basic Information** |
|---|
| **1.    Why did I get this Notice?** |

    This Notice explains that the Court has allowed this lawsuit to continue as a class action that may affect you. The lawsuit was filed by Selena Staley, Vivian Holmes, and Olive Ivey (collectively, the "Plaintiffs") against Hotel 57 Services, LLC (the "Defendant"). The individuals who brought the lawsuit allege claims that Defendant violated the Federal Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109, and the New York Worker Adjustment and Retraining Notification

Act, N.Y. Labor Law § 860, *et seq*. which Plaintiffs claim required Defendant to provide proper notices in compliance with the WARN Acts. As such, Plaintiffs are seeking damages on behalf of themselves and the Class members.

According to Defendant's records, you were an employee of the Four Seasons New York Hotel during the relevant time periods.

You have legal rights and options that you may exercise *before* the Court holds a trial. For more information about the trial, see "The Trial" section (below).

The trial is to decide whether the legal claims being made against Defendant on your behalf prevail. Judge Jed S. Rakoff of the United States District Court for the Southern District of New York is overseeing this class action.

The case is known as: ***Staley v. Hotel 57 Services, LLC,* Case No. 22-cv-6781 (JSR).**

## 2. What is this lawsuit about?

This lawsuit is about whether Defendant violated the Federal and New York WARN Acts by not giving proper notice(s) in compliance with the WARN Acts. Details of the claims against Defendant are discussed under Question 5.

## 3. What is the class action and who is involved?

In a class action lawsuit, the individuals who brought the case are called the Plaintiffs. In this lawsuit, Selena Staley, Vivian Holmes, and Olive Ivey are the Plaintiffs. The company they sued is called the Defendant. Hotel 57 Services, LLC, is the Defendant in this lawsuit.

The Plaintiffs filed a class action lawsuit because they want to act on behalf of all others who have similar claims and recover damages for those persons. When the Court agrees the claims are similar, it "certifies" the case as a class action lawsuit. The people who have similar claims are together called the "Class" or the "Class Members."

After certifying the class action, the Court appoints a "Class Representative," who is often the Plaintiffs. The Court also appoints "Class Counsel," who often are the Plaintiffs' attorneys.

In this case, the Court certified the lawsuit as a class action for a class ("the Class") and appointed Ms. Staley, Ms. Holmes, and Ms. Ivey as the Class Representatives and their attorneys as Class Counsel. ***You are a member of the Class.***

In a class action, one court resolves the legal claims for everyone in the Class, except for those people who choose to exclude themselves from the Class. The Court has set June 17, 2025 as the last day for Class Members to exclude themselves from the Class. For more information about how to exclude yourself, see Question 14.

The Court will decide who wins this lawsuit sometime *after* August 18, 2025.

### 4. Why is this lawsuit a class action?

By Opinion and Order entered July 25, 2024, the Court decided this lawsuit will proceed as a class action because the lawsuit meets all of the requirements to be a class action. Specifically, the Court found that:

- Defendant had furloughed approximately 77 Hotel employees on or after March 14, 2020 who may be entitled to damages under the WARN Acts.

- The Class Representatives' claims are typical of the claims of Members of the Class.

- Ms. Staley, Ms. Holmes, Ms. Ivey, and their lawyers will fairly and adequately represent the interests of the Class.

- The common legal questions and facts are more important than questions that affect only individual Members of the Class, respectively.

- The class action will be more efficient than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is in the Court's Opinion and Order certifying the WARN Act Class.

### 5. What does the lawsuit complain about?

In their Amended Class Action Complaint, Plaintiffs claim Defendant failed to provide proper notices in compliance with WARN Acts. You may obtain a copy of the Plaintiff's Class Action Complaint and other information by following the instructions under Question 21.

- Plaintiffs' lawsuit contends that Defendant failed to fully comply with the federal and state WARN Acts.

### 6. What is Defendant's answer?

Defendant denies it did anything wrong.

### 7. Has the Court decided who is right?

No. The Court hasn't decided who is right. By certifying the Class and issuing this Notice, the Court is not suggesting the Plaintiffs will win or lose the lawsuit.

The Plaintiffs must still prove their claims at trial. For more information about the trial, see "The Trial" section below.

### 8. What are the Plaintiffs asking for?

Plaintiffs are asking for damages for the Defendant violating the WARN Acts. The WARN Acts permit the Court to enter a judgment in an amount of money for damages when an employer fails to give proper notices. Plaintiffs are seeking all damages permitted under the WARN Acts, including payment of up to 60 days' pay and benefits for each violation.

If a Jury or the Judge concludes Defendant violated the WARN Acts, it will then decide whether to award damages, and, if so, how much.

If a Jury or the Judge concludes Defendant did nothing wrong, then no damages will be awarded.

### 9. Is there money available now?

No money or benefits are available now because the Court has not yet decided whether Defendant did anything wrong, and the Parties have not settled the case. There is no guarantee that money or benefits will be obtained. If you do not exclude yourself and the Court awards damages, your share, if any, will be sent to you.

