```
         P665staC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   SELENA STALEY, et al.,

4                Plaintiffs,                 New York, N.Y.

5          v.                                22 Civ. 6781 (JSR)

6   HOTEL 57 SERVICES, LLC,

7                Defendant.

8   ------------------------------x

9                                            June 6, 2025
                                             3:05 p.m.
10
    Before:
11
                        HON. JED S. RAKOFF,
12
                                          U.S. District Judge
13

14
                              APPEARANCES
15

16
    BROMBERG LAW OFFICE, P.C.
17       Attorneys for Plaintiffs
    BY:  BRIAN BROMBERG
18            -and-
    BRUSTEIN LAW PLLC
19  BY:  EVAN BRUSTEIN
              -and-
20  RISMAN & RISMAN, P.C.
      BY:  MAYA RISMAN
21

22  SMITH GAMBRELL & RUSSELL, LLP
         Attorneys for Defendant
23  BY:  JAMES J. BOLAND
         KATHRYN LUNDY
24       MARC ZIMMERMAN

25
```

P665staC

1            (Case called)
2            THE DEPUTY CLERK:  Will everyone please be seated and
3    will the party please identify themselves for the record.
4            MR. BRUSTEIN:  Good afternoon, your Honor.  Evan
5    Brustein for plaintiffs.
6            MR. BROMBERG:  Brain Bromberg for of plaintiffs.  Good
7    morning, your Honor.  Afternoon.
8            MS. RISMAN:  Maya Risman, Risman & Risman for
9    Plaintiff.
10           THE COURT:  Good afternoon.
11           MR. BOLAND:  Good afternoon, your Honor.  Jim Boland,
12   Smith Gambrell & Russell, on behalf of the defendant.
13           MS. LUNDY:  Good afternoon, your Honor.  Kathryn Lundy
14   of Smith Gambrell & Russell also for the defendant.
15           MR. ZIMMERMAN:  Good afternoon, your Honor.  Marc
16   Zimmerman from Smith Gambrell & Russell, also for the
17   defendant.
18           THE COURT:  Before we get to the meat of the question
19   of whether this is going to be a jury trial or a bench trial,
20   remind me and I should have checked this before I came on the
21   bench, but remind me what, if anything, remains to be done in
22   this case.  The reason I am asking that is I was wondering
23   whether it would make sense to have trial a little earlier.
24   Late August is not ideal for everyone but I couldn't remember
25   whether there were anything still outstanding other than the

1   things we are discussing today that need to be done and, if
2   not, is there any problem moving the trial up earlier?
3            MR. BRUSTEIN:  Your Honor, with respect to what
4   remains to be done, the pretrial documents are what is
5   remaining to be done.
6            THE COURT:  Yes.  It could be done in a matter of
7   days.
8            MR. BOLAND:  Your Honor, my recollection is that when
9   we went through the process of your Honor selecting the trial
10  date, because you had told us it would be set in stone, there
11  were a number of people with a lot of commitments between now
12  and then including myself, I think also counsel for the
13  plaintiffs, and I think that was the earliest date that we
14  could get on the books that people were available, certainly
15  from our perspective.
16           THE COURT:  Well, what has intervened is that I have
17  to have my gallbladder removed on August 21, and I doubt we can
18  do this trial in three days.  My thought would be to move it
19  maybe a week earlier.  I have another trial the week before but
20  that is a trial I know is highly likely to settle and, if not,
21  I can move it.  But, so would that be an inconvenience for
22  anybody?  This would be August 11th.
23           MR. BOLAND:  Your Honor, for the lawyers here, people
24  sitting in this room, we would be more than happy to
25  accommodate.  We also have an expert witness and we also have

1   got some other witnesses so we would have to check with them.
2   We did ask them to reserve the other dates.
3           THE COURT:  But they presumably would be on the
4   defense case so even on a worst case scenario, we would still
5   have a day or two in the week that was originally scheduled.
6           MR. BOLAND:  Without question, Judge.  I just want to
7   be sure -- that I can't commit for anybody other than the three
8   people who are here.
9           THE COURT:  Right.  OK.  Does that work for
10  plaintiff's counsel?
11          MR. BRUSTEIN:  Your Honor, unfortunately we are not
12  available the week before because we made arrangements, one of
13  my co-counsel has an arbitration that week and another one has
14  prior commitments based on having made herself available for
15  the trial to begin on the 18th.
16          THE COURT:  Well, is that a commitment for the whole
17  week?  Assuming for the sake of argument we pick a jury -- that
18  is what we are going to decide today.  We can pick juries in
19  this court house as late as Wednesday, and given the length of
20  trial that you all predicted, we could still get it done before
21  the following Thursday when I have my surgery, so what about
22  that?
23          MS. RISMAN:  Your Honor, so I made some arrangements,
24  I don't have a baby sitter the week before.  That is really my
25  issue there, because I thought that we were going to have the

