# EXHIBIT C

## I.    GENERAL INSTRUCTIONS

### INSTRUCTION NO. 1

### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you go deliberate, it is my duty to instruct you on the law that will govern your deliberations.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, you must follow my instructions.

Because my instructions cover many points, I have provided each of you with a copy of them not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

Defendant's Proposed Instruction 1:
__     Given
__     Given as modified
__     Refused
__     Withdrawn

*Authority*: Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 478) in *Gruber v. Reger*, 16-cv-9727-JSR (S.D.N.Y. June 14, 2022) (Rakoff, J.) and *Can't Live Without It, LLC v. ETS Express, Inc.*, No.1:17-cv-03506-JSR (S.D.N.Y. April 3, 2018) (Rakoff, J.) (ECF No. 128); *see also* 4 *Modern Federal Jury Instructions-Civil* ¶ 71.2 (2020).

## INSTRUCTION NO. 2
### Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you all the exhibits at the start of your deliberations, and if you need to review particular items of testimony, we can also arrange to provide them to you in transcript or read-back form. But please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence.

The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits received into evidence, and the stipulations of the parties received into evidence.

Testimony consists of the answers given by the witnesses to the questions that were permitted either here in court or in the deposition excerpts placed in evidence. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit not received in evidence.

More generally, please be careful not to speculate about matters not in evidence. Your focus should be solely on the evidence that was permitted at this trial and not on any extraneous matters or speculation.

It was the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also had the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law were decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

Finally, I instruct you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses. My rulings were no more than applications of the law, and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

Defendant's Proposed Instruction 2:
__    Given
__    Given as modified
__    Refused
__    Withdrawn

*Authority*: Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 478) in *Gruber v. Reger*, 16-cv-9727-JSR (S.D.N.Y. June 14, 2022) (Rakoff, J.) and *4 Pillar Dynasty LLC v. New York & Co.*, No. 1:16-cv-02823-JSR (S.D.N.Y. February 10, 2017) (Rakoff, J.) (ECF No. 33); *see also* 4 *Modern Federal Jury Instructions-Civil* ¶ 71.3 (2020).

**INSTRUCTION NO. 3**

**Duty of Impartiality**

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals. It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.


Defendant's Proposed Instruction 3:
\_\_     Given
\_\_     Given as modified
\_\_     Refused
\_\_     Withdrawn


*Authority*: Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 478) in *Gruber v. Reger*, 16-cv-9727-JSR (S.D.N.Y. June 14, 2022) (Rakoff, J.) and *Can't Live Without It, LLC v. ETS Express, Inc.*, No.1:17-cv-03506-JSR (S.D.N.Y. April 3, 2018) (Rakoff, J.) (ECF No. 128);

*see also* 4 *Modern Federal Jury Instructions-Civil* ¶ 71.5, P 71-10 (2020); 11th Circuit Court of Appeal Standard Instruction 3.2.2 (The Duty to Follow Instructions—Corporate Party Involved).

## INSTRUCTION NO. 4
### Burden of Proof

As you know, this is a civil case. In order to prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof," which is the burden of establishing each of the essential elements of the claim. Here, the plaintiffs, Selena Staley, Vivian Holmes, and Olive Ivey – on behalf of the class of all non-union employees of defendant who worked for defendant at the Hotel, and whose employment was furloughed on or after March 14, 2020, and whose employment at the Hotel was furloughed for more than six months, commencing on or after March 14, 2020 – have brought claims against the defendant, Hotel 57 Services, LLC. I will describe the essential elements of each of those claims shortly, but for now please note that the plaintiffs, in order to prevail on a claim, must establish each essential element of that claim by what is called the "preponderance" of the credible evidence.

The term "credible evidence" means the testimony, exhibits, or other evidence that you find worthy of belief. To establish an element of a claim by a "preponderance" of the credible evidence means to prove that that element is more likely true than not true. A preponderance of the evidence does not mean the greater number of witnesses, or how much time either side employs in the trial. The phrase refers to the quality of the evidence, its persuasiveness in convincing you of its truth.

Defendant's Proposed Instruction 4:
___    Given
___    Given as modified
___    Refused
___    Withdrawn


*Authority*: Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 478) in *Gruber*

*v. Reger*, 16-cv-9727-JSR (S.D.N.Y. June 14, 2022) (Rakoff, J.) and *Can't Live Without It, LLC v. ETS Express, Inc.*, No.1:17-cv-03506-JSR (S.D.N.Y. April 3, 2018) (Rakoff, J.) (ECF No. 128); *see also* 4 *Modern Federal Jury Instructions-Civil* ¶ 73-2 (2020).

