UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SELENA STALEY, VIVIAN HOLMES, and OLIVE IVEY, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　-against-<br><br>HOTEL 57 SERVICES, LLC,<br><br>　　　　Defendant. | 22-cv-6781 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

　　On August 4, 2025, the parties submitted briefs in support of and in opposition to motions in limine. Those briefs raised, for the first time, several questions of law that implicate this Court's jurisdiction, as well as questions of law concerning the scope of damages available under the federal and state Worker Adjustment and Retraining Notification ("WARN") Acts. On August 7, 2025, the parties discussed these issues at length at oral argument. Following that discussion, the Court hereby directs the parties to file supplemental briefs that address the following questions:

　　(1) Whether, assuming that the defendant violated plaintiffs' statutory rights under the WARN Acts, plaintiffs have suffered a concrete injury in fact under Article III consistent with the Supreme Court's decision in TransUnion LLC v. Ramirez, 594 U.S. 413 (2021)?

1

(2) Whether, as a matter of law, plaintiffs have standing to assert that the defendant violated the WARN Acts by omitting information required under 20 C.F.R. § 639.7(e) that concerns "notices separately provided to the State dislocated worker unit and to the chief elected official of the unit of local government"?

(3) Whether, as a matter of law, plaintiffs may receive multiple sets of damages for multiple WARN Acts violations that occur within a single closure, furlough, or layoff?

(4) Whether, as a matter of law, defendants may offset damages under the WARN Acts? If so, what offsets are permitted?

(5) Whether there is any legislative history from either Congress or the New York State legislature concerning the nature and scope of damages under the WARN Acts?

The parties should address these questions in two sets of simultaneous briefs, consisting of initial briefs and responding briefs, each not to exceed thirty-five double-spaced pages on a briefing schedule to be set by the Court in due course.

SO ORDERED.

New York, NY
8/8, 2025

JED S. RAKOFF, U.S.D.J.