UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――
SELENA STALEY, VIVIAN HOLMES,
and OLIVE IVEY, on behalf of
themselves and all others           22-cv-6781 (JSR)
similarly situated,
                                    ORDER
        Plaintiffs,

    -against-

HOTEL 57 SERVICES, LLC,

        Defendant.
―――――――――――――――――――――――――――――

JED S. RAKOFF, U.S.D.J.:

On August 7, 2025, the Court held a proceeding to rule on the parties' Motions *in Limine*. See ECF Nos. 171, 173. At that proceeding, the Court reserved judgment on Defendant Hotel 57's Motion *in Limine* No. 6, which sought to exclude evidence of other hotel re-openings. The Court directed the parties to submit deposition excerpts and exhibits to assist the Court in determining the relevance of the actions of other hotels. The parties have since submitted those papers.

Upon full review, the Court denies defendant's Motion *in Limine* No. 6, but with a limitation. Plaintiff's Exhibit 27 offers a clearly admissible statement by defendant that modestly opens the door to exploration of earlier hotel re-openings by hotels with whom the Four Seasons New York Hotel compared itself. However, because of the potential for jury confusion, the Court will narrowly construe the scope of this relevance and may exclude some

1

related evidence pursuant to Fed. R. Ev. 403. Moreover, this ruling on the relevance of PX-27 does not address whether testimony and / or exhibits offered on this issue, even if relevant, may be barred by other evidentiary rules (e.g., hearsay), which will be addressed if and when each such item is offered at trial.

    SO ORDERED.

New York, NY  
August __15__, 2025

                                         JED S. RAKOFF, U.S.D.J.