UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
SELENA STALEY, VIVIAN HOLMES, and :
OLIVE IVEY, on behalf of themselves and :
all others similarly situated, : Case No. 22-cv-6781 (JSR)
:
                     Plaintiffs, :
:
        v. :
:
HOTEL 57 SERVICES, LLC, :
:
                     Defendant. :
------------------------------------------X

## JOINT PRETRIAL CONSENT ORDER

Pursuant to Fed. R. Civ. P. 26(a)(3), this Court's Individual Rules of Practice and the Court's August 28, 2025 Order, Plaintiffs Selena Staley, Vivian Holmes and Olive Ivey (collectively the "Plaintiffs") and Defendant Hotel 57 Services, LLC jointly submit this Pretrial Consent Order.

**(I) Joint Overview of the Case**

This case involves the closure of the Four Seasons Hotel New York to outside guests on March 20, 2020, following the designation of COVID-19 as a global pandemic.

The Four Seasons Hotel New York soon reopened in April 2020 to provide housing to medical professionals assisting in the COVID-19 pandemic until June 30, 2020. The Four Seasons Hotel New York did not reopen to any guests again until November 2024.

This case stems from claims by the Plaintiffs on behalf of themselves and the Class that Hotel 57 Services, LLC violated the federal WARN Act and the New York WARN Act (collectively the "WARN Acts"). Plaintiffs allege that the August 5, 2020 letters sent by Hotel 57 Services, LLC were not proper notices under the WARN Acts. The Plaintiffs further allege that Hotel 57 Services, LLC did not provide proper notice under either of these acts at any point during

their more than four and a half year furloughs, even with changing circumstances, thereby violating the WARN Acts multiple times. Hotel 57 Services, LLC denies it violated these acts and submits that the WARN Acts notice it sent to the Plaintiffs and the Class on August 5, 2020 properly identified the reasons for Plaintiffs and the Class's single layoff from March 2020 to November 2024 and, as such, satisfied and complied with its statutory obligations under the WARN Acts in good faith.

(II)   **Particularized Description of Each Party's Claims**

   A.   **Plaintiffs' Claims**

Plaintiffs bring claims against Hotel 57 Services LLC a/k/a the Four Seasons Hotel New York for violating the federal WARN Act and the New York WARN Act on approximately eight separate occasions beginning with the initial violation in approximately March 2020 and continuing until the Four Seasons Hotel New York reopened in November 2024. During this time frame, even though the circumstances changed for not reopening the hotel, Defendant failed to provide any proper notices and/or comply with the WARN Acts.

   B.   **Hotel 57 Services, LLC Claims**

Hotel 57 Services, LLC has not asserted any claims, counterclaims, cross-claims or third-party claims but has asserted the following affirmative defense to Plaintiffs' claims:

Based upon the express language of the WARN Acts, Hotel 57 Services, LLC had reasonable grounds for believing and did believe, in good faith, that it fully complied with the WARN Acts requirements by sending Plaintiffs and Class members a notice pursuant to the WARN Acts on August 5, 2025. Hotel 57 Services, LLC had no reason to believe, and did not believe, that it had any continuing obligations under the WARN Acts to send any updated notices relating to the single plant closure and layoff that occurred at the Four Seasons Hotel New York,

for which Hotel 57 Services, LLC provided the August 5, 2020 WARN Acts notices. Specifically, until the Court's March 31, 2025 Summary Judgment Order, Hotel 57 Services, LLC had no reason to believe, and did not believe, that the WARN Acts required additional notices relating to a single plant closure or layoff when employees were placed on furlough rather than terminated, the notice was provided after the furlough due to unforeseen business circumstances as permitted by the WARN Acts, and during the course of the furlough the circumstances described in the notice change and the furlough continues for reasons unrelated to the unforeseen business circumstances described in the initial notice. (Regardless, Hotel 57 Services, LLC denies the circumstances describe in the August 5, 2020 WARN Act Notice changed during the furlough and maintains the August 5, 2020 WARN Act Notice was adequate).

**(III)   Facts on Which the Parties Agree and Other Stipulations**

    **A.   Stipulations**

        None.