## Who is in the Class

**You are a member of the Class.** You need to decide whether you want to remain a member of the Class.

### 10. Am I part of the WARN Class?

Judge Rakoff decided the Class consists of all non-union employees of Defendant who worked for Defendant at the Hotel, and whose employment was furloughed on or after March 14, 2020, and whose employment at the Hotel was furloughed for more than six months, commencing on or after March 14, 2020.

***You are receiving this Notice because according to Defendant's records, you may be a Member of the WARN Class***

## Your Rights and Options

You have to decide whether to stay in the Class or ask to be excluded, and you have to decide this now.

### 11. What happens if I do nothing at all?

You don't have to do anything now if you want to keep the possibility of receiving money or benefits from this class action lawsuit. By doing nothing, you are staying in the Class.

If you stay in and the Plaintiffs obtain money or benefits, either as a result of the trial or a settlement, you will be notified about whether you are entitled to receive a portion, if any.

Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue Defendant—as part of any other lawsuit—about the same legal claims that are the subject in this lawsuit. This means that if you do nothing, you will not be able to sue Defendant independently for violations of the WARN Acts. You will also be legally bound by all Orders the Court issues and judgments the Court makes in this class action.

### 12. Can I be retaliated against for participating in this lawsuit?

No, New York Labor Law Section 215 provides protection to Employees who seek to exercise their protected rights under the New York Labor Law, which means that Defendant cannot take any adverse actions against you based upon your participation in this lawsuit.

### 13. Why would I ask to be excluded?

You must decide whether you want to be legally bound by the Court's judgment in this class action.

If you do not want to be bound, then you must exclude yourself from the Class. If you exclude yourself from the Class—which means remove yourself from the Class—you won't get any money or benefits from this lawsuit even if the Plaintiffs obtain them as a result of the trial or from any settlement (that may or may not be reached) between Defendant and the Plaintiffs. You also will not be bound if Defendant wins.

You may want to exclude yourself if you already have your own lawsuit or want to file one against Defendant on your own. If you file your own lawsuit after you exclude yourself, you'll have to hire your own lawyer or you'll have to prove your claims. If you exclude yourself to file your own lawsuit against Defendant, you should talk with your own lawyer soon because your claims may be subject to a statute of limitations.

### 14. How do I exclude myself from the Class?

To exclude yourself from the Class, you **MUST** mail a letter to the court-appointed Third-Party Class Administrator, American Legal Claim Services, LLC.

**DO NOT WRITE THE COURT.**

Your letter **MUST** include:

a) your name,

b) your address, and

c) your request that you want to be excluded from the Class in Staley *v. Hotel 57 Services, LLC.*

Please address the envelope to the Administrator as follows:

*Staley v Hotel 57 Services LLC*
c/o Notice Administrator
PO Box 23309
Jacksonville, FL 32241

You **MUST** mail your letter no later than June 12, 2025.

## The Lawyers Representing You

### 15. Do I have a lawyer in this case?

Yes. The Court has decided that Evan Brustein, Maya Risman and Brian Bromberg are qualified to represent you and all Members of the Class. They are called "Class

Counsel" and they are experienced in handling similar cases. More information about these lawyers, their experience, practices, and law firms is available at www.brusteinlaw.com, www.risman-law.com, and www.bromberglawoffice.com

### 16. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel are working on your behalf. But, if you want your own lawyer, you may do so. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

### 17. How will the lawyers be paid?

If Class Counsel get money or benefits for the Class, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsels' request, the fees and expenses would be either deducted from any money obtained for the Class or paid separately by Defendant.

## The Trial

The Court has scheduled a trial commencing **August 18, 2025**, at the U.S. District Court for the Southern District of New York, 500 Pearl Street, New York, New York.

### 18. How and when will the Court decide who is right?

As long as this lawsuit isn't resolved by a settlement, Class Counsel will have to prove the Plaintiffs' claims at trial.

### 19. Do I have to come to the trial?

No, unless you are subpoenaed to testify at trial. Class Counsel will present the case for the Plaintiffs, and Defendant will present its defenses. You, or your own lawyer, are welcome to come at your own expense.

### 20. Will I get money after the trial?

You will be notified if the Plaintiffs obtains money or benefits as a result of a trial or settlement. We do not know how long this will take.

## Getting More Information

**21.     Are more details available?**

      Yes. Do not contact the Court for legal questions or advice—**the Court and its staff are not allowed to answer your questions.** You may obtain additional information about this lawsuit in several ways.

      a)    Copies of all documents filed in this case which are public records may be:

- Reviewed during regular business hours at the Office of the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007. You will need to provide the name of the lawsuit and the docket number: *Staley v. Hotel 57 Services, LLC,* Case No. 22-cv-6781 (JSR).
- Viewed and downloaded at http://www.pacer.gov/

      b)    Contact Class Counsel, Evan Brustein, Esq., by calling at (212) 233-3900 or by emailing him at evan@brusteinlaw.com or by writing to: *Staley v Hotel 57 Services LLC* c/o Notice Administrator, PO Box 23309, Jacksonville, FL 32241