1    trial on the 18th.
2            THE COURT:  You don't think you could get a baby
3    sitter between now and August?
4            MS. RISMAN:  I just don't know if I can get anybody.
5    I mean -- I really didn't want to bring this out in open court
6    but I'm just not sure.  I just made my plans around and my
7    apologies.
8            THE COURT:  Let me tell you why I am raising this in
9    part, is because assuming my inclination was very much subject
10   to hearing from the parties today, was that while I am
11   skeptical that there is a right to a jury under the WARN Act --
12   but I want to hear what you all have to say -- I think with
13   your consent we could have a jury trial.  And I know that,
14   worst case, I can convene even without your consent an advisory
15   jury, which of course would still leave the decision to me.
16   But, if we had to go with a bench trial, because I don't want
17   to move this trial beyond August, then given the problems you
18   are raising, we would go with a bench trial starting on
19   August 18 and we would sit from 8:00 a.m. to 8:00 p.m. and thus
20   get the trial done in three days.
21           Now, I find it -- forgive me, I have total respect for
22   your need to get a baby sitter but I do think in the City of
23   New York I am a little skeptical that you can't get a baby
24   sitter between now and August.
25           MS. RISMAN:  Your Honor, I certainly will try to.  It

1   was just -- that was my commitment so that's what I told my
2   co-counsel, but if you order for the trial to go on that week,
3   I will do everything I can and be here.
4            THE COURT:  I just want to present to you the
5   alternatives.
6            MS. RISMAN:  I will make it happen if I have to.
7            THE COURT:  OK, so as between -- and this is addressed
8   to everyone -- as between, assuming it is a jury trial, as
9   between starting on Monday the 11th or starting on Wednesday
10  the 13th, I take it the preference is for the Wednesday.
11           Do I have that right?
12           MR. BOLAND:  That's correct, Judge.
13           THE COURT:  Is that true for the plaintiff?
14           MR. BRUSTEIN:  We would prefer the Monday, your Honor.
15           THE COURT:  Well, their problem, if I understood it,
16  was they have commitments from witnesses but they haven't, of
17  course checked, because I am raising this for first time now.
18           Let's do this.  Let me know by no later than next
19  Wednesday in a joint telephone call, and why don't we set that
20  call for 1:00, let me know whether you would like to start on
21  August 11 or August 13th.  If you can't reach agreement, then I
22  will hear what you have to say and make the decision but I'm
23  happy with either of those.  It is just August 18 that is the
24  problem from my standpoint.
25           OK?  All right.

1           So, now let's turn to the issue at hand.  Do I
2  understand that, assuming for the sake of argument, that there
3  is no right to a jury trial, but that the parties can jointly
4  ask for a jury trial and then get a jury trial which is binding
5  on them on consent, are both parties asking for a jury trial on
6  that hypothesis?
7           MR. BRUSTEIN:  Yes, your Honor.  Plaintiffs are.
8           MR. BOLAND:  Yes, Judge, we are.  We consent.
9           THE COURT:  OK.  So, even though I find fascinating,
10  really genuinely, this issue of whether there is a right to a
11  jury trial for WARN Act claims, there is even a slight nuance
12  between state and federal WARN Act claims, I don't have to
13  reach that if both sides say we want a jury trial because,
14  under relevant rule, which is Rule 29 of the Federal Rules of
15  Civil Procedure, the parties can consent.
16           So, we will have a jury trial.  Nevertheless, part of
17  me is very tempted to write about whether there is under the
18  WARN Act because the case law is not totally consistent.  On
19  the other hand, I think I learned in baby judge school, don't
20  address issues you don't have to address and now I don't have
21  to address it.  So, probably I won't address it but,
22  nevertheless, if anyone is dying to say anything about that
23  issue, I'm happy to hear whatever you want to say and I thank
24  you for your papers and we did a lot of research on our end as
25  well.