**INSTRUCTION NO. 5**

**Direct and Circumstantial Evidence**

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence proving a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence tending to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn, and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom, and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But, the circumstantial evidence about the umbrella and the raincoat makes it reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, it is not a matter of speculation or guess; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

Defendant's Proposed Instruction 5:
__     Given
__     Given as modified
__     Refused
__     Withdrawn

*Authority*: Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 478) in *Gruber v. Reger*, 16-cv-9727-JSR (S.D.N.Y. June 14, 2022) (Rakoff, J.) and *4 Pillar Dynasty LLC v. New York & Co.*, No. 1:16-cv-02823-JSR (S.D.N.Y. February 10, 2017) (Rakoff, J.) (ECF No. 33); *see also* 4 *Modern Federal Jury Instructions-Civil* ¶ 74-2 (2020).

# INSTRUCTION NO. 6

## Witness Credibility

It must be clear to you by now that counsel for the opposing parties are asking you to draw very different conclusions about various factual issues in the case. An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision to believe or to not believe a witness may depend on how that witness impressed you. How did the witness appear to you? Was the witness candid, frank, and forthright, or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent, or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some interest, incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case. In other words, what you must try to do in deciding credibility is to size

up a person just as you would in any important matter where you are trying to decide if a person

is truthful, straightforward, and accurate in his or her recollection.

Defendant's Proposed Instruction 6:
__    Given
__    Given as modified
__    Refused
__    Withdrawn

*Authority*: Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 478) in *Gruber
v. Reger*, 16-cv-9727-JSR (S.D.N.Y. June 14, 2022) (Rakoff, J.) and *Can't Live Without It, LLC
v. ETS Express, Inc.*, No.1:17-cv-03506-JSR (S.D.N.Y. April 3, 2018) (Rakoff, J.) (ECF No. 128);
*see also* 4 *Modern Federal Jury Instructions-Civil* ¶ 76-1 (2020).

## INSTRUCTION NO. 7

### Deposition Testimony

Some of the testimony before you is in the form of deposition testimony. That testimony includes excerpts from videotaped depositions and portions of deposition transcripts that were read aloud. A deposition is simply a procedure where prior to trial the attorneys may question a witness or a party under oath before a court stenographer. You should consider the deposition testimony received at this trial – whether presented by video or read aloud – according to the same standards you would use to evaluate the testimony of a witness given live in court.

Defendant's Proposed Instruction 7:
__    Given
__    Given as modified
__    Refused
__    Withdrawn

*Authority*: Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 478) in *Gruber v. Reger*, 16-cv-9727-JSR (S.D.N.Y. June 14, 2022) (Rakoff, J.); *see also* O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 105:02.

## INSTRUCTION NO. 8

### Specialized Testimony from Expert Witnesses

The law permits parties to offer testimony from witnesses who were not involved in the underlying events of the case but who by education or experience profess to expertise in a specialized area of knowledge. In this case, you have heard testimony from one such witness offered by the defendant: Joseph A. Krock, Ph.D. Specialized testimony is presented to you on the theory that someone who is learned in the field may be able to assist you in understanding specialized aspects of the evidence.

But your role in judging credibility and assessing weight applies just as much to this witness as to other witnesses. When you consider the specialized opinions that were received in evidence in this case, you may give them as much or as little weight as you think they deserve. For example, a specialized witness necessarily bases his or her opinions, in part or in whole, on what that witness learned from others, and you may conclude that the weight given the witness's opinions may be affected by how accurate or inaccurate that underlying information is. More generally, if you find that the opinions of a specialized witness were not based on sufficient data, education, or experience, or if you should conclude that the trustworthiness or credibility of such a witness is questionable, or if the opinion of the witness is outweighed, in your judgment, by other evidence in the case, then you may, if you wish, disregard the opinions of that witness, entirely or in part. On the other hand, if you find that a specialized witness is credible, and that the witness's opinions are based on sufficient data, education, and experience, and that the other evidence does not give you reason to doubt the witness's conclusions, you may, if you wish, rely on that witness's opinions, and give them whatever weight you deem appropriate.