    **B.   Agreed-Upon Statement of Facts**

        The parties agree on the following facts:

1. Four Seasons Hotel New York is located at 57 East 57th Street New York, NY

2. Hotel 57 Services, LLC is a signatory to an employment contract with non-union employees (including Plaintiffs and each of the class members) titled U.S. EmPact Employee Handbook, revised February, 2018 (the "EmPact Agreement").

3. Plaintiffs each are parties to the EmPact Agreement.

4. On March 20, 2020, the Four Seasons Hotel New York suspended its operations with respect to outside guests.

5. Hotel 57 Services, LLC laid-off more than 400 employees beginning in March

2020.

6.      On April 2, 2020, the Four Seasons Hotel New York reopened to house COVID-19 first responders in New York City.

7.      On June 30, 2020, the Four Seasons Hotel New York discontinued housing COVID-19 first responders.

8.      The Four Seasons Hotel New York re-opened to outside guests on November 15, 2024.

**(IV)  Parties' Contentions Concerning the Disputed Facts**

    **A.    Plaintiffs' Contentions**

Plaintiffs claim that Hotel 57 Services LLC did not comply with the WARN Acts by failing to provide timely and proper notices to the Plaintiffs and the Class about the Four Seasons Hotel New York's more than four-and-a-half-year closure, despite multiple changes in circumstances, which required additional notices be provided.

Plaintiffs contend that the Four Seasons Hotel New York concealed the different reasons that the Four Seasons Hotel New York remained closed from the Plaintiffs and class members, preventing them from being able to make informed decisions about their futures and for their families.  Plaintiffs submit that there is no defense or excuse for Hotel 57 Services LLC not having provided proper warnings to its employees.  As the WARN Acts are meant to protect employees, the Plaintiffs submit that finding multiple violations and separate damages for each violation by Hotel 57 Services LLC not only is in keeping with the intention of the Acts, but will also help compensate the Plaintiffs and the Class for the lack of notice, pay and benefits that they should have received for the Defendant's conduct.

B.     **Hotel 57 Services, LLC's Contentions**

Hotel 57 Services, LLC maintains that it fully complied with its obligations under the WARN Acts by and through its August 5, 2020 WARN Act Notice. Hotel 57 Services, LLC also maintains that notwithstanding that it had no statutory or other legal obligation to do so, Hotel 57 Services, LLC went to great lengths to communicate with, compensate, and provide voluntary, unconditional payments to furloughed employees during their layoff. Among other things, Hotel 57 Services, LLC provided appropriate updates on the Four Seasons Hotel New York's closure, its operations and its hopes for re-opening. Hotel 57 Services, LLC also paid wages to many employees who continued to work after the Four Seasons Hotel New York closed to outside guests, and paid some employees who were permitted to assist at other Four Seasons hotels on an initiative called "Task Force." Hotel 57 Services, LLC also voluntarily and unconditionally paid furloughed employees for things such as holiday pay and birthday pay, and in addition, although under no obligation to do so, Hotel 57 Services, LLC voluntarily and unconditionally paid many employees $500 per week from July 2022 until the Four Seasons Hotel New York reopened in November 2024.

It is Hotel 57 Services, LLC's contention that: (1) the August 5, 2020 WARN Act Notices fully complied with the statutory requirements of the WARN Acts for notices provided to affected employees; (2) the August 5, 2020 WARN Act Notices accurately identified the unforeseen business circumstances requiring the Four Seasons Hotel New York's closure (and Plaintiffs and the class members' layoff), which were not only the COVID-19 pandemic itself and the immediate and continually emerging and evolving health and safety issues that existed, but also the "continued major economic downturn stemming from the COVID-19 virus pandemic and consequent travel and tourism disruptions"; (3) the "travel and tourism disruptions" stemming

from the COVID-19 virus pandemic have existed ever since the Four Seasons Hotel New York closed to outside guests in March 2020, still exist today, and were the reason that the Hotel remained closed until it reopened in November 2025. Hotel 57 Services, LLC maintains that even if the jury were to find that "new circumstances" caused the Four Seasons Hotel New York to remain closed that were not previously identified in the August 5, 2020 WARN Notices, which Hotel 57 Services, LLC maintains is not the case, at all times, Hotel 57 Services, LLC acted in good faith and reasonably believed that it had fully complied with its statutory obligations under the WARN Acts.