1          So, anyone want to comment on that?  I will hear you
2     now but don't feel compelled.
3          MR. BRUSTEIN:  Plaintiff Is prepared to rest on the
4     papers, your Honor.
5          THE COURT:  OK.
6          MR. BOLAND:  Same for the defendant, Judge.
7          THE COURT:  Good.
8          I am very much in favor of jury trials.  First of all,
9     it is so embedded in the American legal system; and second of
10    all, it is so much less work for the judge.  Anyway, a jury
11    trial it will be.  So you will let me know at 1:00 next
12    Wednesday the starting date and it will be one of those two
13    dates.  Very good.
14         Anything else we need to take up today?
15         MR. BRUSTEIN:  Yes, your Honor.  There was one second
16    aspect to the application with respect to identifying
17    witnesses.
18         THE COURT:  Yes.  Thank you for reminding me of that.
19         So my normal practice, as you know, is to have the
20    parties identify the witnesses in the pretrial order filed a
21    week before trial, and one of the reasons for that is by then
22    the parties' decisions have solidified.  Why do you think you
23    need more, earlier disclosure than that?
24         MR. BRUSTEIN:  Thank you, your Honor.
25         The reason we are requesting earlier disclosure is to

avoid unnecessary motion practice and unnecessary cost of litigation.  With respect to the witness identification, there were four specific witnesses that we had inquired of defendant about, specifically H. Ty Warner, former defendant who is represented by counsel; Cathy Hwang, who defendant put forth as their 30(b)(6) witness; Elizabeth Ortiz, who was the head of HR and testified during depositions, as well as a fourth witness, Frank Galasso.

    Now, with respect to those witnesses, Mr. Warner, for one, when we served him the initial time in this case, the only way that we were able to do that was by chance someone going into the security gate of his home in California and being able to serve that individual.  For trial practice we would need to personally serve him unless there was an order for your Honor for alternative means of service.

    So, we have reached out to counsel --

    THE COURT:  I'm sorry.  Where is he located?

    MR. BRUSTEIN:  He lives in Montecito, I believe, your Honor.

    THE COURT:  So he is beyond the geographic limitation, is he not?

    MR. BRUSTEIN:  So he also has a home in New York City at the hotel per his sworn testimony in this case, so we would submit that that, as well as the fact that he owns the hotel and we have information including a sworn statement that he has

 1 | had multiple in-person meetings at the hotel, which we can
 2 | provide a declaration --
 3 |         THE COURT:  Let me ask defense counsel -- I'm sorry.
 4 | What is the gentleman's name again?
 5 |         MR. BRUSTEIN:  H. Ty Warner.
 6 |         THE COURT:  H. Ty Warner.  Is it more likely than not
 7 | that you are going to call him as your witness?
 8 |         MR. BOLAND:  Judge, that is the issue.  Because we do
 9 | realize and we have talked about this with counsel, to the
10 | extent we call people, your individual rules of practice
11 | provide that they will be, if they're on both parties' witness
12 | list they'll have a chance to examine them in full.  And to be
13 | honest, I am fairly certain that Ms. Ortiz will be on our
14 | witness list so they don't have to worry about that.  I don't
15 | know if Mr. Warner has anything to add given the fundamentally
16 | different nature of the WARN Act claim that we now have.  Your
17 | Honor there addressed a question of first impression and now we
18 | have an informational notice if reasons for the closure or the
19 | layoff change.  Whether Mr. Warner has anything to add to that
20 | that is not already in his deposition, I don't know.  He is
21 | also somewhat elderly, was just subject to a criminal attack at
22 | his home, it was in the newspapers.
23 |         THE COURT:  Sorry to hear that.  Go ahead.
24 |         MR. BOLAND:  So I don't know whether he is a person to
25 | come to trial yet.  We will make a decision about that.  We

1   will have to discuss it with him and see what he says but I
2   don't know that yet.
3              THE COURT:  Let me ask you this.  First of all, his
4   deposition was taken, yes, so plaintiffs could introduce his
5   deposition testimony so it is not like you are going to be
6   without his testimony.  You presumably covered, during his
7   deposition, most of what you wanted to cover; yes?
8              MR. BRUSTEIN:  Yes, your Honor.
9              THE COURT:  So, do you think -- this is addressed to
10  defense counsel.  Do you think you could make that decision by,
11  say, end of July?
12             MR. BOLAND:  The end of July we could definitely make
13  that decision.  In fact, we would have to make it, your Honor,
14  earlier than that, because under the rules we are going to have
15  to exchange witness lists before we submit the final ones.
16             THE COURT:  That is a good point.  Thank you for
17  reminding me.
18             MR. BOLAND:  We are going to do all the things
19  according to the schedule that the Court has set forth.
20             THE COURT:  So it sounds to me now -- so one person
21  you are already committed on, one person you will let us know.
22  Who are the other two people?
23             MR. BRUSTEIN:  The other two people is Cathy Hwang,
24  she was a 30(b)(6) witness put forth by defendants who
25  miraculously stopped working for the company shortly after --

1   we don't know the date.