Defendant's Proposed Instruction 8:
__     Given
__     Given as modified
__     Refused
__     Withdrawn


*Authority*: Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 478) in *Gruber v. Reger*, 16-cv-9727-JSR (S.D.N.Y. June 14, 2022) (Rakoff, J.) and *Can't Live Without It, LLC v. ETS Express, Inc.*, No.1:17-cv-03506-JSR (S.D.N.Y. April 3, 2018) (Rakoff, J.) (ECF No. 128); 4 *Modern Federal Jury Instructions-Civil* ¶ 74-5 (2020).

**INSTRUCTION NO. 9**

**Judicial Notice**

I have taken judicial notice of certain facts and documents which are not subject to reasonable dispute. I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true. Specifically, I have accepted the following facts to be true, and you are therefore required to accept each of these facts as true in reaching your verdict:

- The novel coronavirus disease COVID-19 was declared a "National Emergency" by the President of the United States on March 13, 2020, and continued to be so designated through May 11, 2023.

- The novel coronavirus disease COVID-19 was designated a pandemic by the World Health Organization (the "WHO") on March 11, 2020.

- The COVID-19 pandemic caused significant restrictions to businesses in the State of New York as set forth in various Executive Orders issued by New York State Governor Andrew Cuomo.

- On August 3, 2023, the re-opening of FSHNY in Fall 2024 was announced through a press release.

Defendant's Proposed Instruction 9:
\_\_    Given
\_\_    Given as modified
\_\_    Refused
\_\_    Withdrawn

*Authority*: Adapted from 4 *Modern Federal Jury Instructions-Civil* ¶ 74-3 (2020).

## INSTRUCTION NO. 10

### Class Action

This lawsuit has been brought as a class action. A class action is a lawsuit that has been brought by one or more persons, called class representatives, on behalf of a larger group of people who have similar legal claims, called a class. A class action lawsuit allows the claims of many people to be resolved at the same time, rather than requiring each person to sue separately.

In this case, the class includes all non-union employees of defendant who worked for defendant at the Hotel, and whose employment was furloughed on or after March 14, 2020, and whose employment at the Hotel was furloughed for more than six months, commencing on or after March 14, 2020. At this trial, the class is represented by three individual plaintiffs, Selena Staley, Vivian Holmes, and Olive Ivey. You should assess the evidence presented and decide the issues as though Ms. Staley, Ms. Holmes, and Ms. Ivey were presenting this case solely on their own behalf. Therefore, you must not infer anything about the merits of this case simply because it is a class action.

Defendant's Proposed Instruction 10:
__    Given
__    Given as modified
__    Refused
__    Withdrawn

*Authority*: Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 478) in *Gruber v. Reger*, 16-cv-9727-JSR (S.D.N.Y. June 14, 2022) (Rakoff, J.)

## II.    LIABILITY AND DAMAGES

### INSTRUCTION NO. 11

### Liability in General

Let us now turn to the specific claims brought by the plaintiffs, Selena Staley, Vivian Holmes, and Olive Ivey, against the defendant, Hotel 57 Services, LLC. The plaintiffs bring two claims against the defendant, specifically a claim for violation of the federal WARN Act and a claim for violation of the New York WARN Act.

I will instruct you on each of the essential elements that the plaintiffs must prove, by preponderance of the credible evidence, in order to prevail on each claim. This is known as establishing "liability." If you find that the plaintiffs have proven by a preponderance of the evidence each essential element of a particular claim, then you should find Hotel 57 Services, LLC liable. By contrast, if you find that the plaintiffs have not proven by a preponderance of the evidence each essential element of a particular claim, then you must find Hotel 57 Services, LLC not liable.

Defendant's Proposed Instruction 11:
__    Given
__    Given as modified
__    Refused
__    Withdrawn

*Authority*: Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 478) in *Gruber v. Reger*, 16-cv-9727-JSR (S.D.N.Y. June 14, 2022) (Rakoff, J.) and *Can't Live Without It, LLC v. ETS Express, Inc.*, No.1:17-cv-03506-JSR (S.D.N.Y. April 3, 2018) (Rakoff, J.) (ECF No. 128); 4 *Modern Federal Jury Instructions-Civil* ¶ 74-5 (2020).

## INSTRUCTION NO. 12

### Liability: Federal WARN Act

The first claim against Hotel 57 Services, LLC is for violation of the federal WARN Act. Hotel 57 Services, LLC is liable under the WARN Act only if you find that plaintiffs established by a preponderance of the evidence that Hotel 57 Services, LLC failed to provide proper notice to "affected employers" 60 days in advance of a "plant closing" or "mass layoff," and that failure was not excused under any of the WARN Act's exceptions. These elements are discussed in further detail below.