Moreover, even if Plaintiffs are able to demonstrate at trial that Hotel 57 Services, LLC failed to fully comply with the WARN Acts resulting from the single, temporary shutdown of its operations at the onset of the COVID-19 pandemic, it is Hotel 57 Services, LLC's contention that (1) Plaintiffs have not established, and cannot establish, that every member of the Class suffered a legally-cognizable injury-in-fact as a result of not receiving any of the alleged additional WARN Act notices Plaintiffs contend should have been provided, which deprives the Court of jurisdiction over the claims of those class members based on additional notices; (2) the express terms of the WARN Acts do not provide a statutory right of action for a failure to provide additional notices relating to a single plant closure or layoff, nor do the Acts provide a monetary (or other) remedy for a failure to provide additional notices relating to a single plant closure or mass layoff; (3) Plaintiffs have not established and cannot prove damages for themselves or any Class member with admissible evidence; and (4) Plaintiffs are not entitled to attorneys' fees and/or costs, nor are any other any other damages permitted under the pertinent laws.

(V) **Statement of Relief Sought**

Plaintiffs are seeking damages pursuant to the WARN Acts for approximately eight violations for themselves and each of the Class members, as detailed in Plaintiffs' Trial Exhibit 1. Plaintiffs are also attorneys' fees and costs, all applicable interest, and any other damages permitted under the pertinent laws.

(VI) **Witness Lists**

    i. Plaintiffs' Witness Order[1]
(*indicates a witness who has also been designated by Hotel 57 Services, LLC as a witness)
1. Michal Dedera*
2. Frank Galasso
3. Rudolf Tauscher*
4. Greg Rice*
5. Olive Ivey*
6. Cathy Hwang as 30(b)(6)
7. Antoine Chahwan*
8. Elizabeth Ortiz*
9. Selena Staley*
10. Cathy Hwang as 30(b)(1)*
11. Vivian Holmes*
12. Elizabeth Wedge
13. H. Ty Warner*

    ii. Hotel 57 Services, LLC's Additional Witnesses
1. Joseph A. Krock, Ph.D.[2]

(VII) **Exhibit Lists**

Plaintiffs' exhibit list, along with Hotel 57 Services, LLC particular objections thereto, is attached as Exhibit 1. Hotel 57 Services, LLC's exhibit list, along with Plaintiffs' particular objections thereto, is attached as Exhibit 2.

---

[1] The testimonies of Cathy Hwang as a 30(b)(6), Cathy Hwang as a 30(b)(1), and H. Ty Warner will be done by playing the video-taped designations of their respective depositions.

[2] Plaintiffs maintain their objections to Dr. Krock being called as an expert which they have raised in their Motions *in Limine*.

(VIII) **Estimated Length of Trial**

The parties estimate this jury trial will take approximately 6 - 8 days.

Dated: New York, New York
September 1, 2025

By: _/s/ Evan Brustein_
Evan Brustein
Brustein Law PLLC
299 Broadway, Suite 800
New York, NY 10007
(212) 233-3900

Brian Bromberg
Bromberg Law Office, P.C.
295 Madison Ave., 22nd Floor
New York, NY 10017
(212) 248-7906

Maya Risman
Shannon Barry
Risman & Risman, P.C.
233 Broadway
Ste. 2707
New York, NY 1029
(212) 233-6400

*Attorneys for Plaintiffs Selena Staley, Vivian Holmes and Olive Ivey*

By:*/s/ Kathryn T. Lundy*
Marc B. Zimmerman
Kathryn T. Lundy
James J. Boland
Carly M. Allen
SMITH, GAMBRELL & RUSSELL, LLP
1301 Avenue of the Americas, 15th Floor
New York, NY 10019
(212) 907-9700

*Attorneys for Defendant Hotel 57 Services, LLC*

The Court has reviewed the Joint Pretrial Consent Order and finds that there is good cause to enter it. According, IT IS SO ORDERED.

Dated: _____ 2025

_____
Hon. Jed S. Rakoff
United States District Judge