2              THE COURT:  So, again, you took her deposition so what
3   you want to introduce you can introduce through her deposition
4   in any event.  In fact, since it is the 30(b)(6) it is binding
5   on them in any event.  But you want to know whether they're
6   going to call her for some other reason?

7              MR. BRUSTEIN:  So rather than going through the
8   time-consuming process of organizing a deposition by prior
9   sworn testimony, if that's going to be for naught because
10  they're going to be calling either Ms. Hwang --

11             THE COURT:  If trial were tomorrow I can understand
12  that argument but you are going to want to review the
13  deposition of anyone you want to call even if you decide in the
14  end not to call them.  And, in the course of that review you
15  are going to be singling out that's the question and answer I
16  want to put into evidence.  So I don't see that the additional
17  time, even -- if they call them you would definitely still want
18  to review the deposition because you might use it on cross, and
19  if they don't call them but it is someone you want to call,
20  then you need to review the deposition for that purpose.  So,
21  I'm not sure how much additional time this is we are talking
22  about here.

23             But anyway, as to that witness, the 30(b)(6) witness,
24  let me hear if defense counsel has any views.

25             MR. BOLAND:  Sure, Judge.

1          I want to make a little bit, a clarification that
2  counsel probably, he just went over a little bit.  They took a
3  30(b)(6) deposition of the company and the other Warner
4  companies.  The representative designated to testify on behalf
5  of the company was Ms. Hwang.  Now, obviously that deposition,
6  they could do whatever they want with it, it is the deposition
7  of the company.
8          THE COURT:  Right.
9          MR. BOLAND:  Ms. Hwang on the stand would not be
10 testifying to that because she can only testify on the stand
11 only based on her personal knowledge, not corporate.
12         THE COURT:  Right.
13         MR. BOLAND:  As to her personal knowledge, they took
14 that deposition as well.  There were two depositions where she
15 was the deponent so they have all of the testimony.
16         THE COURT:  I agree.  I don't think they're
17 handicapped from the fact that you may or may not decide
18 whether to call her until the time that my rules require.
19         And who is the fourth person?
20         MR. BRUSTEIN:  The fourth witness I don't believe is
21 going to be an issue because we have been able to serve him and
22 he appears to be cooperative.
23         THE COURT:  All right.  So I think -- I am glad
24 plaintiff 's counsel reminded me of this issue but I think
25 there is nothing that the Court needs to order.  Everything,

P665staC

given both representations here on the record and the Court's general rules, everything is covered that I think needs to be covered.

OK. Anything else we need to take up?

MR. BRUSTEIN: Not for plaintiffs, your Honor.

MR. BOLAND: Judge, there is one thing, and I just say this because we are all here today, otherwise we could call the clerk and make an application. We have been grappling for some time with the Court's order in trying to understand it and work through it and there is a lot of issues that we have that we need to determine. One of the things that we think is a result of that is we would like to seek leave to amend our answer and not to change any of the dials, just to add affirmative defense based on good faith with respect to the new violation. And there is a good faith defense under the WARN Act of imposition of damages if the party is acting in good faith. We think given the Court's ruling, which we now have a novel cause of action that hasn't existed before, we would like to seek leave to do that.

THE COURT: I wouldn't call it novel. I thought it followed logically and inevitably from the situation but I understand what the point you are making.

MR. BOLAND: May I say first impression?

THE COURT: Any objection to that?

MR. BRUSTEIN: Yes, your Honor.

1         One, I'm not really clear on why good faith, as an
2    affirmative defense, wouldn't have been something that wouldn't
3    have been asserted at the outset since it is still a WARN Act
4    claim, but if they're going to be amending their answer based
5    on the Court's summary judgment decision, then we would want an
6    opportunity to similarly amend our complaint so that it could
7    mirror the Court's ruling.
8         THE COURT:  Well, I wonder whether all of this isn't
9    somewhat academic.  My recollection, correct me if I have that
10   wrong, is that in a civil case, after a trial is over but
11   before it goes to the jury or to the Court for decision, the
12   pleadings can be amended to conform to the proof and so maybe
13   that, to the extent you need to amend the pleadings for any
14   technical reason, that would be an opportunity to do it.  You
15   know from my decision what the trial issues are going to be.
16   Good faith will, if I understand defense counsel's position, is
17   an element of damages or bears on damages and so I would think
18   that that could readily be asserted at trial.  I don't see the
19   need for any further discovery, so maybe that's the time to do
20   it, consistent with the federal rule as opposed to now.
21        MR. BOLAND:  Judge, from our perspective, if that is
22   the Court's view we are absolutely fine with that.  I just
23   didn't want there to be any claim of unfair surprise --
24        THE COURT:  Yes.
25        MR. BOLAND:  -- that we hadn't informed them of the