It is undisputed that the Four Seasons Hotel New York temporarily closed on March 20, 2020, that plaintiffs were placed on temporary furlough beginning in March 2020, and that Hotel 57 Services, LLC did not provide advance notice to plaintiffs of the Four Seasons Hotel New York's closure or their furloughs.

You must determine whether Hotel 57 Services, LLC violated the WARN Act. To find that Hotel 57 Services, LLC is liable to plaintiffs under the WARN Act, you must first determine whether Hotel 57 Services, LLC had a legal obligation to provide plaintiffs with notice under the WARN Act. To determine whether, and when, such an obligation arose, you must determine whether plaintiffs have established by the preponderance of the evidence that Hotel 57 Services, LLC ordered a plant closing or mass layoff in connection with the Four Seasons Hotel New York and if so, on what date.

For the purposes of the WARN Act, the term "plant closing" means "the permanent or temporary shutdown of a single site of employment, or one or more facilities or operating units within a single site of employment." The term "mass layoff" means a "reduction in force" which is "not the result of a plant closing" that results in an employment loss at the single site of employment during any 30-day period for at least 33 percent of the employees (excluding any part-

time employees) and least 50 employees (excluding any part-time employees) or at least 500 employees (excluding any part-time employees).

If you find that Hotel 57 Services, LLC ordered a plant closing or mass layoff in connection with the Four Seasons Hotel New York on a particular date, you must determine whether plaintiffs and the members of the class were affected employees of that plant closing or mass layoff.

For the purposes of the WARN Act, the term "affected employees" means employees who may reasonably be expected to experience an employment loss as a consequence of a proposed plant closing or mass layoff by their employer. An "employment loss" is defined as an employment termination, other than a discharge for cause, voluntary departure, or retirement; a layoff exceeding 6 months; or a reduction in hours of work of more than 50 percent during each month of any 6-month period. To be an affected employee of a plant closing or mass layoff, a plaintiff or class member must have been employed and working full-time at the time of the plant closing or mass layoff, and have suffered an employment loss as a result.

If you find that any plaintiff or class member was an affected employee of the plant closing or mass layoff, you must next determine whether:

(1) Plaintiffs have established by a preponderance of the evidence that Hotel 57 Services, LLC did not, 60 days before the plant closing or mass layoff, provide notice to the plaintiffs and class members.

(2) Hotel 57 Services, LLC has not established by a preponderance of the evidence that any delay in providing the notice was the result of unforeseeable business circumstances.

For purposes of the WARN Act, the unforeseeable business circumstances exception applies to plant closings and mass layoffs caused by business circumstances that were not reasonably foreseeable at the time that 60-day notice would have been required.

The Court has already determined that Hotel 57 Services, LLC provided a notice to plaintiffs and class members under the WARN Act on August 5, 2020, and that a delay, if any, in

providing this notice was the result of the unforeseen business circumstances described in that notice, namely "the continued economic downturn stemming from the COVID-19 virus pandemic and consequent travel and tourism disruptions outside the employer's control." Therefore, you need not determine whether the failure to provide notice prior to August 5, 2020, violated the WARN Act.

If you have determined that a WARN Act notice was required but advance notice was excused because of unforeseen business circumstances, you must then determine whether plaintiffs have established by the preponderance of the evidence that the August 5, 2020 WARN Act notice was inadequate. For purposes of determining whether the WARN Act notice is adequate, the following information must be included in the WARN Act notice: (1) a brief statement of the reason for reducing the notice period; (2) a statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect; (3) the expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (4) if the plaintiff or class member is a union employee, an indication whether or not bumping rights exist; and (5) the name and telephone number of a company official to contact for further information. The information provided in the notice only needs to be based on the best information available to the employer at the time the notice is served. Errors in the information provided in a notice that occurred because events subsequently change or that are minor, inadvertent errors are not a basis for finding a violation of the WARN Act.

If, and only if, you find that plaintiffs have established each of the above elements for each plaintiff and class member by a preponderance of the evidence you may find Hotel 57 Services, LLC liable under the WARN Act to those plaintiffs and class members.

The Court instructs you that where an employer initially provided its employees a WARN Act notice identifying unforeseen business circumstances for a temporary plant closing or mass layoff and that employer thereafter remains closed for other, unrelated reasons, the former WARN Act notice is no longer adequate and a new notice to those affected employees stating the new basis for the continued closure or layoff is required to comply with the WARN Act. Plaintiffs bear the burden of proving this issue by a preponderance of the evidence.