1   fact that we were going to be contending that whatever, if it
2   is a violation, not to provide an additional notice with a new
3   reason or something, that we were not going to be saying, well,
4   the failure to do that was excused by good faith.
5              THE COURT:  So, let me ask plaintiffs counsel, do you
6   have any objection to their raising, at trial, as bearing on
7   damages, the issue of good faith?
8              MR. BRUSTEIN:  Your Honor, I think the one challenge
9   is whether that defense would be relying on counsel's advice.
10  Because to the extent that their good faith is wrapping
11  themselves in lawyer's protection --
12             THE COURT:  That is a good point, because certainly
13  you are entitled to know in advance if there is an advice of
14  counsel defense because that definitely would require
15  preparation and maybe even deposition practice beyond the
16  normal.
17             So what about that?
18             MR. BOLAND:  So, Judge, one of the challenges I
19  mentioned since the ruling and coming up with witnesses is
20  figuring out who is going to testify as to what.  I don't
21  anticipate, as I sit here today, somebody saying I acted in
22  good faith because I acted on the advice of counsel, full stop,
23  you don't get to know what that was.  I don't anticipate that.
24  I hadn't even thought about that because I don't think that --
25  I'm not sure that that would necessarily meet the burden so I

don't anticipate that being the issue.

THE COURT: Let me say this. I think for now there is nothing to be done. However, if there is going to be any witness called by the defense who is prepared to testify and believes it is material to testifying that he or she relied on advice of counsel, that has to be flagged to plaintiff's counsel at least a month before trial and I will, if necessary, order limited additional discovery solely by plaintiff, if that is necessary under the circumstances. So, if that occurs, jointly call. I will set a time for any additional discovery.

OK. Anything else?

MR. BRUSTEIN: Your Honor, just one clarification with respect to Ms. Ortiz.

Since defense counsel has indicated that they're likely to call her and they represent her, we would just ask if, to dot our Is and cross our Ts, if they would accept service of a subpoena so that we don't need to continue to hunt for her.

MR. BOLAND: As I told counsel before, I can't accept service of a subpoena without authorization. So I believe that Ms. Ortiz is going to be a witness so I am happy, in this instance --

THE COURT: Where is Ms. Ortiz located?

MR. BOLAND: I think she is in New York.

THE COURT: New York.

P665staC

|||
|---|---|
| 1 | MR. BOLAND:  I don't know her address but I think she's in New York. |
| 3 | THE COURT:  So, if it turns out she's not going to testify contrary to current beliefs but you want her to testify, I will send out the U.S. Marshals who will assure her presence.  Now, it is true the U.S. Marshals, as has come up recently in totally different context, are officially employees of the Department of Justice so I may have to issue an order to Ms. Bondi but we will deal with that, as necessary.  I have a feeling this is not going to be necessary. |
| 11 | But anyway, in all seriousness, you have the assurance that she's likely to be called.  If it turns out that isn't the case and she does not authorize her attorney to accept service, then I will immediately entertain an application from plaintiff's counsel to have the marshals serve her.  OK? |
| 16 | MR. BRUSTEIN:  Thank you, your Honor. |
| 17 | THE COURT:  And, indeed, this is all just for the record, so to speak, because I am a hundred percent sure this would never be necessary.  Theoretically, we would issue a warrant for her arrest as a material witness, and tempted though I might be to do that because I have never had to do it before, maybe this is not the opportunity to exercise that alternative. |
| 24 | But, anyway, it sounds like it is going to all work out.  OK? |

P665staC

1             MR. BRUSTEIN:  Thank you, your Honor.
2             THE COURT:  Anything else?
3             MR. BRUSTEIN:  Not for plaintiff, your Honor.
4             MR. BOLAND:  Not for the defendant either.  Thank you,
5     Judge.
6             THE COURT:  Very good.  Thanks so much.
7                                  o0o