If you find plaintiffs have not proved by a preponderance of the evidence that the basis for the temporary plant closing or mass layoff identified in the August 5, 2020 WARN Act notice (*i.e.*, "unforeseen business circumstances and the continued economic downturn stemming from the COVID-19 virus pandemic and consequent travel and tourism disruptions outside the employer's control") did not change after August 5, 2020, you must find that defendant did not violate the WARN Act by not providing plaintiffs and class members an additional WARN Act notice after August 5, 2020.

If you find that plaintiffs proved by a preponderance of the evidence that the basis for the temporary plant closing or mass layoff identified in the August 5, 2020 WARN Act notice (*i.e.*, "unforeseen business circumstances and the continued economic downturn stemming from the COVID-19 virus pandemic and consequent travel and tourism disruptions outside the employer's control") did change after August 5, 2020, you must determine on which date that the basis changed and what the change in the basis was on that date.

Defendant's Proposed Instruction 12:
___    Given
___    Given as modified
___    Refused
___    Withdrawn

*Authority*: 29 U.S.C. §§ 2101, 2102, 2104; 20 C.F.R. § 639.7

INSTRUCTION NO. 13

**Liability: New York WARN Act**

The second claim against Hotel 57 Services, LLC is for violation of the New York WARN Act. Hotel 57 Services, LLC is liable under the New York WARN Act only if you find that plaintiffs established by a preponderance of the evidence that Hotel 57 Services, LLC failed to provide proper notice to "affected employers" 90 days in advance of a "plant closing" or "mass layoff," and that failure was not excused under any of the New York WARN Act's exceptions. These elements are discussed in further detail below.

In order to find liability under the New York WARN Act, you must have found liability under the federal WARN Act. If you did not find liability under the federal WARN Act, you cannot find liability under the New York WARN Act.

It is undisputed that the Four Seasons Hotel New York temporarily closed on March 20, 2020, that plaintiffs were placed on temporary furlough beginning in March 2020, and that Hotel 57 Services, LLC did not provide advance notice to plaintiffs of the Four Seasons Hotel New York's closure or their furloughs.

You must determine whether Hotel 57 Services, LLC violated the New York WARN Act. To find that Hotel 57 Services, LLC is liable to plaintiffs under the New York WARN Act, you must first determine whether Hotel 57 Services, LLC had a legal obligation to provide plaintiffs with notice under the New York WARN Act. To determine whether, and when, such an obligation arose, you must determine whether plaintiffs have established by the preponderance of the evidence Hotel 57 Services, LLC ordered a plant closing or mass layoff in connection with the Four Seasons Hotel New York and if so, on what date.

For the purposes of the New York WARN Act, the term "plant closing" means "the permanent or temporary shutdown of a single site of employment, or one or more facilities or

operating units within a single site of employment." The term "mass layoff" means a "reduction in force" which is not the result of a plant closing that results in an employment loss at the single site of employment during any 30-day period for … at least 33 percent of the employees (excluding any part-time employees) … and least 25 employees (excluding any part-time employees) or at least 250 employees (excluding any part-time employees).

If you find that Hotel 57 Services, LLC ordered a plant closing or mass layoff in connection with the Four Seasons Hotel New York on a particular date, you must determine whether plaintiffs and the members of the class were affected employees of that plant closing or mass layoff.

For the purposes of the New York WARN Act, the term "affected employees" means employees who may reasonably be expected to experience an employment loss as a consequence of a proposed plant closing or mass layoff by their employer. An "employment loss" is defined as an employment termination, other than a discharge for cause, voluntary departure, or retirement; a layoff exceeding 6 months; or a reduction in hours of work of more than 50 percent during each month of any 6-month period. To be an affected employee of a plant closing or mass layoff, a plaintiff or class member must have been employed and working full-time at the time of the plant closing or mass layoff, and who suffered an employment loss as a result.

If you find that any plaintiff or class member was an affected employee of the plant closing or mass layoff, you must next determine whether:

(1) Plaintiffs have established by a preponderance of the evidence that Hotel 57 Services, LLC did not, 90 days before the plant closing or mass layoff, provide notice to plaintiffs.

(2) Hotel 57 Services, LLC has not established by a preponderance of the evidence that any delay in providing the notice was the result of unforeseeable business circumstances.

For purposes of the New York WARN Act, the unforeseeable business circumstances exception applies to plant closings and mass layoffs caused by business circumstances that were not reasonably foreseeable at the time that 90-day notice would have been required.

The Court has already determined that Hotel 57 Services, LLC provided a notice to plaintiffs and class members under the New York WARN Act on August 5, 2020, and that a delay, if any, in providing this notice was the result of the unforeseen business circumstances described in that notice, namely "the continued economic downturn stemming from the COVID-19 virus pandemic and consequent travel and tourism disruptions outside the employer's control." Therefore, you need not determine whether the failure to provide notice prior to August 5, 2020, violated the New York WARN Act.

If you have determined that a New York WARN Act notice was required but advance notice was excused because of unforeseen business circumstances, you must then determine whether plaintiffs have established by the preponderance of the evidence that the August 5, 2020 New York WARN Act notice was inadequate.  For purposes of determining whether the New York WARN Act notice is adequate the following information must be included: (1) a brief statement of the reason for reducing the notice period; (2) a statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect; (3) the expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (4) if the plaintiff or class member is a union employee, an indication whether or not bumping rights exist; and (5) the name and telephone number of a company official to contact for further information.  The information provided in the notice only needs to be based on the best information available to the employer at the time the notice is served.  Errors in the information provided in a notice that occurred because events

subsequently change or that are minor, inadvertent errors are not a basis for finding a violation of the New York WARN Act.

If, and only if, you find that plaintiffs have established each of the above elements for each plaintiff and class member by a preponderance of the evidence you may find Hotel 57 Services, LLC liable under the New York WARN Act to those plaintiffs and class members.

The Court instructs you that where an employer initially provided its employees a New York WARN Act notice identifying unforeseen business circumstances for a temporary plant closing or mass layoff and that employer thereafter remains closed for other, unrelated reasons, the former New York WARN Act notice is no longer adequate and a new notice to those affected employees stating the new basis for the continued closure or layoff is required to comply with the New York WARN Act. Plaintiffs bear the burden of proving this issue by a preponderance of the evidence.

If you find plaintiffs have not proved by a preponderance of the evidence that the basis for the temporary plant closing or mass layoff identified in the August 5, 2020 New York WARN Act notice (*i.e.*, "unforeseen business circumstances and the continued economic downturn stemming from the COVID-19 virus pandemic and consequent travel and tourism disruptions outside the employer's control") did not change after August 5, 2020, you must find that defendant did not violate the New York WARN Act by not providing plaintiffs and class members an additional New York WARN Act notice after August 5, 2020.

If you find that plaintiffs proved by a preponderance of the evidence that the basis for the temporary plant closing or mass layoff identified in the August 5, 2020 New York WARN Act notice (*i.e.*, "unforeseen business circumstances and the continued economic downturn stemming from the COVID-19 virus pandemic and consequent travel and tourism disruptions outside the

employer's control") did change after August 5, 2020, you must determine on which date that the

basis changed and what the change in the basis was on that date.

Defendant's Proposed Instruction 13:
__    Given
__    Given as modified
__    Refused
__    Withdrawn

*Authority*: N.Y. Lab. L. § 860; 12 N.Y.C.R.R. § 921.

**INSTRUCTION NO. 14**

**Defense: Good Faith Compliance With Statute**

Hotel 57, LLC argues that it should not be held liable under either the federal or New York WARN Acts because it attempted to comply in good faith with the requirements of both WARN Acts. It is for you to decide if Hotel 57 Services, LLC has shown it acted in good faith. If you believe that Hotel 57 Services, LLC had reasonable grounds for believing that the WARN Acts notice it provided complied with the federal and/or New York WARN Acts, say so by making an "X" mark next to the "YES" line in Special Interrogatory No. 1.

Defendant's Proposed Instruction 14:
__    Given
__    Given as modified
__    Refused
__    Withdrawn

*Authority*: 29 U.S.C. § 2104(a)(4)

## INSTRUCTION NO. 15

### Injury

If you find that the plaintiffs have proven all the essential elements to establish that Hotel 57 Services, LLC violated the WARN Acts, you must next determine whether each plaintiff and class member suffered a concrete injury caused by that violation before you may award each plaintiff damages under the WARN Acts. A violation of the WARN Acts alone does not constitute a concrete injury. Each plaintiff and class member must have suffered a concrete injury as a result of that violation in order to be awarded damages under the WARN Acts. It is plaintiffs' burden to prove by a preponderance of the evidence that each class member suffered an injury as a result of each violation of the WARN Acts plaintiffs allege and for the damages plaintiffs seek for each plaintiff and class member.

If, and only if, you find that plaintiffs have proved by a preponderance of evidence that each and every plaintiff and each and every class member suffered an injury as a result of a violation of the WARN Acts, including a violation based on the failure to be provided an additional WARN Acts notice setting forth any new basis for the Hotel's continued closure, may you turn to the issue of damages for that plaintiff or class member.

Defendant's Proposed Instruction 15:
__     Given
__     Given as modified
__     Refused
__     Withdrawn

*Authority*: U.S. Const. Art. III; *Spokeo v. Robins*, 578 U.S. 330 (2106); *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021).

## INSTRUCTION NO. 16

### Damages: Federal WARN Act

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

If you find that the plaintiffs have proven all the essential elements to establish Hotel 57 Services, LLC's liability under the WARN Act and proven that each plaintiff and class member suffered a concrete injury from a violation the WARN Act by Hotel 57 Services, LLC, then you must determine the amount of damages due to each plaintiff and class member. The plaintiffs bear the burden of proving each item of damages for each plaintiff and class member by a preponderance of the evidence.

The WARN Act provides that an employer who orders a plant closing in violation of the WARN Act shall be liable to any affected employee who suffers an employment loss as a result of that plant closing or mass layoff in the form of back pay and benefits less certain amounts paid to the affected employee. To calculate damages under the WARN Act, plaintiffs bear the burden of calculating each plaintiff's and class member's back pay and benefits. For the purposes of WARN Act damages, "back pay" means the amount of the employee's pay for each day of violation at a rate of compensation not less than the higher of: (i) the average regular rate received by the employee during the last 3 years of employment; or (ii) the final regular rate received by the employee. "Benefits" means the cost of benefits under an employee benefit plan for the duration of the violation, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred.

In addition, plaintiffs bear the burden of calculating and subtracting from the amount of back pay and benefits for each plaintiff and class member: (i) any wages paid by Hotel 57 Services, LLC to that plaintiff of class member for the period of the violation; (ii) any voluntary and

unconditional payment by Hotel 57 Services, LLC to that plaintiff or class member that is not required by any legal obligation; and (iii) any payments to a third-party trustee (such as premiums for health benefits or payments to a defined contribution plan) for the benefit of that plaintiff or class member.

Finally, under the WARN Act, damages to any plaintiff or class member for a single plant closing or mass layoff may not exceed a maximum of 60 days or one-half the number of days the employee was employed, whichever is less.

If you find that plaintiffs have proven by a preponderance of the evidence that Hotel 57 Services, LLC is liable under the WARN Act, you must find that plaintiffs have proven the amount of damages due to each plaintiff and each class member by a preponderance of the evidence to award damages to each plaintiff and each class member. If you find that plaintiffs have not proven the amount of damages due to any plaintiff or class member by a preponderance of the evidence, then you may not award any damages to those plaintiffs and class members.

Defendant's Proposed Instruction 16:
\_\_    Given
\_\_    Given as modified
\_\_    Refused
\_\_    Withdrawn

*Authority*: Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 128) in *Can't Live Without It, LLC v. ETS Express, Inc.*, No.1:17-cv-03506-JSR (S.D.N.Y. April 3, 2018) (Rakoff, J.) (ECF No. 128); *see also* 29 U.S.C. § 2104(a)(1)-(2); *Staley v. FSR International Hotels, Inc.*, No. 22-cv-6781 (JSR), 2025 WL 967369, at \*1-2 (S.D.N.Y. March 31, 2025)

## INSTRUCTION NO. 17

### Damages: New York WARN Act

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

If you find that the plaintiffs have proven all the essential elements to establish Hotel 57 Services, LLC's liability under the New York WARN Act <u>and</u> proven that each plaintiff and class member suffered a concrete injury from a violation the New York WARN Act by Hotel 57 Services, LLC, then you must determine the amount of damages due to each plaintiff and class member. The plaintiffs bear the burden of proving each item of damages for each plaintiff and class member by a preponderance of the evidence.

The New York WARN Act provides that an employer who orders a plant closing in violation of the New York WARN Act shall be liable to any affected employee who suffers an employment loss as a result of that plant closing or mass layoff in the form of back pay and benefits less certain amounts paid to the affected employee. To calculate damages under the New York WARN Act, plaintiffs bear the burden of calculating each plaintiff's and class member's back pay and benefits. For the purposes of New York WARN Act damages, "back pay" means the amount of the employee's pay for each day of violation (up to 60 days) at a rate of compensation not less than the higher of: (i) the average regular rate received by the employee during the last 3 years of employment; or (ii) the final regular rate received by the employee. "Benefits" means the value of the cost of benefits to which the employee would have been entitled had his or her employment not been lost, calculated over the duration of the violation (up to 60 days), including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan.

In addition, plaintiffs bear the burden of calculating and subtracting from the amount of back pay and benefits for each plaintiff and class member: (i) any wages paid by Hotel 57 Services, LLC to that plaintiff of class member for the period of the violation; (ii) any voluntary and unconditional payment by Hotel 57 Services, LLC to that plaintiff or class member that is not required by any legal obligation; and (iii) any payments to a third-party trustee (such as premiums for health benefits or payments to a defined contribution plan) for the benefit of that plaintiff or class member.

Finally, under the New York WARN Act, damages to any plaintiff or class member for a single plant closing or mass layoff may not exceed a maximum of 60 days or one-half the number of days the employee was employed, whichever is less.

If you find that plaintiffs have proven by a preponderance of the evidence that Hotel 57 Services, LLC is liable under the New York WARN Act, you must find that plaintiffs have proven the amount of damages due to each plaintiff and each class member by a preponderance of the evidence to award damages to each plaintiff and each class member. If you find that plaintiffs have not proven the amount of damages due to any plaintiff or class member by a preponderance of the evidence, then you may not award any damages to those plaintiffs and class members.

Defendant's Proposed Instruction 17:

\_\_    Given
\_\_    Given as modified
\_\_    Refused
\_\_    Withdrawn

### III.     CONCLUDING INSTRUCTIONS

### INSTRUCTION 18

### Duty To Deliberate

Of course, the fact that I have given you instructions concerning the issue of plaintiffs' damages should not be interpreted in any way as an indication that I believe that the plaintiffs should, or should not, prevail in this case.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Defendant's Proposed Instruction 18:

\_\_     Given
\_\_     Given as modified
\_\_     Refused
\_\_     Withdrawn

*Authority*: 4 *Modern Federal Jury Instructions-Civil* ¶ 78-3 (2020); Eleventh Circuit Court of Appeals Standard Instruction 3.8.1.

**INSTRUCTION NO. 19**

**Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court**

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will bring with you into the jury room a copy of my instructions of law and a verdict form on which to record your verdict. In addition, we will send into the jury room all the exhibits that were admitted into evidence. If you want any of the testimony, that can also be provided, in either transcript or read-back form. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

Defendant's Proposed Instruction 19:

___  Given
___  Given as modified
___  Refused
___  Withdrawn

*Authority*: Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 478) in *Gruber v. Reger*, 16-cv-9727-JSR (S.D.N.Y. June 14, 2022) (Rakoff, J.) and *Can't Live Without It, LLC v. ETS Express, Inc.*, No.1:17-cv-03506-JSR (S.D.N.Y. April 3, 2018) (Rakoff, J.) (ECF No. 128).

**INSTRUCTION NO. 20**

**Verdict; Need for Unanimity; Duty to Consult**

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case, and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, you should exchange views with your fellow jurors. That is the very purpose of jury deliberation – to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others', you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion that, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views, and it must also be unanimous.

This completes my instructions of law.



Defendant's Proposed Instruction 20:

\_\_ Given
\_\_ Given as modified
\_\_ Refused
\_\_ Withdrawn


*Authority*: Adapted from this Court's "Instructions of Law to the Jury" (ECF No. 478) in *Gruber v. Reger*, 16-cv-9727-JSR (S.D.N.Y. June 14, 2022) (Rakoff, J.) and *4 Pillar Dynasty LLC v. New York & Co.*, No. 1:16-cv-02823-JSR (S.D.N.Y. February 10, 2017) (Rakoff, J.) (ECF No. 33)

## SPECIAL INTERROGATORY NO. 1

We the Jury find that Hotel 57 Services, LLC had reasonable grounds for believing that the WARN Acts notice it provided complied with the federal and New York WARN Acts, and therefore acted in good faith when it provided the notice.


YES _____                         NO _____


Defendant's Special Interrogatory 1:

___    Given
___    Given as modified
___    Refused
___    Withdrawn